Entered: July 7th, 2026
Signed: July 6th, 2026

## DENIED

The motion does not set forth a basis for relief under Rule 60(b) and/or Bankruptcy Rule 9024. Regardless of when the King Parties' claims were withdrawn (i.e., when the settlement was approved or when the settlement order became final), the claims were withdrawn and the order from which the Debtor now seeks relief was affirmed by the District Court on appeal. For these reasons, the reasons set forth in the Order Overruling Claim Objections as Moot [Dkt. No. 1072], and the reasons set forth in the District Court's Memorandum Opinion [Dkt. No. 1116], the motion is denied.



Maria Ellena Chavez-Ruark

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,

    Debtor.

Case No. 15-26033-MCR
(Chapter 7)

BRIAN KING, et al.,

    Plaintiffs,

v.

Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

    Defendant.

**DEBTOR'S MOTION TO VACATE JULY 3, 2025 SETTLEMENT ORDER PURSUANT TO FED. R. CIV. P. 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), AND 60(b)(6), MADE APPLICABLE BY FED. R. BANKR. P. 9024, PRESERVING RELIEF UNDER FED. R. CIV. P. 60(d)(1) AND 60(d)(3), AND REQUEST FOR INDICATIVE RULING UNDER FED. R. BANKR. P. 8008**

    Debtor and party in interest Gregory B. Myers moves under Federal Rule of Civil Procedure 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 9024, to vacate the Bankruptcy Court's July 3, 2025 Order Approving Trustee's Compromise and Settlement with King Parties entered in this adversary proceeding at Docket No. 61 (the "Settlement Order"). Myers also preserves relief under Rule 60(d)(1) and Rule 60(d)(3), requests a full evidentiary hearing, requests targeted discovery, requests preservation of documents and electronically stored information, and requests a verified accounting concerning all payments, transfers, reimbursements, fee payments,

1

72