USBC-MD G FILED DB
3 AUG '26 PM5:32

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In re:

GREGORY B. MYERS,

Case No. 15-26033-MCR
(Chapter 7)

Debtor.

______________________________/

BRIAN KING, *et al.*,

Plaintiffs,

v.

Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

Defendant.

---

**APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL, AND APPELLANT'S CERTIFICATION OF ORDERING TRANSCRIPTS**

Debtor and party in interest, GREGORY B. MYERS ("Mr. Myers" or "Debtor" or "Appellant"), pro se, pursuant to the applicable Federal Rules of Bankruptcy Procedure, hereby files Appellant's Designation of Items to be Included in the Record on Appeal, Statement of the Issues to be Presented on Appeal, and Appellant's Certification of Ordering Transcripts (the "Designation") in connection with Debtor's appeal docketed in the United States District Court for the District of Maryland as Case No. 8:26-cv-2866-TDC (the "Appeal").

Appellant filed his Notice of Appeal on July 20, 2026 (Adv. Doc. 150), appealing from the July 7, 2026 Order Denying Debtor's Motion to Vacate July 3, 2025 Settlement Order Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6), Made Applicable by Fed. R. Bankr. P. 9024, Preserving Relief Under Fed. R. Civ. P. 60(d)(1) and 60(d)(3), and Request



14

for Indicative Ruling Under Fed. R. Bankr. P. 8008 (Adv. Doc. 146) (the "Order"), together with all interim orders, predicate orders, incorporated orders, and related rulings merged into or relied upon by said Order, including the July 3, 2025 Settlement Order entered at Adv. Doc. 61, and the December 11, 2023 settlement-procedure orders entered in the main case at Docs. 1028 and 1029.

**Designation of Items to be Included in the Record on Appeal**

**Adversary Proceeding No. 24-00007**

1. Adv. Case Docket — Complete docket sheet for Adversary Proceeding No. 24-00007.
2. Adv. Doc. 1 — Complaint commencing Adversary Proceeding No. 24-00007, including all exhibits and attachments.
3. Adv. Docs. 8, 9, 12, 13, 14, 15, 17, 19, 20, 22, 23, 24, 25, 27, 28, 29, 33, 36, 37, 43, 45, 47, 49, 50, 51, 52, 56, 57, 59, 60, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 78, 79, 83, 84, and 89 — Designated adversary filings from the prior related appeals, including all exhibits and attachments.
4. Adv. Doc. 61 — July 3, 2025 Order Approving Trustee's Compromise and Settlement with King Parties, including all exhibits, attachments, proposed orders, related notices, and docket text.
5. Adv. Doc. 77 — Transcript of July 3, 2025 oral ruling in Adversary Proceeding No. 24-00007 and Main Case No. 15-26033 concerning Adv. Docs. 17, 19, 20, 22, 23, and 24, and Main Case Docs. 1051, 1052, 1053, and 1060.
6. Adv. Doc. 107 — Transcript of June 30, 2025 hearing in Adversary Proceeding No. 24-00007 concerning the Trustee's Application to Compromise Controversy, Debtor's objections, Trustee's motion to strike, and related claim-objection proceedings in Main Case Docs. 1051, 1052, 1053, and 1060.

7. Adv. Doc. 108 — Transcript of July 1, 2025 continued hearing in Adversary Proceeding No. 24-00007 concerning the Trustee's Application to Compromise Controversy, Debtor's objections, Trustee's motion to strike, and related claim-objection proceedings in Main Case Docs. 1051, 1052, 1053, and 1060.
8. Adv. Docs. 116, 117, 118, 119, 120, and 121 — April 15, 2026 orders entered in Adversary Proceeding No. 24-00007, including docket text, exhibits, and attachments.
9. Adv. Doc. 144 — Debtor's Motion to Vacate July 3, 2025 Settlement Order Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6), Made Applicable by Fed. R. Bankr. P. 9024, Preserving Relief Under Fed. R. Civ. P. 60(d)(1) and 60(d)(3), and Request for Indicative Ruling Under Fed. R. Bankr. P. 8008, including all exhibits and attachments.
10. Adv. Doc. 146 — Order Denying Debtor's Motion to Vacate July 3, 2025 Settlement Order.
11. Adv. Doc. 150 — Notice of Appeal from Adv. Doc. 146, including all exhibits and attachments.
12. All orders and docket text orders entered in Adversary Proceeding No. 24-00007 through and including Adv. Doc. 150, to the extent not specifically identified above.

