IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | ) | |
| GREGORY B. MYERS, | ) | Case No. 15-26033-MCR |
| Debtor. | ) | (Chapter 7) |
| | ) | |

**TRUSTEE'S STATUS REPORT**

TO THE HONORABLE, MARIA ELLENA CHAVEZ-RUARK, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Roger Schlossberg, the Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, and hereby submits this Status Report regarding his administration of the above-captioned case and respectfully states the following:

**BACKGROUND**

1. Myers commenced this individual bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on November 18, 2015. [Dkt. #1].

2. Myers remained in possession of the bankruptcy estate's assets and managed its financial affairs until February 22, 2017, when the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code, [Dkt. #316]. Mr. Schlossberg thereupon was duly appointed as the Chapter 7 Trustee herein. [Dkt. #319].

**ASSETS OF THE ESTATE**

**A. The "Lot 6 Proceeds"**

3. Prior to the Trustee's appointment, this Court approved the sale of a parcel of undeveloped land known as Lot 6, Seaside Beach Subdivision 14, Santa Rosa Beach, FL 32459 (hereafter "Lot 6"), which the Debtor had scheduled an asset of his bankruptcy estate, for the gross purchase price of $1,722,500.00. [Dkt. #175].

4. Following the satisfaction of a lien held by Regions Bank, the payment of real estate taxes, a broker's commission, and other expenses of sale, the net proceeds from the sale of Lot 6 totaled $1,110,247.01 (hereafter the "Lot 6 Proceeds"). [Dkt. #400]. The Lot 6 Proceeds were then deposited in an escrow account belonging to the Debtor's then-counsel, McNamee Hosea Jernigan Kim Greenan & Lynch, P.A. ("McNamee Hosea"), pending the resolution of certain disputed claims affecting the Property. [Dkt. #175, 400].

5. On April 17, 2017, the Trustee filed a motion to compel the Debtor to turn over the Lot 6 Proceeds to the Trustee. [Dkt. #400]. Following a contested hearing on August 15, 2017, this Court granted the Trustee's motion for turnover. [Dkt. #551].

6. Pursuant to this Court's *Order* entered on August 31, 2017, McNamee was required to deliver the Lot 6 Proceeds to the Trustee within ten (10) days. [Dkt. #566]. The Lot 6 Proceeds ultimately were deposited in the Trustee's estate account on September 13, 2017.

7. The Trustee subsequently distributed $525,000.00 of the Lot 6 Proceeds to Offit Kurman, P.A. by check issued on January 5, 2018 pursuant to this Court's *Order* entered on December 18, 2017 in Adv. No. 16-474 [Dkt. #59 therein].

8. The Trustee thereafter distributed $197,813.40 of the Lot 6 Proceeds to McNamee Hosea by check issued on May 27, 2020 pursuant to this Court's *Order* entered on October 24, 2018 [Dkt. #767].[1]

9. No additional distributions of the Lot 6 Proceeds have been made by the Trustee. However, the Trustee has earmarked $210,116.27 of the Lot 6 Proceeds to be paid to the Trustee's

[1] A $25,000.00 retainer that previously was paid to McNamee Hosea by the Debtor was deducted from the Court-awarded fee amount of $222,813.40, thus resulting in a net payment of $197,813.40 to McNamee Hosea.

lawyers pursuant to the terms of the Trustee's settlement with Offit Kurman, P.A. in accordance with this Court's *Order* entered on December 18, 2017 in Adv. No. 16-474 [Dkt. #59 therein].

10. The Trustee also has earmarked $22,931.66 of the Lot 6 Proceeds to be paid to Seaside III Neighborhood Association Inc. ("Seaside HOA") pursuant to this Court's *Order* entered on April 12, 2017 in Adv. No. 16-472 [Dkt. #25 therein].[2]

11. Finally, the Trustee observes that although Serv Trust's alleged lien on the Lot 6 Proceeds in the amount of $951,806.83 was avoided pursuant to an *Order of Judgment* entered by this Court on February 6, 2017 in Adv. No. 16-541 [Dkt. #44 therein], said lien was preserved for the benefit of the estate as a matter of law by operation of § 551 of the Bankruptcy Code. See 11 U.S.C. § 551

12. For the Court's convenience, a chart summarizing the current state of the Lot 6 Proceeds is attached hereto as ***Exhibit 1***.

