IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | ) | |
| GREGORY B. MYERS, | ) | Case No. 15-26033-MCR |
| Debtor. | ) | (Chapter 7) |
| | ) | |

**TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO DISMISS OR STRIKE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH BRIAN KING, CRISTINA KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST**

COMES NOW, Roger Schlossberg, the Chapter 7 Trustee herein (the "Trustee"), by his undersigned counsel, and in opposition to the *Debtor's Motion to Dismiss or Strike Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust or, in the Alternative, Opposition to Said Motion* ("the *Debtor's Motion to Dismiss*"), [Dkt. # 1010], hereby states:

1. The Debtor lacks standing to object to the Trustee's *Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* ("the *Trustee's 9019 Motion*"), [Dkt. #1005], under the rule established in *Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985) and its progeny.

2. In *Willemain*, *supra*, the Fourth Circuit held that an insolvent Chapter 7 debtor lacked standing to challenge the proposed sale of estate property because the debtor had no pecuniary interest in the result of the sale since the proposed sale would not return solvency to the estate or deliver a surplus to the debtor. *Willemain*, 764 F.2d at 1022. Thus, the debtor was not an interested party and, as a result, lacked standing to object. *Id*. at 1022-23.

3. In reaching its decision, the Fourth Circuit relied on the analogous principle that an insolvent debtor has no pecuniary interest in the distribution of assets among his creditors and, therefore, lacks standing to object to claims against the estate. *Id.* at 1022 (citing 3 J. Moore & L.

King, Collier on Bankruptcy ¶ 57.17 [2.1] (14th ed. 1977)); *In re Fischer*, 2010 WL 2746349, *5 (Bankr. D. Md. July 9, 2010); *see also Yadkin Valley Bank and Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993) (the term "party-in-interest" is "generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceeding").

4. In this case, the state court in Montgomery County has adjudged Serv Trust to be the alter ego of the Debtor. As a result, Serv Trust is now an asset of the Debtor's bankruptcy estate. The proposed settlement in the *Trustee's 9019 Motion* concerns a procedural matter attendant to a pending (albeit stayed) state court declaratory judgment claim concerning the King Parties' alleged redemption of the membership interest that Serv Trust holds in 6789 Goldsboro LLC, an entity which owns a parcel of real property in Montgomery County (hereafter "the Redemption Claim").

5. The Debtor's estate, however, is insolvent, *see Trustee's Status Report* filed on April 20, 2021, [Dkt. # 930], and continues to hemorrhage attorney's fees as a result of the continuing bad-faith litigation tactics of the Debtor,[1] who "has shown time and again that he will initiate an action, then exhibit a dereliction in prosecution that reflects no real interest in resolution on the merits." *Myers v. United States Trustee*, 2020 WL 758157, *3 (D. Md. Feb. 13, 2020) (Xinis, J.) (leading the District Court to "conclude that Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit"); *accord Kelly v.*

[1] The United States Bankruptcy Court for the Middle District of Florida recently dismissed with prejudice the Chapter 13 case that the Debtor commenced there in 2021, upon finding that it was filed in bad faith, and imposed upon the Debtor a two-year bar against refiling. *See In re Myers*, 2023 WL 350183 (Bankr. M.D. Fla. Jan. 20, 2023). In so ruling, the Florida court observed that "Debtor did not file the case with the motivation of paying creditors—in fact, he objected to every filed claim in the case; he has demonstrated that he is not sincere in seeking relief under Chapter 13; and he has not shown good faith in dealing with his creditors. Rather, Debtor's actions evidence that his motivation in this case is to delay and frustrate the many parties with whom he is engaged in contentious litigation, some of whom over the course of the last decade." *Id*. at *5.

*McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, 2022 WL 861395 (D. Md. Mar. 23, 2022) (Hazel, J.) (dismissing three appeals for failure to designate record and finding that "Appellants Barbara Ann Kelly and Gregory B. Myers are acting in bad faith… hav[ing] persisted in questionable litigation strategy that can only be viewed as dilatory and irresponsible"); *Kelly v. Offit Kurman, P.A.*, 2021 WL 3725379 (D. Md. Aug. 23, 2021) (Blake, J.) (denying Myers' untimely filed motion to intervene and "highlight[ing] Myers's procedural defect as a further example of his and Kelly's efforts to complicate and frustrate the judicial process").[2]

6. Regardless of the result of the procedural dispute which is proposed to be settled by the *Trustee's 9019 Motion*, or the result of the underlying Redemption Claim, as a practical matter there is no possibility that the Debtor's bankruptcy estate will be rendered solvent under any set of circumstances. Thus, under *Willemain*, *supra*, the Debtor has no standing to object to the *Trustee's 9019 Motion* because he lacks a pecuniary interest in the outcome.[3]

7. Accordingly, this Court should summarily deny the *Debtor's Motion to Dismiss* for lack of standing and grant the *Trustee's 9019 Motion*, which otherwise stands unopposed. In the event, however, that the Court wishes to consider the substance of the *Debtor's Motion to Dismiss*, the Trustee respectfully requests an opportunity to respond to the Debtor's arguments (which are frivolous) at a hearing on the merits.

[2] To date Myers has filed 19 appeals in the District Court and six (6) additional appeals in the Fourth Circuit. Currently, three appeals are pending in the Fourth Circuit. The Trustee is a party in two of the pending appeals, including in the Debtor's utterly frivolous appeal of this Court's *Memorandum to Parties*, [Dkt. #944], which was merely a communication to the parties and not a court order, did not adjudicate any contested issues, and did not aggrieve the Debtor in any way.

[3] Although the Debtor has been denied a discharge and will remain liable for any pre-petition debts that are not satisfied in this bankruptcy proceeding, the Redemption Claim is not a monetary claim that conceivably could be enforced against the Debtor at some point in the future. Therefore, the Debtor has no pecuniary interest in the ultimate resolution of this claim.

WHEREFORE, the Trustee respectfully requests that the *Debtor's Motion to Dismiss* be DENIED.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By: *\/s/ Frank J. Mastro*
Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2067
Hagerstown, Maryland 21742
(301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Trustee*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this ***14th*** day of ***March 2023***, a copy of the *Trustee's Opposition to Debtor's Motion to Dismiss or Strike Trustee's Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust* and proposed Order was served electronically via CM/ECF upon:

Maurice B. Verstandig, Esq.
The Verstandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mvbesq.com
*Attorneys for Brian King, Cristina King, and the Cristina and Brian King Children's Trust*

and via first class, postage prepaid mail upon:

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, FL 34102
gregbmyers@verizon.net
*Debtor*

*/s/ Frank J. Mastro*
Frank J. Mastro