**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:** | ) |
| **GREGORY BRIAN MYERS,** | ) **Case No.: 15-26033-MCR** |
| **Debtor.** | ) **(Chapter 7)** |
| **ROGER SCHLOSSBERG, TRUSTEE,** | ) |
| **Movant,** | ) |
| **v.** | ) |
| **LAURIN H. MILLS *et al.*,** | ) |
| **Respondents.** | ) |

**RESPONDENTS' OPPOSITION TO**
**MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

Respondents, Laurin H. Mills ("Mr. Mills") and Samek | Werther | Mills, LLC ("SWM"), submit this Opposition to the Motion for Sanctions for Violation of the Automatic Stay filed against them by Roger Schlossberg, Trustee for the Estate of Gregory B. Myers (the "Trustee"). For the reasons set forth below, the Trustee's motion should be denied.

**BACKGROUD**

Undersigned counsel was retained in the wake of a January 12, 2023, Montgomery County Circuit Court "Order Entering Partial Judgment and Stay" (the "Partial Judgment") entered after a bench trial held on January 3, 2023, in which the Circuit Court ruled that Serv Trust was the alter ego of Gregory Myers. Serv Trust did not participate in that trial. Mr. Myers

was not a party to that trial, nor was he allowed to participate in that trial. In this context, Judge Lease made the following statement at the beginning of the trial on January 3, 2023:

> Under the Frow doctrine, you can either one of two things; you abstain from going forward because you don't want to try it twice, or two, [I] can enter the judgment, but then it's a non-final judgment because anything that I do today in essence necessarily would be non-final because we don't have - - we're not putting all of the claims against all the parties are not getting to an adjudication. So, we don't have a final judgment today under any circumstance. *** I don't know when, and if, Mr. Mr. Myers would ever be subject to actual determination in this Court depending on what the bankruptcy courts decide. They could modify the claims or reduce the claims.

(Alterations supplied.)[1]

Serv Trust retained undersigned counsel two days before the deadline to file post-trial motions and counsel timely filed post-trial motions on behalf of Serv Trust seeking a new trial or to vacate, alter, or amend the judgment due to lack of notice and numerous other procedural irregularities, as permitted under Maryland law and the Circuit Court's Rules. In addition, Serv Trust challenged the Circuit Court judgment because it unlawfully usurped this Court's exclusive power to determine the scope of the Myers bankruptcy estate (among many other reasons).[2] A copy of Serv Trust's post-trial motion is attached as Exhibit A.

---

[1] This is an unofficial transcription of a recording of that hearing. Counsel will order the full transcript and supplement this opposition with the official transcript as soon as it is available.

[2] What constitutes property of a bankruptcy estate can only be resolved in bankruptcy court:

> Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate. For this reason, "[a] bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case." **The jurisdiction to determine what is property of the bankruptcy estate lies exclusively with the bankruptcy court.**

*In re Hafen*, 616 B.R. 570, 578 (B.A.P. 10th Cir. 2020) (cleaned up; emphasis added).

The Trustee opposed Serv Trust's post-trial motion and *errantly* argued that the Circuit Court's *non-final* ruling immediately transferred control of Serv Trust and all of its assets to him, as Chapter 7 trustee of the Myers estate, and that Serv Trust had had no right to retain counsel and file any post-trial motions and that, by doing so, undersigned counsel violated the automatic stay and should be sanctioned.

On April 17, 2023, the Circuit Court orally denied Serv Trust's motion (the order memorializing this ruling is dated April 18, 2023). Importantly, however, the Circuit Court rejected the Trustee's contention that undersigned counsel violated either the automatic stay or Circuit Court rules. The Circuit Court stated that its judgment was *not* final; that the challenge to the judgment was timely and properly filed; and the Circuit Court granted Serv Trust's motion to strike the Trustee's many attempts to withdraw Serv Trust's filings.

There is no basis in fact or law for a motion for sanctions on this record. Nevertheless, the Trustee has refused to withdraw his Motion for Sanctions despite the April 17, 2023, ruling and undersigned counsel's request.

## ARGUMENT

### I. The Circuit Court Ruled that Respondents Had the Right to File its Post-Trial Motions Challenging a Non-Final Order and Did Not Violate the Automatic Stay by Doing So.

It is questionable whether this Court has jurisdiction over the Respondents because no adversary proceeding has been commenced against them and they have not been properly served or made part of this bankruptcy proceeding.[3] However, even if the Court does have personal

[3] "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). This procedural requirement applies to bankruptcy courts and proceedings. *In re Narvaez Velez*, 2021 WL 2069925 at *3 (Bankr. D.P.R. May 21, 2021); *In re Outboard Marine Corp.*, 359 B.R. 893, 897 (N.D. Ill. 2007).

jurisdiction, on April 17, 2023, the Montgomery County Circuit Court orally ruled that Respondents did not violate the automatic stay by timely filing post-trial motions. Exhibits B & C (otherwise denying Serv Trust's motions to vacate, alter or amend the judgment). That ruling knocks out the factual foundation for the Trustee's Motion for Sanctions (which was based solely on Respondents' alleged violation of the automatic stay) and his motion must, therefore, be denied.

