**EXHIBIT B**

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

------------------------------X
BRIAN KING, ET AL., :
Plaintiffs, :
v. : Civil No. 436977
SERV TRUST, ET AL., :
Defendants. :
------------------------------X

ORAL OPINION

Rockville, Maryland April 17, 2023

DEPOSITION SERVICES, INC.
PO Box 1040
Burtonsville, Maryland 20866
(301) 881-3344

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

------------------------------X
BRIAN KING, ET AL., :
Plaintiffs, :
v. : Civil No. 436977
SERV TRUST, ET AL., :
Defendants. :
------------------------------X

Rockville, Maryland
April 17, 2023

WHEREUPON, the proceedings in the above-entitled matter commenced

BEFORE: THE HONORABLE DAVID W. LEASE, JUDGE

APPEARANCES:

FOR THE PLAINTIFFS:

MAURICE B. VERSTANDIG, Esq.
Verstandig Law Firm, LLC
9812 Falls Road
#114-160
Potomac, Maryland 20854

FOR 6789 GOLDSBORO, LLC:

FRANCES C. WILBURN, Esq.
ERIC J. PELLETIER, Esq.
Offit Kurman, P.A.
7501 Wisconsin Avenue
Suite 1000W
Bethesda, Maryland 20814

APPEARANCES, Continued:

FOR ROGER SCHLOSSBERG:

FRANK J. MASTRO, Esq.
Schlossberg, Mastro & Scanlan
P. O. Box 2067
Hagerstown, Maryland 21742

FOR SERV TRUST:

LAURIN H. MILLS, Esq.
Samek, Werther & Mills, LLC
2000 Tower Oaks Boulevard
Suite 200
Rockville, Maryland 20852

P R O C E E D I N G S

THE BAILIFF: The Circuit Court for Montgomery County is now in session, the Honorable David W. Lease presiding.

THE COURT: Good morning, everybody. Please be seated.

THE CLERK: Calling Civil Case 436977V, Brian King, et al v. Serv Trust, et al.

THE COURT: All right, good morning. If we could go ahead and have the parties identify themselves, starting with the King plaintiffs' attorneys and then Goldsboro's attorneys and then for Serv Trust?

MR. VERSTANDIG: Good morning, Your Honor. Maurice Verstandig on behalf of the King parties.

MS. WILBURN: Good morning, Your Honor. Frannie Wilburn on behalf of 6789 Goldsboro.

MR. PELLETIER: Good morning, Your Honor. Eric Pelletier here on behalf of 6789 Goldsboro.

MR. MASTRO: Good morning, Your Honor. Frank Mastro on behalf of the Chapter 7 trustee, Roger Schlossberg, who is a nominal defendant in this action. Mr. Schlossberg is with us today as well.

THE COURT: Okay.

MR. SCHLOSSBERG: Good morning, Your Honor. Roger Schlossberg, trustee.

THE COURT: All right, good morning.

MR. MILLS: And good morning, Your Honor, Lauren Mills on behalf of Serv Trust.

THE COURT: All right, good morning. So this matter is before the Court. There are several open motions to address today. The primary motion that is of concern was the motion by Serv Trust to in essence alter or amend judgment in the case. And there was -- then there was lines to strike them by the trustee, basically arguing that due to the Court's decision in the case, finding that Serv Trust was the alter ego of Mr. Myers, that once and immediately after that decision was made, Serv Trust became an asset of the bankrupt estate, and therefore the Court did not have -- I guess in essence lost jurisdiction to address the motion for reconsideration or to alter or amend without leave of the United States Bankruptcy Court.

Serv Trust countered that by arguing that the Court could hear the case, because it was a non-final judgment that the Court does have authority under the Maryland rules to address motions to alter or amend, especially if they've been filed within the ten day time period which then stays the time for which a party has to file an appeal, and certainly delays the finality of any judgment entered by the Court.

We heard that motion back on February 27th. I apologize to the parties for taking such a long time to get

back to you. But that's because whenever I had a free moment, I was trying to do a very deep dive to determine if I could find anything that remotely looked like this case with respect to this initial issue where there was a non-final judgment that had some effect on the bankrupt estate, and then there were some attempts at post-judgment motions in the State court to see how that would work out.

Frankly, I didn't find anything. I took a fairly -- I wanted to find something, because otherwise it is a very sort of unique issue that I understand really both sides' arguments fairly well, and they both have some intuitive value to them. So, in looking at it -- so with respect to the initial issue here as to whether this Court can even reach the merits of the motion to alter or amend, what I've decided -- and really, there's much authority to it other than the Court has authority under the Maryland rules to control its judgments that are non-final.

I understand the bankruptcy issue, and it may well be correct, but I just think in terms of the authority of the state court, which under the federal system -- when you look at the federalism here, even though bankruptcy would issue a stay, because the asset becomes part of the bankruptcy estate because of this Court's order -- and I believe that the Court does have jurisdiction to consider the merits of the underlying final order, since that is the triggering mechanism which provides

the bankruptcy court with the additional assets for the estate. And therefore, based upon that, I would reach the merits of the underlying motion in this case.

Therefore, I will -- there was a motion to strike the trustee's line withdrawing Serv Trust's motion for new trial or to alter or amend judgment. Therefore, based on my ruling, I will deny -- strike that -- I will grant that motion and strike the line withdrawing the response.

