E-FILED
Rachel Dombrowski, Clerk
Appellate Court of Maryland
5/5/2023 9:42 AM

# EXHIBIT B

| | | |
|---|---|---|
| | | IN THE |
| GREGORY MYERS, | * | APPELLATE COURT |
| Appellant, | * | OF MARYLAND |
| v. | * | No. 1876, SEPTEMBER TERM 2022 |
| BRIAN KING, ET AL., | * | MDEC: ACM-REG-1876-2022 |
| Appellees. | * | Cir. Ct. Nos. 436977V & 451611V (consolidated, lead no. 436977V) |

* * * * * * * * * * * * *

**ORDER**

Upon consideration of the appellant's "Emergency Motion for Stay Pending Appeal," together with the appellees' separate oppositions thereto, and upon consideration of the appellees' "Verified Joint Motion for Extension of Time to File Response to Appellant's Emergency Motion for Stay Pending Appeal," it is this 5th day of May 2023,

ORDERED that the appellant's "Emergency Motion for Stay Pending Appeal" is denied; and it is further

ORDERED on the Court's own initiative, that the appellant shall show cause in writing, within 20 days from the date of this Order, why this appeal should not be dismissed pursuant to Maryland Rule 8-602(b)(1) as not allowed by law. "We have made clear that the right to seek appellate review of a trial court's ruling ordinarily must await the entry of a final judgment that disposes of all claims against all parties, and that there are only three exceptions to that final judgment requirement: appeals from interlocutory orders specifically allowed by statute; immediate appeals permitted under Maryland Rule

8-602; and appeals from interlocutory rulings allowed under the common law collateral order doctrine." *Salvagno v. Frew*, 388 Md. 605, 615 (2005). In his response the appellant should also address the appellees' assertion that the notice of appeal was filed *before* the circuit court's announcement of its judgment on January 3, 2023; and it is further

ORDERED that the appellees' "Verified Joint Motion for Extension of Time to File Response to Appellant's Emergency Motion for Stay Pending Appeal" is granted and the appellees' oppositions are accepted; and it is further

ORDERED on the Court's own initiative, that the appellant is directed to select "EFile and Serve" for all future filings through MDEC in this appeal, and to make any other filing designations necessary to ensure that all counsel receive electronic notice of appellant's filings through MDEC. The appellees have asserted that they did not receive the appellant's "Emergency Motion for Stay Pending Appeal." This Court has reviewed the filing envelope details for the motion and notes that the appellant selected "Efile" rather than "EFile and Serve" when filing his emergency motion.

FOR A PANEL OF THE COURT
consisting of Nazarian, Shaw, Zic, JJ.

JUDGE'S SIGNATURE
APPEARS ON ORIGINAL ORDER

Douglas R. M. Nazarian, Judge