**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| **In re:** | ) | |
| **GREGORY BRIAN MYERS,** | ) | **Case No.: 15-26033-MCR** |
| **Debtor.** | ) | **(Chapter 7)** |
| **ROGER SCHLOSSBERG, TRUSTEE,** | ) | |
| **Movant,** | ) | |
| **v.** | ) | |
| **LAURIN H. MILLS, *et al.*,** | ) | |
| **Respondents.** | ) | |

**RESPONDENTS' RESPONSE TO TRUSTEE'S REPLY TO OPPOSITION TO MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

Respondents, Laurin H. Mills ("Mr. Mills") and Samek | Werther | Mills, LLC ("SWM"), submit this Response to the Trustee's Reply to Respondents' Opposition to the Motion for Sanctions for Violation of the Automatic Stay filed against them by Roger Schlossberg, Trustee for the Estate of Gregory B. Myers (the "Trustee"). This Response is necessary because the Trustee mischaracterized the results of state court proceedings on which his Motion is based in his belatedly filed Reply Brief.

**BACKGROUND**

- On January 12, 2023, the Montgomery County Circuit Court entered a non-final judgment that Serv Trust was the alter ego of Gregory Myers.

- On January 23, 2023, undersigned counsel timely filed on behalf of Serv Trust a motion to vacate, alter, or amend the non-final January 12 judgment.

- On February 3, 2023, the Trustee filed a "Line" purporting to withdraw Serv Trust's post-trial motions and simultaneously filed an action in this Court against undersigned counsel and his law firm alleging that the post-trial motions violated the automatic stay and that the state court had no power to consider them.

- On February 6, 2023, Respondents, on behalf of Serv Trust, filed a Motion to Strike the Trustee's February 6 "Line" arguing:

  (1) Serv Trust had a right, under three Maryland Rules, to file the Motion;

  (2) the Court's order was not final until such time as Serv Trust's right to move for a new trial or to vacate, alter or amend the judgment expired;

  (3) The Court's Order, as shown by the Trustee's actions, infringed or may have infrigned the Bankruptcy Court's exclusive jurisdiction to determine the extent and composition of the Myers bankruptcy estate;

  (4) there is no state court precedent supporting "reverse veil piercing"; and

  (5) veil piercing does not apply to trusts.

- On February 24, 2023, this Court entered an order extending Respondents' deadline to respond to the Trustee's motion until 14 days after the Montgomery County Circuit Court ruled on the pending post-trial motions.

- On April 17, 2023, the Circuit Court denied all but one of Serv Trust's post-trial motions. In doing so, however, the Circuit Court unambiguously rejected the Trustee's contention that undersigned counsel violated either the automatic stay or Circuit Court rules by filing the post-trial motions. The court stated that its judgment was not final; that the challenge to the judgment was timely and properly filed; **and the Court granted Serv Trust's motion to strike the Trustee's many attempts to withdraw Serv Trust's filings**, which argued that the Circuit Court lacked the power to consider the post-trial motions due to the automatic stay.

- On April 24, Respondents filed their Opposition to the Trustee's Motion for Sanctions and attached thereto as an exhibit the transcript from the April 17 hearing in Montgomery County Circuit Court. Opp., Ex. B.

- On June 14, 2023, the Trustee filed a belated Reply to Respondents' Opposition arguing that his motion is not based "solely" on the filing of the post-trial motions but also on an information and belief allegation that Respondents collected a retainer after the stay was in place. The Trustee further contended, erroneously, that "the State Court's oral ruling is completely silent on the issue of whether Respondents violated the automatic stay." Reply at 2.

## ARGUMENT

### I. The Trustee's Reply mischaracterizes the record.

In Maryland Circuit Court, the Trustee argued, as he argues here, that the automatic stay precluded the State Court judge from even considering Serv Trust's post-trial motions. The Circuit Court unambiguously rejected that argument.

> So, in looking at it -- so with respect to the initial issue here as to whether this Court can even reach the merits of the motion to alter or amend, what I've decided -- and really, there's much authority to it other than the Court has authority under the Maryland rules to control its judgments that are non-final.

Opp. Ex. B at 6.

Thus, so long as timely filed post-trial motions were pending, the Circuit Court's rulings with respect to Serv Trust were not final and subject to judicial revision. That meant no stay was in place. *Prince George's County Maryland v. Longtin*, 190 Md. App. 97, 144, 988 A.2d 20, 47 (2010) (holding that "the timely filing of appellants' post-trial motions robbed the judgment of its finality and invested in the court the broad and well-established authority to revise its judgment").

Based on that determination, the Circuit Court granted Serv Trust's Motion to Strike the Trustee's Line purporting to withdraw Serv Trusts post-trial motions:

> Therefore, I will -- there was a motion to strike the trustee's line withdrawing Serv Trust's motion for new trial or to alter or amend judgment. Therefore, based on my ruling, I will deny -- strike that -- I will grant that motion and strike the line withdrawing the response.

*Id.* at 7.

Whether the automatic stay is in place is a binary determination. It is either in place or it is not. The Circuit Court's ruling that it had the power to consider Serv Trust's post-trial motions necessarily meant that no stay was in place until it decided those motions. Otherwise, it would have lacked the jurisdiction even to consider the motions. If a stay was not in place, then Respondents could not possibly have violated the automatic stay by filing post-trial motions or doing anything else prior to the Circuit Court's April 17, 2023 ruling.

**CONCLUSION**

For the foregoing reasons, the Trustee's Motion for Sanctions should be denied and this case should be dismissed, with prejudice.

Dated: June 20, 2023

Respectfully submitted,

*/s/Laurin H. Mills*

Laurin H. Mills (09462)
Samek | Werther | Mills LLC
2000 Tower Oaks Blvd., Suite 200
Rockville, MD 20852
laurin@samek-law.com
(703) 547-4693
FAX (240) 912-3031

*Counsel for Serv Trust and Respondents*

**CERTIFICATE OF SERVICE**

I certify that on June 20, 2023, I caused to be served, via electronic mail and First-Class US Mail, postage prepaid, a copy of the foregoing on:

Frank J. Mastro
SCHLOSSBERG | MASTRO
18421 HENSON BOULEVARD, SUITE 201
HAGERSTOWN, MD 21742
fmastro@schlosslaw.com

*/s/Laurin H. Mills*
Laurin H. Mills