2021 JUL 28 PM 3:57
FILED


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

Gregory B. Myers

Debtor.

Case No. 15-26033-MCR
Chapter 7

**DEBTOR'S REPLY TO TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO DISMISS OR STRIKE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH BRIAN KING, CRISTINA KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST**

Gregory B. Myers ("Myers" or "Debtor"), *pro se*, files this reply (the "Reply") to the *Trustee's Opposition To Debtor's Motion To Dismiss Or Strike Trustee's Motion For Approval Of Proposed Compromise And Settlement With Brian King, Cristina King, And The Cristina And Brian King Children's Trust* (the "Opposition"), and states:

1. The Trustee's assertion that the Debtor lacks standing to object to the Trustee's fraudulent[1] "Settlement Motion" with the King Parties is preposterous. On July 30, 2018, this Court (Lipp, J.) ruled that Myers has standing in connection with matters involving Serv Trust (i.e., referring to Myers's motion to vacate filed in Adversary No. 16-00541, styled *Offit Kurman, P.A., et al. v. Serv Trust*, the Court ruled that "Mr. Myers...[has] standing to bring this").

2. To be sure, the Trustee's Settlement Motion "stands opposed" by the Debtor.[2]

---

[1] Reminiscent, on December 12, 2017, Bradford F. Englander, Esq. told the Court (Lipp, J.) in connection with the Trustee's illegal seizure of fully exempt escrow funds that "We all know what this is, it's -- and my words -- **a money grab**. *** So in every extent possible, it appears that this is an end run around virtually every applicable provision of the Bankruptcy Code and unsupported by any specific provision of the Bankruptcy Code."

[2] The Debtor adopts and incorporates by reference herein the facts and arguments set forth in the *Debtor's Motion To Dismiss Or Strike Trustee's Motion For Approval Of Proposed Compromise And Settlement With Brian King, Cristina King, And The Cristina And Brian King Children's Trust, Or, In The Alternative, Opposition To Said Motion* [Doc. 1010].

3. Dispositive here, the Trustee asserts that in **2017**, the Trustee was named as a nominal defendant in the matter of *Brian King, et al. v. Serv Trust, et al.*, Case No. 439677-V, pending in the Circuit Court for Montgomery County, Maryland (the 'King Case'). According to the Trustee, in the King Case, the King Parties seek "declaratory judgments that Serv Trust, a Maryland statutory trust, is the alter ego of the Debtor" (the "alter ego claims"). It is black letter law that in **2017**—during the Trustee's exclusive period—the King Parties lacked standing to pursue the alter ego claims. *See National American Ins. v. Ruppert Landscaping*, 187 F.3d 439 (4th Cir. 1999) ("Reserving the action for the trustee maintains the integrity of the bankruptcy proceeding and ensures that individual creditors cannot hijack the bankruptcy process."). The Trustee never initiated any action against Serv Trust and is now barred under 11 U.S.C. § 546(a) from bringing any "action or proceeding under section 544, 545, 547, 548, or 553 of [the Bankruptcy Code]." Accordingly, the Trustee lacks standing to prosecute the *fraudulent* Settlement Motion with the King Parties.

4. The Trustee also *conspicuously* avoids discussing the fact that on November 13, 2019, Maurice VerStandig removed Case No. 436977-V (the "King Case") and Case No. 451611-V (the "Goldsboro Case") "from the Circuit Court for Montgomery County, Maryland to the United States Bankruptcy Court for the District of Maryland" initiating Adversary No. 19-00427. Almost immediately, on December 5, 2019, this Court (Simpson, J.) entered an *Order Remanding Case* [Adversary No. 19-00427; Doc 5], remanding the King Case and the Goldsboro Case to the Circuit Court for Montgomery County, Maryland. Accordingly, this Court is without jurisdiction to consider the relief the Trustee seeks *vis a vis* the Settlement Motion.

5. Finally, because the King Parties never obtained an order from this Court authorizing them to sue the Trustee in Montgomery County Circuit Court, the Partial Judgment

void *ab initio* and the King Case must be dismissed for lack of subject matter jurisdiction. *See McDaniel v. Blust,* 668 F.3d 153, 157 (4th Cir. 2012) (before another court may obtain subject-matter jurisdiction over a suit filed against a receiver for acts committed in his official capacity, the plaintiff must obtain leave of the court that appointed the receiver); *Barton v. Barbour,* 104 U.S. 126, 127, 26 L.Ed. 672 (1881).

6. In the unlikely event that this Court does not dismiss the Trustee's Settlement Motion, with prejudice, Debtor requests an evidentiary hearing and demands strict proof on the substance and merits of the Trustee's Settlement Motion.[3]

WHEREFORE, the Debtor respectfully requests that the Court enter an order dismissing the Trustee's Settlement Motion, with prejudice, and grant such other and further relief as the law requires.

RESPECTFULLY SUBMITTED on this 21st day of July, 2023.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

[3] Notably, on December 18, 2018, The Honorable Anne K. Albright (now sitting on the Appellate Court of Maryland), found, *inter alia*, that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (his family), and concluding "that would amount to constructive fraud."

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2023, a copy of the foregoing DEBTOR'S REPLY TO TRUSTEE'S OPPOSITION TO DEBTOR'S MOTION TO DISMISS OR STRIKE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH BRIAN KING, CRISTINA KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2067
Hagerstown, MD 21742

Gregory B. Myers, *pro se*