**Administrative Case No. 15-26033-MCR**

13. Admin. Case Docket — Complete docket sheet for Administrative Case No. 15-26033-MCR.
14. CLAIM 21-1 — Proof of Claim filed by Brian King, including all exhibits, attachments, amendments, supplements, claim-register entries, withdrawal entries, purported withdrawal entries, and related notices.

15. CLAIM 22-1 — Proof of Claim filed by Cristina King, including all exhibits, attachments, amendments, supplements, claim-register entries, withdrawal entries, purported withdrawal entries, and related notices.

16. CLAIM 23-1 — Proof of Claim filed by Cristina and Brian King Children's Trust, including all exhibits, attachments, amendments, supplements, claim-register entries, withdrawal entries, purported withdrawal entries, and related notices.

17. Doc. 6 — Docket Entry No. 6, including all exhibits and attachments.

18. Doc. 319 — Docket Entry No. 319, concerning appointment of Chapter 7 Trustee, including all exhibits and attachments.

19. Doc. 322 — Docket Entry No. 322, including all exhibits and attachments.

20. Doc. 930 — Trustee's Status Report, including all exhibits and attachments.

21. Doc. 944 — Memorandum to Parties in Interest Regarding Entireties and Exemption Issues Previously Litigated, including all exhibits and attachments.

22. Doc. 1005 — Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust, including the Notice of Proposed Compromise and Settlement, proposed order, certificate of service, Docs. 1005-1 through 1005-6, and all exhibits and attachments.

23. Doc. 1010 — Debtor's Motion to Dismiss or Strike Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust, or, in the Alternative, Opposition to Said Motion, including all exhibits and attachments.

24. Doc. 1013 — Trustee's Opposition to Debtor's Motion to Dismiss or Strike Trustee's Motion for Approval of Proposed Compromise and Settlement, including all exhibits and

attachments.

25. Doc. 1015 — Docket Entry No. 1015, including all exhibits and attachments.

26. Doc. 1016 — Docket Entry No. 1016, including all exhibits and attachments.

27. Doc. 1018 — Docket Entry No. 1018, including all exhibits and attachments.

28. Doc. 1020 — Debtor's Reply to Trustee's Opposition to Debtor's Motion to Dismiss or Strike Trustee's Motion for Approval of Proposed Compromise and Settlement, including all exhibits and attachments.

29. Doc. 1021 — Order Requiring Status Report.

30. Doc. 1023 — Trustee's Status Report, including all exhibits and attachments.

31. Doc. 1027 — Docket Entry No. 1027, including all exhibits and attachments.

32. Doc. 1028 — Order Denying Debtor's Motion to Strike Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust.

33. Doc. 1029 — Order Granting Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust.

34. Doc. 1039 — Docket Entry No. 1039, including all exhibits and attachments.

35. Doc. 1046-1 — Docket Entry No. 1046-1, including all exhibits and attachments.

36. Doc. 1051 — Debtor's Objection to Claim No. 22-1 filed by Cristina King, including all exhibits and attachments.

37. Doc. 1052 — Debtor's Objection to Claim No. 23-1 filed by Cristina and Brian King Children's Trust, including all exhibits and attachments.

38. Doc. 1053 — Debtor's Objection to Claim No. 21-1 filed by Brian King, including all

exhibits and attachments.

39. Doc. 1055 — Docket Entry No. 1055, including all exhibits and attachments.

40. Doc. 1060 — Opposition to Debtor's objections to Claim Nos. 21-1, 22-1, and 23-1 filed by the King Parties, including all exhibits and attachments.