**B. Settlement of the Debtor's Pre-Conversion Claims against McNamee Hosea**

13. On July 31, 2018, the Trustee and McNamee Hosea agreed to settle the Debtor's alleged pre-conversion causes of action against McNamee Hosea pursuant to a written agreement pending court approval.[3]

---

[2] The terms of the Court's *Order* required the Debtor to make payment to Seaside HOA from the Lot 6 Proceeds. The Debtor, however, did not do so at any time prior to turning over the Lot 6 Proceeds five (5) months later. As a result, the Trustee has earmarked these funds for payment to Seaside HOA.

[3] In Adversary Case No. 17-400, the Debtor initially asserted causes of action for breach of contract, negligent misrepresentation, negligence, fraud, constructive fraud, fraudulent inducement, fraudulent misrepresentation, breach of fiduciary duty, legal malpractice and negligent infliction of emotional distress arising out of McNamee Hosea's representation of the Debtor in the instant bankruptcy case. The Debtor subsequently amended his complaint in the adversary case to limit his claims only to those causes of action arising post-conversion.

14. Pursuant to the settlement agreement, McNamee Hosea agreed to pay the sum of $20,000 to settle any and all claims and allegations of wrongdoing of any kind existing prior to and including the date the case was converted to Chapter 7. [Dkt. #757-1].

15. McNamee Hosea further agreed to pay all legal fees and expenses incurred by the Trustee in seeking court approval of the proposed settlement and in any appeals therefrom by the Debtor. [Dkt. #757-1].

16. On August 7, 2018, McNamee Hosea tendered the settlement sum of $20,000.00 to the Trustee.

17. On May 8, 2019, this Court approved the Trustee's proposed settlement of the Debtor's alleged pre-conversion causes of action against McNamee Hosea. [Dkt. #837].

18. Following the denial of a motion for reconsideration, the Debtor noticed an appeal to the District Court on December 31, 2019. [Dkt. #864].

19. On September 3, 2020, the District Court dismissed the Debtor's appeal due to the Debtor's failure to timely file and serve his appellate brief. *See* Case No. 19-CV-3677 at Dkt. #12. In so doing, the District Court observed that "[the Debtor's] dilatory tactics continue to prejudice the bankruptcy Trustee by hampering his ability to dispose of the bankruptcy matter." *Id.*

20. On September 18, 2020, the Debtor noticed a further appeal to the United States Court of Appeals for the Fourth Circuit, *see* Case No. 19-CV-3677 at Dkt. #13, which appeal presently is pending.

**C. Potential Additional Causes of Action Belonging to the Estate**

21. On January 28, 2021, the Debtor commenced a Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Middle District of Florida. *See In re Gregory B. Myers*, Case No. 21-bk-00123 (Bankr. M.D. Fla.). The Debtor's Florida filing was brough to the attention

of this Court through the *Suggestion of Bankruptcy* filed by Barbara Ann Kelly in Adv. No. 20-00284 (Bankr. D. Md.) at Dkt. #38.[4]

22. On February 26, 2021, the Debtor filed Schedules in his Florida bankruptcy case. The Debtor's Schedules contain an Addendum asserting that the Debtor "possesses claims against the following parties," detailed as follows to list the following 46 persons and entities:

> (1) US Bank, National Association as Trustee for Credit Suisse First Boston CSFB 2005-11 Regions Bank; (2) U.S. Bank, N.A., Successor Trustee to Bank of America, N.A. Successor In Interest to LaSalle Bank, N.A., As Trustee, on Behalf of the Holders of the WAMU Mortgage Pass-Through Certificates, Series 2007-OA4 (the "WAMU Trust"); (3) JPMorgan Chase Bank, N.A.; (4) Bank of America, National Association; (5) Wells Fargo Bank, N.A.; (6) Dream Team Realty of NW Florida, LLC; (7) Michael K. Bailey; (8) Walton County, Florida; (9) The St. Joe Company; (10) Watercolor Development, LLC; (11) Watercolor Homeowners Association, Inc.; (12) Carlton Fields, P.A.; (13) SunTrust Bank; (14) SunTrust Mortgage; (15) K Casas De Praia LLC; (16) Robert Davis; (17) Seaside Community Development Corporation; (18) Seaside Community Realty, Inc.; (19) McNamee Hosea Jernigan Kim Greenan & Lynch, P.A.; (20) Roger Schlossberg, individually; (21) Roger Schlossberg in his capacity as the chapter 7 trustee of the bankruptcy estate of Gregory B. Myers in In re Gregory B. Myers, Case No. 15-26033; (22) Schlossberg, Mastro & Scanlan; (23) Frank Mastro; (24) Alfred L. Scanlan Jr.; (25) Yumkas, Vidmar, Sweeney & Mulrenin, LLC; (26) Paul Sweeney; (27) McNamee Hosea Jernigan Kim Greenan & Lynch, P.A.; (28) James Greenan; (29) Craig Palik; (30) Steve Goldberg, (31) Lynn Kohen; (32) 6789 Goldsboro LLC; (33) Brian King; (34) Cristina King; (35) Cristina and Brian King Children's Trust; (36) Offit Kurman, P.A.; (37) Maurice Offit; (38) Timothy Lynch; (39) Gregory Johnson; (40) James M. Hoffman; (41) Aaron Bukowitz; (42) The VerStandig Law Firm, LLC; (43) Maurice VerStandig; (44) Robert Gittins; (45) Eccleston & Wolf, P.C.; (46) Kenwood Country Club.