Immediately after the Circuit Court issued its ruling, undersigned counsel sent the following message to Trustee's counsel:

> **From:** Laurin Mills
> **Sent:** Monday, April 17, 2023 11:02 AM
> **To:** FMastro@schlosslaw.com
> **Subject:** Motion for Sanctions
>
> **Mr. Mastro:**
>
> **I assume that, in light of the Court's order this morning, you will be immediately withdrawing the motion for sanctions you filed in Bankruptcy Court. Please confirm your intent to do so and when you expect to file said withdrawal.**
>
> **Thank you**
>
> **Laurin**
>
> **Laurin H. Mills**
> **Samek | Werther | Mills, LLC**

Trustee's counsel responded as follows:

> **From:** Frank Mastro <FMastro@schlosslaw.com>
> **Sent:** Tuesday, April 18, 2023 11:22 AM
> **To:** Laurin Mills <laurin@samek-law.com>

**Cc:** Schlossberg, Roger <RSchlossberg@schlosslaw.com>
**Subject:** RE: Motion for Sanctions

Mr. Mills,

The Trustee does not believe that he is compelled to withdraw the motion for sanctions based on Judge Lease's oral rulings yesterday and, accordingly, he does not intend to withdraw the motion.

Frank

The Trustee's counsel did not explain the basis for this inexplicable position.

There is no basis to sanction an attorney for zealously representing a client by following unambiguous Circuit Court rules that provided Serv Trust an absolute right to file post-trial motions challenging a non-final judgment. Those actions were completely vindicated by Judge Lease in his oral ruling on the post-trial motions.

What is even more noteworthy is the fact that Judge Lease performed his own "deep dive" into what he considered an issue of first impression, and he could find no analogous case law to provide guidance. Exh. B at 6 ("[W]henever I had a free moment, I was trying to do a very deep dive to determine if I could find anything that remotely looked like this case with respect to this initial issue where there was a non-final judgment that had some effect on the bankrupt estate, and then there were some attempts at post-judgment motions in State court"). Thus, even if this novel issue had gone the other way, there still would be no basis for sanctions for taking actions permitted by Circuit Court rules in a completely unprecedented procedural situation.

## II. Serv Trust Requests Guidance from the Court as to its Ability to Pursue an Appeal.

Undersigned counsel respectfully suggests that the reason Judge Lease could not find an analogous case where a state court judgment had an effect on the composition of a bankruptcy estate is that, for the reasons set forth above, the jurisdiction to determine what is property of a

bankruptcy estate lies exclusively with bankruptcy courts. Thus, Serv Trust believes that the Circuit Court did not have the subject matter jurisdiction to rule as it did and would like to pursue that issue on appeal.

There are other potentially meritorious appeal issues. One is that Gregory Myers was an essential party and he was not permitted to participate in the Circuit Court case as a party due to a bankruptcy order and stay emanating from his Florida case. There are serious due process issues raised by Mr. Myers's inability to participate as a party in a proceeding to arguably determine whether an entity is his alter ego.

Another is to address whether an irrevocable, spend-thrift trust is even capable of having an alter ego. Maryland law defines a trust as "a fiduciary relationship with respect to property arising from a manifestation of intention to create the relationship and subjecting the person who holds title to the property to duties to deal with it for the benefit of ... one or more persons." *Restatement (Third) of Trusts* § 2 (2003); *From the Heart Church Ministries, Inc. v. African Methodist Episcopal Zion Church*, 370 Md. 152, 182, 803 A.2d 548, 566 (Md. 2002). Thus, a trust is merely a relationship created by an agreement and it is hard to see how such a relationship for the benefit of another can have an "alter ego."

The essence of the arguments made at trial was that Mr. Myers abused his power as a trustee of Serv Trust for his own benefit. Assuming, *arguendo*, that was the case, then a finding that Serv Trust is his alter ego results in a second victimization of the trust's beneficiaries, who were not named as defendants in the Circuit Court case. That cannot possibly be right.

These and other issues are currently on appeal in the Appellate Court of Maryland (ACM-REG-1876-2022), in which the Appellate Court of Maryland entered an Order on March 3, 2023, stating "the above-captioned appeal proceed without a Prehearing Conference or

Alternative Dispute Resolution." Mr. Myers has also filed an Emergency Motion for Stay Pending Appeal in the Appellate Court of Maryland.

Serv Trust would like to pursue what it believes is its absolute right to participate in the appeal but undersigned counsel will not do so without permission of this Court. Undersigned counsel respectfully requests that the Court provide guidance as to whether undersigned, as counsel to Serv Trust, is authorized to participate in the pending appeal in the Appellate Court of Maryland (ACM-REG-1876-2022) and/or pursue a separate state court appeal. Undersigned counsel does not enjoy being professionally and financially threatened and intimidated by the Trustee for the offense of representing a client and following court rules. This Court referred this case to Maryland state courts and it should permit the parties to exhaust state court procedures and appellate rights before taking any action vis-à-vis Serv Trust.[4]

## CONCLUSION

Because the factual foundation for the Trustee's Motion for Sanctions no longer exists, his Motion for Sanctions must be denied. Counsel for Serv Trust asks for guidance as to whether it is authorized to pursue an appeal of the Circuit Court's non-final judgment that Serv Trust is the alter ego of Gregory Myers.

DATED: April 24, 2023

Respectfully submitted,

*/s/Laurin H. Mills*

Laurin H. Mills (09462)
Samek | Werther | Mills LLC
2000 Tower Oaks Blvd., Suite 200
Rockville, MD 20852
laurin@samek-law.com
(703) 547-4693

[4] Serv Trust is also the subject of an appeal currently pending in the United States Court of Appeals for the Fourth Circuit (Appeal No. 20-2309). *See In re Howes*, 563 B.R. 794, 806 (D. Md. 2016) ("Generally, the filing of a notice of appeal divests a bankruptcy court of its 'control over those aspects of the case involved in the appeal'") (internal citations omitted).

FAX (240) 912-3031

Counsel for Serv Trust and Respondents

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2023, I caused to be served, via electronic mail and First-Class US Mail, postage prepaid, a copy of the foregoing on:

Frank J. Mastro
SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742

*/s/Laurin H. Mills*