So we next turn to the motion for new trial or to alter or amend judgment in the case. It really comes down to one -- the defendant Serv Trust is arguing in essence a lack of notice of the trial date in this case. And, you know, again, I went back, I looked at the docket entries in some detail, because the first issue that came up was that there was no docket entry setting the trial date in this case. So I wanted to make sure whether that was correct or not correct.

However, there is -- we had a hearing on October 6, 2022. At that hearing, the Court set a trial date of January 3, 2023 for a three-day court trial. There is docketed on the -- in the docket -- the hearing sheet from that hearing which sets forth both the trial date of January 3rd as well as the pre-trial date. Therefore, there was a docket entry specifically addressing the trial in this matter and as I think was pointed out by the plaintiffs in this case, the Court of Appeals has been very clear about the fact that any party to a

litigation is deemed to have knowledge of the docket entries and is charged with that knowledge.

Here, there was clearly a docket entry that noted the court trial in this case. So I do think that there -- initially there's at least constructive notice of the court trial by Serv Trust in this matter.

Additionally, as the trial was approaching on November 28, 2022, there was a motion filed seeking to place Serv Trust in default. That was a default that came about -- the fact that they had had a prior attorney -- and I'll just note for the record that Serv Trust had actively participated in the litigation -- significant participation. Counsel was involved, filing motions. Counsel then withdrew their appearance. Serv Trust was given notice that they had 15 days to add a new counsel or that they could be deemed to be in default in this case.

Serv Trust never sought to hire new counsel until after the judgment in the case was entered. But with respect to notice, the motion to default that was filed against Serv Trust specifically noted the trial date in the motion. And that motion was served on Daniel Ring as trustee of Serv Trust, even though they did not have counsel in the case.

I would note also on December 20, 2022, a motion to hold debtor's pending motions -- and those would be of the debtor Mr. Myers in abeyance pending termination of the

automatic stay -- was also served on Daniel Ring as trustee for Serv Trust.

The first numbered paragraph in that pleading lists the trial date of January 3, 2023. Additionally, there was a number of filings by Mr. Myers in the case. And I've looked at them. They did not specifically address the trial date. They were all served on Mr. Ring as trustee. So between all of that, there's no doubt in the Court's mind that Mr. Ring as the trustee had not only constructive knowledge of the trial date, but actual knowledge of the trial date in this matter.

So, and lastly, the Court had found that Mr. Myers was the alter ego of Serv Trust, and as the alter ego, knowledge of Mr. Myers would certainly be imputed to Serv Trust in this case. And so the request for a new trial or to alter or amend judgment based on lack of notice to Serv Trust I don't believe is with merit, given the facts as outlined -- as I've just outlined them, that they had notice. I think what they did is they waited until after the trial, and then when they didn't like what had happened, or when Mr. Myers' efforts to delay or prevent the trial from going forward were ultimately unsuccessful and the plaintiffs were able to get a remand so quickly from the Florida bankruptcy court in this matter, that they then sought counsel and did what they should have been doing back within 15 days of the original order when their counsel left the case.

So we have a situation where I do believe that the judgment was correct under the facts and I don't believe that there's been anything set forth that would justify a new trial or a motion to alter or amend the judgment in this case. Therefore, I'll deny the motion to alter or amend or for new trial in this matter.

All right? I think there might be some -- I don't know if there are other motions to strike. Also, just so I note, there was also a motion to stay pending the decision of this case. That motion will be denied as moot at this point. All right? And if there were other motions to strike, other withdrawals, I'll address those as being granted in the sense that the withdrawals will be just to clean up the docket and file in the case.

All right? So I think that concludes everything unless anybody has any clarification of my ruling in the case.

(No response.)

THE COURT: Hearing no response, I will -- yes, ma'am?

MS. WILBURN: Who will be handling the order?

THE COURT: Excuse me?

MS. WILBURN: The order -- will you do that?

THE COURT: Yes, we'll do an order. We'll just do the order. Okay. We'll just do it.

MS. WILBURN: Thank you, Your Honor.

THE COURT: There's too many parties to try to figure out who's going to draft it and circulate it. I'll just do the order myself and we'll get it done.

All right, so we'll get that order in. I'm sure that this won't be the last we'll hear of this matter. So, I appreciate everybody's -- I will just say this. I appreciate everybody's memoranda and pleadings. I thought they were very good. Very helpful to the Court. I think -- on that first issue, I think there just isn't any law out there. And so, I don't know if this would be the case that makes that or not, but I really wanted to find something, and I just couldn't.

But again, thanks everybody for your efforts. I appreciate it very much. I hope you all have a pleasant rest of your day. All right?

ALL COUNSEL: Thank you, Your Honor.

THE BAILIFF: All rise.

(The proceedings were concluded.)

Digitally signed by Patricia H. Musso

DIGITALLY SIGNED CERTIFICATE

**DEPOSITION SERVICES, INC.** hereby certifies that the attached pages represent an accurate transcript of the electronic sound recording of the proceedings in the Circuit Court for Montgomery County in the matter of:

Civil No. 436977

BRIAN KING, ET AL.

v.

SERV TRUST, ET AL.

By:

Patricia H. Musso
Transcriber