41. Doc. 1061 — Docket Entry No. 1061, including all exhibits and attachments.

42. Doc. 1062 — Docket Entry No. 1062, including all exhibits and attachments.

43. Doc. 1063 — Notice of Appeal from Docs. 1028 and 1029, including all exhibits and attachments.

44. Doc. 1069 — Docket Entry No. 1069, including all exhibits and attachments.

45. Doc. 1070 — Docket Entry No. 1070, including all exhibits and attachments.

46. Doc. 1071 — Docket Entry No. 1071, including all exhibits and attachments.

47. Doc. 1072 — July 3, 2025 Order Overruling Claim Objections As Moot.

48. Doc. 1077 — Notice of Appeal from Doc. 1072, including all exhibits and attachments.

49. Doc. 1085 — Appellant's Designation of Items to Be Included in the Record on Appeal, Statement of Issues to Be Presented on Appeal, and Certification of Ordering Transcripts concerning appeal from Doc. 1072.

50. Doc. 1086 — Appellant's Designation of Items to Be Included in the Record on Appeal, Statement of Issues to Be Presented on Appeal, and Certification of Ordering Transcripts concerning appeal from Docs. 1028 and 1029.

51. Doc. 1116 — District Court Memorandum Opinion referenced in Adv. Doc. 146, including any attached order, judgment, mandate, or related docket text filed in the bankruptcy case.

52. Doc. 1123 — Debtor's Motion to Vacate July 3, 2025 Order Overruling Claim Objections as Moot Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and

60(b)(6), Made Applicable by Fed. R. Bankr. P. 9024, Preserving Relief Under Fed. R. Civ. P. 60(d)(1) and 60(d)(3), and Request for Indicative Ruling Under Fed. R. Bankr. P. 8008, including all exhibits and attachments.

53. Doc. 1126 — Order Denying Debtor's Motion to Vacate July 3, 2025 Order Overruling Claim Objections as Moot.
54. Doc. 1134 — Notice of Appeal from Doc. 1126, including the Notice of Filing of Appeal, attached Exhibit A, and all exhibits and attachments.

**Adversary Proceeding No. 18-00407**

55. Adv. Case Docket — Complete docket sheet for Adversary Proceeding No. 18-00407.
56. Adv. Doc. 28 — Order of Abstention entered January 30, 2019, including all exhibits, attachments, and docket text.

**Adversary Proceeding No. 19-00427**

57. Adv. Case Docket — Complete docket sheet for Adversary Proceeding No. 19-00427.
58. Adv. Doc. 1 — Notice of Removal filed by Maurice VerStandig, including all exhibits, attachments, consent communications, removed pleadings, and related filings.
59. Adv. Doc. 4 — Notice of Voluntary Dismissal of Counter-Complaint and Third-Party Complaint without prejudice.
60. Adv. Doc. 5 — Order Remanding Case to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. § 1452(b).

**Preliminary Statement of the Issues to be Presented on Appeal**

1. Did the bankruptcy court err by entering the Order Denying Debtor's Motion to Vacate July 3, 2025 Settlement Order (Adv. Doc. 146).
2. Did the bankruptcy court err by denying relief under Fed. R. Civ. P. 60(b)(4) and Fed. R.

Bankr. P. 9024 where the July 3, 2025 Settlement Order (Adv. Doc. 61) was void for lack of subject-matter jurisdiction, lack of statutory authority, lack of constitutional authority, lack of personal jurisdiction over necessary parties, and/or violation of due process.

3. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the Settlement Order purported to approve, effectuate, monetize, redeem, compromise, transfer, cloud, impair, or affect alleged rights in Serv Trust's interest in 6789 Goldsboro LLC without a final Section 541 estate-property adjudication.

4. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the Trustee never filed a Rule 7001 adversary proceeding against Serv Trust, the current Serv Trust trustee, the Serv Trust beneficiaries, 6789 Goldsboro LLC, and other necessary parties to determine whether Serv Trust's Goldsboro interest was property of Debtor's bankruptcy estate.

5. Did the bankruptcy court err by denying Rule 60(b)(4) relief where Rule 9019 could not substitute for a complaint, summons, service, due process, necessary parties, personal jurisdiction, a Rule 7001 adversary proceeding, or a final adjudication of alleged non-debtor property rights.

6. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the Settlement Order was the final product of the December 11, 2023 settlement-procedure orders entered in the main case at Docs. 1028 and 1029, which were interlocutory, merged into the July 3, 2025 Settlement Order, and are reviewable in connection with the Rule 60(b)(4) challenge to the Settlement Order.

7. Did the bankruptcy court err by failing to hold that Main Case Docs. 1028 and 1029 created an unauthorized "in lieu of removal" procedure after the Trustee acknowledged that removal of the King Declaratory Judgment Case was likely barred or untimely under

Bankruptcy Rule 9027.

8. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the Settlement Procedure Order and Settlement Order functionally re-imported a previously removed and remanded King/Serv Trust state-court Redemption Claim into bankruptcy court through dismissal without prejudice, tolling, negotiation, and refiling as a King-filed adversary proceeding against the Trustee.

9. Did the bankruptcy court err by failing to give effect to the December 5, 2019 Simpson remand order entered in Adversary Proceeding No. 19-00427, including where the removed consolidated state action had already been remanded to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. § 1452(b).

10. Did the bankruptcy court err by relying on Judge Lipp's abstention order in Goldsboro LLC's separate adversary proceeding as though it supplied jurisdiction or authorization for the King Parties' later "in lieu of removal" adversary proceeding.

11. Did the bankruptcy court err by failing to hold that the Lipp abstention order did not authorize the King Parties to return to bankruptcy court, did not override the later Simpson remand order, did not create standing, did not cure Rule 9027, and did not authorize a substitute removal procedure.

12. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the January 12, 2023 "Order Entering Partial Judgment and Stay" was not a final judgment and could not supply a final estate-property predicate for administration, settlement, redemption, transfer, or compromise of Serv Trust's alleged Goldsboro interest.

13. Did the bankruptcy court err by failing to address that the January 12, 2023 state-court order did not finally adjudicate that Serv Trust's assets were property of Debtor's

bankruptcy estate, did not vest title or control of Serv Trust's property in the Trustee, and did not bind absent trust beneficiaries or 6789 Goldsboro LLC.

14. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the Bankruptcy Court's own July 3, 2025 oral ruling stated that the King Parties and Trustee were not asking the Court to determine that Debtor was the alter ego of Serv Trust, that Serv Trust assets were property of Debtor's bankruptcy estate, or that the Trustee had authority to administer Serv Trust assets.

15. Did the bankruptcy court err by approving and then refusing to vacate a Settlement Order that depended on unresolved "whatever rights, if any" language, where undefined and unadjudicated rights in alleged non-debtor property cannot be administered, transferred, redeemed, monetized, or settled under Rule 9019 without first determining whether the estate owns those rights.

16. Did the bankruptcy court err by failing to address that, at most, "whatever rights, if any" transfers nothing if the estate owns nothing, and cannot be used as a judicially approved cloud on Serv Trust's title, a substitute for a Section 541 adjudication, or a weapon against absent non-debtor property owners.

17. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the King Parties lacked standing to file the adversary proceeding in Adv. No. 24-00007 and the Trustee could not cure that defect by settling the King-filed adversary under Rule 9019.

18. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the Trustee's nominal-defendant status in the state-court litigation could not be converted into a jurisdictional vehicle for the King Parties to prosecute or settle a remanded state-law Redemption Claim in bankruptcy court.

19. Did the bankruptcy court err by failing to address that the Settlement Order used the Trustee's nominal status and signature to confound adverse claims to alleged non-estate property, rather than to administer property that had been finally adjudicated to belong to the estate.

20. Did the bankruptcy court err by failing to address that the Settlement Order could not bind, adjudicate, transfer, compromise, extinguish, redeem, cloud, or otherwise affect rights of Serv Trust, the current Serv Trust trustee, the Serv Trust beneficiaries, 6789 Goldsboro LLC, or other absent nonparties.

21. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the Settlement Order violated due process by using a disputed and nonfinal alter-ego order to eliminate the very beneficiaries and trust-related parties entitled to contest whether their interests could be disregarded.

22. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the Settlement Order was entered without a court of competent jurisdiction having entered a final judgment determining that Serv Trust's Goldsboro interest was property of Debtor's bankruptcy estate.