---

[4] The Florida bankruptcy case is the third Chapter 13 case commenced by Debtor subsequent to the filing of his Chapter 7 case herein. *See also In re Gregory B. Myers*, Case No. 19-10392 (Bankr. D. Del.); *In re Gregory B. Myers*, Bankr. D. Md., Case No. 19-17428. The Debtor's wife, Barbara Ann Kelly, also has filed three such Chapter 13 cases since 2018. *See In re Barbara Ann Kelly*, Case No. 18-13244 (Bankr. D. Md.); *In re Barbara Ann Kelly*, Case No. 18-07142 (Bankr. M.D. Fla.); *In re Barbara Ann Kelly*, Case No. 19-24525 (Bankr. D. Md.).

*See* Debtor's Addendum to Schedules in Case No. 21-bk-00123 (Bankr. M.D. Fla.), attached hereto as ***Exhibit 2***.

23. As many of the parties and entities listed on the foregoing Addendum are known to have had pre-conversion dealings with the Debtor, *see, e.g.*, Debtor's Amended Schedule E/F [Dkt. #283] (scheduling 6789 Goldsboro LLC; Kenwood Country Club; Navy Federal Credit Union, Offit Kurman, P.A. as creditors of the Debtor). the Trustee intends to seek a Rule 2004 examination of the Debtor to determine which, if any, of the foregoing causes of action are property of the bankruptcy estate and, if so, whether to administer such claims.

**D. Serv Trust**

24. Serv Trust is a trust created in 2010 by the Debtor's mother, Joan Conlen Myers, purportedly for the benefit of the Debtor's five children. *See Mem. Op*., Adv. No. 17-00193, Dkt. #94, at 2-3. The Debtor and Daniel J. Ring as the co-Trustees of Serv Trust. *Id*. at 3.

25. On October 29, 2018, 6789 Goldsboro LLC commenced an adversary proceeding in this Court against the Debtor, Serv Trust and the Trustee seeking, *inter alia*, a declaratory judgment that Serv Trust is the alter ego of the Debtor and that the assets and liabilities of Serv Trust are, in fact, the assets and liabilities of the Debtor. *See* Adv. No. 18-00407 at Dkt. #1.

26. On January 29, 2019, this Court entered an *Order of Abstention* declining to assert jurisdiction over the matter and dismissing the adversary proceeding in favor of a pending state court litigation involving the same parties (and also Brian King, Cristina King, and the Brian and Cristina King Children's Trust) in which the alter ego issue was being litigated. *Id*. at Dkt. #28; *see also Brian King, et al. v. Serv Trust, et al.*, Case No. 436977-V (Circuit Court for Montgomery County, Maryland) (hereafter the "*King v. Serv Trust Action*").

27. The *King. v. Serv Trust Action* presently is pending in State Court. In the event that Serv Trust is determined to be the alter ego of the Debtor, the Trustee intends to administer this asset for the benefit of the Debtor's creditors herein.[5]

## CLAIMS

28. A total of 20 proofs of claim were filed by the claims deadline. *See Claims Register*, attached hereto as ***Exhibit 3***. Presently, there are two (2) outstanding unsecured claims totaling $495,633.82[6] and five (5) outstanding secured claims totaling $9,429,442.94.[7] The Trustee does not anticipate that there will be further claims litigation in this bankruptcy case.

## PENDING LITIGATION

29. This bankruptcy case has featured an extraordinary amount of collateral litigation. To date, there have been 11 adversary proceedings filed,[8] not to mention 15 different District Court appeals filed by the Debtor or his wife arising out of this Court's rulings,[9] and four (4) further

---

[5] As set forth in Judge Lipp's opinion denying the Debtor a discharge, Serv Trust transferred substantial funds to the Debtor and/or his wife, both prepetition and post-petition, and at one time was paying $15,000 per month to the Debtor's wife. *See* [Adv. No. 17-00193, Dkt. #94 at 4-5.

[6] *See* Claims No. 2 (Kenwood Country Club - $43,700.75) and No. 17 (6789 Goldsboro LLC - $476,395.83).