23. Did the bankruptcy court err by denying Rule 60(b)(4) relief where the Settlement Order rested on late King proofs of claim, unresolved claim objections, and a claim-withdrawal structure that was not final and non-appealable at the time the related Claim-Objection Order was entered.

24. Did the bankruptcy court err by denying the adversary Rule 60(b)/Rule 9024 motion using reasoning directed to the main-case claim-objection order, including the timing of claim withdrawals and Main Case Doc. 1072, rather than addressing the independent voidness

grounds directed to the July 3, 2025 Settlement Order at Adv. Doc. 61.

25. Did the bankruptcy court err by denying Rule 60(b)(1), Rule 60(b)(2), Rule 60(b)(3), Rule 60(b)(5), and Rule 60(b)(6) relief without addressing the independent grounds raised in Adv. Doc. 144.
26. Did the bankruptcy court err by failing to address Debtor's preserved claims for relief under Rule 60(d)(1) and Rule 60(d)(3), including independent-action and fraud-on-the-court relief.
27. Did the bankruptcy court err by denying Debtor's Rule 60(b)/Rule 9024 motion based on the District Court's prior affirmance of the Settlement Order, without adjudicating independent Rule 60(b), Rule 60(d), Rule 9024, Rule 8008, voidness, due-process, remand, finality, adversary-procedure, necessary-party, conflict, discovery, accounting, payment-flow, and Trustee-bond grounds raised in Adv. Doc. 144.
28. Did the bankruptcy court err by denying Debtor's requests for an evidentiary hearing, targeted discovery, verified accounting, payment tracing, preservation of documents, Rule 2014 supplementation, Trustee-bond disclosure, disclosure of settlement-related payment flows, disclosure of side agreements, and disclosure of off-docket or ex parte communications, to the extent any existed.
29. Did the bankruptcy court err by denying Debtor's request for an indicative ruling under Fed. R. Bankr. P. 8008.
30. Did the bankruptcy court err by entering a one-page summary denial that failed to provide findings, reasoning, or legal analysis sufficient to permit meaningful appellate review.
31. Should the District Court reverse the Order (Adv. Doc. 146) and remand with instructions that the Bankruptcy Court adjudicate Debtor's Rule 60(b)/Rule 9024 motion on the merits,

vacate the July 3, 2025 Settlement Order, address voidness under Rule 60(b)(4), address the merger of Main Case Docs. 1028 and 1029 into Adv. Doc. 61, address the Simpson remand order, address the "in lieu of removal" procedure, address Rule 7001 and due process, and provide such further relief as is just and proper.

**Certification Regarding Transcripts**

Appellant certifies that the transcripts necessary for this appeal have already been prepared and docketed in Adversary Proceeding No. 24-00007. Specifically, Appellant designates Adv. Doc. 107, the transcript of the June 30, 2025 hearing; Adv. Doc. 108, the transcript of the July 1, 2025 continued hearing; and Adv. Doc. 77, the transcript of the July 3, 2025 oral ruling.

Appellant further certifies that the July 7, 2026 Order appealed from in Adversary Proceeding No. 24-00007, Adv. Doc. 146, was entered without a hearing, and therefore no transcript is required for the hearing on the order appealed from because no such hearing occurred.

Appellant is not designating audio recordings. Appellant reserves the right to order, amend, supplement, or designate additional transcripts if Appellees designate or rely upon any additional transcript, if the Bankruptcy Clerk identifies a transcript necessary to complete the record, or if the District Court determines that any additional transcript is necessary for resolution of the appeal.

**Reservation of Rights**

Appellant reserves the right to amend and/or supplement the foregoing Designation.

RESPECTFULLY SUBMITTED on August 3, 2026.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 3, 2026, APPELLANT'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL, STATEMENT OF THE ISSUES TO BE PRESENTED ON APPEAL, AND APPELLANT'S CERTIFICATION OF ORDERING TRANSCRIPTS was filed with the Clerk of the Bankruptcy Court and a true and correct copy of same was served upon all parties registered to receive service by CM/ECF, including the following:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

Gregory B. Myers, *pro se*