[7] *See* Claims No. 1 (Navy Federal Credit Union - $709,042.54); No. 12 (U.S. Bank, N.A. - $3,036,684.88); No. 13 (Bank of America, N.A. - $1,339,596.67); No. 15 (U.S. Bank, N.A. as Trustee - $2,173,243.74); and No. 16 (U.S. Bank, N.A. - $2,170,875.11).

[8] *See Myers v. Seaside III Neighborhood Ass'n, Inc.*, Adv. No. 16-00472; *Myers v. Regions Bank*, Adv. No. 16-00473; *Myers v. Offit Kurman, P.A.*, Adv. No. 16-00474; *Offit Kurman, P.A., et al. v. Serv Trust*, Adv. No. 16-00541; *Myers v. Navy Fed. Credit Union*, Adv. No. 17-00079; *United States Trustee v. Myers*, Adv. No. 17-00193; *Myers v. McNamee Hosea Jernigan Kim Greenan & Lynch, P.A.*, Adv. No. 17-00400; *Myers v. Bank of America, N.A.*, Adv. No. 17-00449; *6789 Goldsboro LLC v. Myers, et al.*, Adv. No. 18-00407; *King v, Serv Trust, et al.*, Adv. No. 19-00427; *Kelly v. McNamee Hosea Jernigan Kim Greenan & Lynch, P.A.*, Adv. No. 20-00284.

[9] *See Myers v. United States Trustee*, No. 17-CV-01218; *Kelly v. United States Trustee*, No. 17-CV-01239; *Myers v. Schlossberg, et al.*, No. 17-CV-02537; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 17-CV-02781; *Kelly v. Schlossberg*, No. 17-CV-03846; *Myers v. Schlossberg*, No. 17-CV-03847; *Myers, et al. v. Schlossberg, et al.*, No. 18-CV-00336; *Myers*

appeals to the Fourth Circuit.[10] In addition, there have been six (6) original actions filed in District Court related to this bankruptcy,[11] as well as a myriad of state court proceedings in Maryland and Florida.

30. The Trustee will briefly set forth below his understanding regarding the current status of each of the various pending proceedings, including those to which the Trustee is not a party.

31. *Myers v. United States Trustee*, Appeal No. 20-1261 (4th Cir.). This is the Debtor's further appeal of the bankruptcy court's order denying the Debtor a discharge pursuant to 11 U.S.C. § 727(a). [Adv. No. 17-00193 at Dkt. #94]. The Debtor's initial appeal to the District Court was dismissed because the Debtor failed to designate the record on appeal. *See* [Case No. 19-CV-00637 at Dkt. #12]. In the current appeal, the Debtor has filed several motions to extend the time for the filing of his brief. Most recently, on February 26, 2021, the day his opening brief was due, the Debtor filed a *Suggestion of Bankruptcy*, to which the United States Trustee responded. No further activity in this appeal has been docketed. The Trustee is not a party to this appeal.

---

*v. Fitzgerald*, No. 18-CV-01417; *Myers v. Fitzgerald*, No. 18-CV-01630; *Myers, et al. v. Offit Kurman, P.A., et al.*, No. 18-CV-02536; *Myers, et al. v. Schlossberg*, No. 18-CV-03783; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 19-CV-00245; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 19-CV-00636; *Myers v. United States Trustee*, No. 19-CV-00637; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, *et al.*, No. 19-CV-03677.

[10] *See Myers, et al. v. Offit Kurman, P.A., et al.*, Appeal No. 18-2144 (4th Cir.); *Myers v. United States Trustee*, Appeal No. 20-1261 (4th Cir.); *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, *et al.*, Appeal No. 20-2007 (4th Cir.); *Myers, et al. v. Offit Kurman, P.A., et al.*, Appeal No. 20-2309 (4th Cir.).

[11] *See Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 17-CV-03396; *Myers v. Schlossberg*, No. 18-CV-02117; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 18-CV-02118; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 18-CV-03460; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 18-CV-03460; *Kelly v. Schlossberg, et al.*, No. 20-CV-00268.

32. *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, *et al*., Appeal No. 20-2007 (4th Cir.). This is the Debtor's further appeal of the bankruptcy court's order approving the settlement between the Trustee and McNamee Hosea. [Dkt. #837]. The Debtor's initial appeal to the District Court was dismissed because the Debtor failed to timely file his opening brief. *See* [Case No. 19-CV-03677 at Dkt. #12]. In the current appeal, the Debtor has filed several motions to extend the time for the filing of his brief. Most recently, on February 16, 2021, the day his opening brief was due, the Debtor filed a *Suggestion of Bankruptcy*, to which the Trustee and McNamee Hosea responded. No further activity in this appeal has been docketed.

33. *Myers, et al. v. Offit Kurman, P.A., et al.*, Appeal No. 20-2309 (4th Cir.). This is the Debtor's further appeal of the bankruptcy court's order denying the motion by the Debtor to reopen Adv. No. 16-00541 and to vacate the judgment entered therein avoiding Serv Trust's alleged lien on the Lot 6 Proceeds. [Adv. No. 16-00541 at Dkt. #73-74]. The Debtor's initial appeal to the District Court was dismissed because the Debtor failed to order an official transcript or file a conforming opening brief. *See* [Case No. 18-CV-02536 at Dkt. #49]. In the current appeal, the Debtor filed a *Suggestion of Bankruptcy* on March 23, 2021. On April 14, 2021, the Court of Appeals suspended proceedings in this appeal pending the resolution of the Debtor's Chapter 13 bankruptcy case in Florida. *See* [Appeal No, 20-2309 at Dkt. #31].

34. *Brian King, et al. v. Serv Trust, et al.*, Case No. 436977-V (Circuit Court for Montgomery County, Maryland). This State Court litigation concerns, *inter alia*, a request for a declaration that Serv Trust is the alter ego of the Debtor. The Trustee is a nominal defendant in this action. A five-day jury trial initially was scheduled to commence on September 23, 2019. The trial then was postponed until November 18, 2019. Then, on November 7, 2019, the Debtor filed a counter-complaint and third-party complaint against a number of parties, including Brian King,

Cristina King, the Brian and Cristina King Children's Trust, 6789 Goldsboro LLC, and their respective present and former counsel. A week later, on November 14, 2019, the matter was removed to this Court. *See* [Adv. No. 19-00427]. On December 3, 2019, the Debtor voluntarily dismissed his counter-complaint and third-party complaint, *see* [Adv. No. 19-00427 at Dkt. #4], which caused this Court to enter an *Order* two days later remanding the case back to State Court. *See id*. at Dkt. #5. The Circuit Court for Montgomery County received and reopened the case on August 6, 2020. At a subsequent status hearing on January 25, 2021, the matter was set in for a 10-day jury trial commencing on July 19, 2021. Three days later, on January 28, 2021, the Debtor filed his latest Chapter 13 bankruptcy case in Florida. As a result, the proceedings in the *King v. Serv Trust Action* are currently stayed.

35. *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, Adv. No. 20-00284. The Trustee is not a party to this adversary proceeding. The Trustee understands that this action originally was brought by the Debtor's wife, Barbara Ann Kelly, in District Court but was removed by McNamee Hosea. The Trustee understands that a motion to dismiss filed by McNamee Hosea presently is pending before this Court as is a motion filed by Kelly for reconsideration of an *Order* denying her prior motion to remand the case back to District Court.

36. *In re Gregory B. Myers*, Case No. 21-00123 (Bankr. M.D. Fla.). This is the Debtor's current Chapter 13 bankruptcy case. The Trustee, who is not involved in this matter, understands that there presently is pending a motion to dismiss filed by the Chapter 13 Trustee. Also pending is a recently filed motion by the King Parties seeking to dismiss the Chapter 13 case and to bar the Debtor from filing another petition for bankruptcy relief for a period of five years. Both motions are scheduled to be heard on May 13, 2021.

## FINAL OBSERVATIONS

37. The Debtor herein is extraordinarily litigious with a penchant for protracted delay, as aptly summarized by the District Court in a memorandum opinion issued last year:

> [O]ver the past three years, Myers has filed approximately twenty actions, to include fifteen bankruptcy appeals and five civil cases, seemingly for the purpose of delaying the liquidation of his assets in his bankruptcy case. The overwhelming majority of these cases have been dismissed either by the Court or by Myers voluntarily after Myers failed to designate the record, file a brief, or pay his filing fees.
>
> * * *
>
> This behavior has become a longstanding pattern for Myers. In his twenty cases, Myers initiates the action, then exhibits a dereliction in prosecution that reflects no real interest in resolution on the merits. The Court cannot help but conclude that Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit.

*Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, 2020 WL 758154, at *1, 4 (D. Md. 2020). In light of the foregoing, the Trustee does not realistically foresee being able to bring this bankruptcy case to a conclusion at any time in the immediate future.

Respectfully submitted,

SCHLOSSBERG MASTRO & SCANLAN

By: */s/ Frank J. Mastro*

Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2017
Hagerstown, MD 21742-2017
Telephone: (301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Trustee*