IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | ) | |
| GREGORY B. MYERS, | ) | Case No. 15-26033-MCR |
| Debtor. | ) | (Chapter 7) |
| | ) | |

**TRUSTEE'S STATUS REPORT**

TO THE HONORABLE, MARIA ELLENA CHAVEZ-RUARK, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Roger Schlossberg, the Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, pursuant to this Court's *Order Requiring Status Report*, [Dkt. #1021], and hereby submits his *Trustee's Status Report* regarding his administration of the above-captioned case and respectfully states:

**BACKGROUND**

1. Gregory B. Myers (hereafter "Myers" or "the Debtor") commenced this individual bankruptcy case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on November 18, 2015 (the "Petition Date"). [Dkt. #1].

2. Myers remained in possession of the bankruptcy estate's assets and managed its financial affairs until February 22, 2017, when the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code. [Dkt. #316]. Mr. Schlossberg thereupon was duly appointed as the Chapter 7 Trustee herein. [Dkt. #319].

3. The administration of the instant bankruptcy case subsequent to the Trustee's appointment has proven to be extraordinarily complex and protracted. The docket alone in the

instant administrative case reflects over 1,000 entries as of August 30, 2023.[1] The instant case also has spawned 11 separate adversary proceedings,[2] including one which, although resolved prior to the Trustee's appointment, has been mired on appeal for the last five (5) years following this Court's denial of motions by the Debtor and his spouse, Barbara Ann Kelly, to reopen the adversary case and vacate the consent judgment entered therein.[3]

4. In addition, as discussed below, the Debtor and his spouse have filed no fewer than eight (8) individual Chapter 11 and Chapter 13 bankruptcy cases in three different jurisdictions since the 2017 conversion of the instant case to Chapter 7.[4] None of these additional bankruptcy proceedings has resulted in a confirmed plan of reorganization and, instead, have had the deleterious

---

[1] A substantial portion of these docket entries pertain to entireties and exemption issues that have been litigated and re-litigated *ad nauseum* by the Debtor and his spouse, Barbara Ann Kelly. *See Memorandum to Parties in Interest Regarding Entireties and Exemption Issues Previously Litigated* (the "*Memorandum to Parties*") entered herein on April 30, 2021. [Dkt. #944].

[2] *See Myers v. Seaside III Neighborhood Ass'n, Inc.*, Adv. No. 16-00472; *Myers v. Regions Bank*, Adv. No. 16-00473; *Myers v. Offit Kurman, P.A.*, Adv. No. 16-00474; *Offit Kurman, P.A., et al. v. Serv Trust*, Adv. No. 16-00541; *Myers v. Navy Fed. Credit Union*, Adv. No. 17-00079; *United States Trustee v. Myers*, Adv. No. 17-00193; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, Adv. No. 17-00400; *Myers v. Bank of America, N.A.*, Adv. No. 17-00449; *6789 Goldsboro LLC v. Myers, et al.*, Adv. No. 18-00407; *King v, Serv Trust, et al.*, Adv. No. 19-00427; *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, Adv. No. 20-00284.

[3] *See Myers, et al. v. Offit Kurman, P.A., et al.*, No. 20-2309 (4th Cir.) (appeal of district court judgment dismissing Debtor's appeal from underlying adversary case of *Offit Kurman, P.A., et al. v. Serv Trust*, Adv. No. 16-00541). The adversary case of *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, Adv. No. 20-00284 also is presently on appeal in the Fourth Circuit; however, the Trustee is not a party to that appeal.

[4] The Debtor has filed three (3) Chapter 13 cases since 2019: *In re Gregory B. Myers*, Case No. 19-10392 (Bankr. D. Del.) (dismissed by court for improper venue); *In re Gregory B. Myers*, Case No. 19-17428 (Bankr. D. Md.) (voluntarily dismissed by debtor); and *In re Gregory B. Myers*, Case No. 21-00123 (Bankr. M.D. Fla.) (dismissed by court as bad faith filing following denial of confirmation without leave to amend). Ms. Kelly, meanwhile, has filed four (4) Chapter 13 cases since 2018: *In re Barbara Ann Kelly*, Case No. 18-13244 (Bankr. D. Md.) (dismissed by court for failure to qualify for relief under Ch. 13); *In re Barbara Ann Kelly*, Case No. 18-07142 (Bankr. M.D. Fla.) (voluntarily dismissed by debtor); *In re Barbara Ann Kelly*, Case No. 19-24525 (Bankr. D. Md.) (voluntarily dismissed by debtor); and *In re Barbara Ann Kelly*, Case No. 23-12700 (Bankr. D. Md.) (pending). Kelly also filed one short-lived Chapter 11 case: *In re Barbara Ann Kelly*, Case No. 23-11566 (Bankr. D. Md.) (dismissed by court for failure to file list of 20 largest creditors).

effect of impeding the resolution of the instant case – a result which appears to have been the primary, if not sole, motive of the Debtor and Ms. Kelly in commencing those subsequent bankruptcy cases.

5. Further complicating the administration of the instant case is the fact that the Debtor and his spouse, either individually or jointly, have commenced two dozen separate appeals (18 to the District Court;[5] five (5) further appeals to the Court of Appeals for the Fourth Circuit;[6] and one in Maryland state court).[7] Two of those appeals remain pending in the Fourth Circuit and are discussed below. The overwhelming majority of these appeals, however, have been dismissed or voluntarily withdrawn. Further, the Debtor and Ms. Kelly have yet to prevail in a single appeal.[8]

6. For further background, the Trustee directs the Court to his prior status report filed herein on April 20, 2021 (the "*First Status Report*"), [Dkt. #930]; and also to this Court's

---

[5] *See Myers v. United States Trustee*, No. 17-CV-01218; *Kelly v. United States Trustee*, No. 17-CV-01239; *Myers v. Schlossberg, et al.*, No. 17-CV-02537; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 17-CV-02781; *Kelly v. Schlossberg*, No. 17-CV-03846; *Myers v. Schlossberg*, No. 17-CV-03847; *Myers, et al. v. Schlossberg, et al.*, No. 18-CV-00336; *Myers v. Fitzgerald*, No. 18-CV-01417; *Myers v. Fitzgerald*, No. 18-CV-01630; *Myers, et al. v. Offit Kurman, P.A., et al.*, No. 18-CV-02536; *Myers, et al. v. Schlossberg*, No. 18-CV-03783; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 19-CV-00245; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 19-CV-00636; *Myers v. United States Trustee*, No. 19-CV-00637; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 19-CV-03677; *Myers v. Schlossberg*, No. 21-CV-01184; *Myers, et al. v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, Nos. 21-CV-01185 and 21-CV-01186 (consolidated); *Myers v. Specialized Loan Servicing, LLC, et al.*, Nos. 22-CV-00778.

[6] *See Myers, et al. v. Offit Kurman, P.A., et al.*, No. 18-2144 (4th Cir.); *Myers v. United States Trustee*, No. 20-1261 (4th Cir.); *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 20-2007 (4th Cir.); *Myers, et al. v. Offit Kurman, P.A., et al.*, No. 20-2309 (4th Cir.); *Kelly, et al. v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, Nos. 22-1378 and 22-1379 (4th Cir.) (consolidated).

[7] *See Myers v. King, et al.*, No. 1876, Sept. Term 2022 (Md. App. Ct.).

[8] In addition to the aforementioned appeals, Myers and Kelly also have commenced six (6) original actions in the District Court related to the instant bankruptcy case. *See Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 17-CV-03396; *Myers v. Schlossberg*, No. 18-CV-02117; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 18-CV-02118; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 18-CV-03460; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 18-CV-03418; *Kelly v. Schlossberg, et al.*, No. 20-CV-00268. As of this date, however, none of those six cases remain open.

*Memorandum to Parties*. [Dkt. #944]. The Trustee will now provide the Court with an update on matters that have transpired since the filing of the *First Status Report* more than two years ago.

## STATUS OF OPEN MATTERS

### A. The Serv Trust "Alter Ego" Litigation in the Circuit Court for Montgomery County

7. In 2017, the Trustee was named as a nominal defendant in the matter of *Brian King, et al. v. Serv Trust, et al*., Case No. 439677-V (the "King Case"), in the Circuit Court for Montgomery County, Maryland ("the State Court"), a case which subsequently was consolidated with the related matter of *6789 Goldsboro LLC v. Serv Trust, et al*., Case No. 451611-V (the "Goldsboro Case"; collectively, the King Case and Goldsboro Case are hereafter referred to as "the State Court Cases"). Each of the State Court Cases concerns claims against Serv Trust, with the Goldsboro Case also concerning a claim against the Debtor.

8. In the King Case, which was designated the "lead" case in the State Court, Brian King, Cristina King, and the Cristina and Brian King Children's Trust (the "King Parties") sought declaratory judgments that Serv Trust, a Maryland statutory trust, is the alter ego of the Debtor and, further, that Serv Trust's interest in 6789 Goldsboro LLC ("Goldsboro") has been redeemed by operation of the entity's governing documents.

9. In the Goldsboro Case, Goldsboro sued both Serv Trust and the Debtor for the alleged breach of a promissory note and guaranty, respectively, and sought an award of monetary damages in excess of $1 million, including accrued interest.[9] The Goldsboro Case originally was

[9] The Debtor, in his then-capacity as a co-trustee of Serv Trust, requested that Goldsboro make pre-petition loans totaling $635,000 to Serv Trust, which then forwarded the funds to the Debtor and his wife. On May 18, 2015, in connection with the foregoing loans, Serv Trust executed a Promissory Note in favor of Goldsboro while the Debtor executed a Guaranty Agreement in which he guaranteed Serv Trust's repayment of the loans made by Goldsboro. The Debtor, however, did not list Goldsboro as an unsecured creditor when he filed his bankruptcy petition six months later; which omission was one of the grounds upon which this Court denied a discharge to the Debtor under 11 U.S.C. § 727(a)(4)(A). *See In re Myers*,

brought as an adversary proceeding in this Court, *see 6789 Goldsboro LLC v. Myers, et al.*, Adv. No. 18-00407, but this Court entered an *Order of Abstention* on January 30, 2019 which ultimately led to the matter being refiled in State Court and subsequently consolidated with the King Case as above recited.

10. A trial of the consolidated State Court Cases was scheduled to commence on Tuesday, January 3, 2023, the first business day of the New Year. However, at approximately 4:30 p.m. on Friday, December 30, 2022 – just minutes before the close of business on the last business day before trial – the Debtor filed a notice of removal to remove the action to the United States Bankruptcy Court for the Middle District of Florida, where the Debtor's Chapter 13 case was pending at the time.[10] The King Parties immediately filed an emergency motion to remand noting the various infirmities and inherent bad faith associated with Debtor's attempted removal at the eleventh-hour. On the morning of January 3, 2023, the Florida bankruptcy court remanded the case back to the Circuit Court for Montgomery County in time to allow for the trial of the State Court Cases to proceed as scheduled.

11. Following the conclusion of the trial on January 3, 2023, the State Court adjudicated Serv Trust to be the alter ego of the Debtor as of and subsequent to the Petition Date. In a subsequent written order entered on January 12, 2023, the State Court memorialized its ruling, holding, *inter alia*, that "Serv Trust is, and as of November 18, 2015 was, the alter ego of Gregory

---

2018 WL 4701387, *8 (Bankr. D. Md. Sept. 28, 2018) ("It is not believable that [the Debtor] simply forgot to include his largest unsecured creditor in the first several versions of his schedules when he had executed a personal guarantee in favor of that creditor six months prior to filing for bankruptcy and was requesting advances from the creditor up to and after filing his petition.").

[10] The Debtor's Florida bankruptcy case was dismissed three weeks later, on January 20, 2023, following that court's determination that Myers filed his Chapter 13 case in bad faith (as a tactic to delay and frustrate his creditors rather than as a means to repay them). *See* discussion at § B, *infra*.

B. Myers" and that "Serv Trust is a disregarded entity, being the alter ego of Mr. Myers." *See Order Entering Partial Judgment and Stay* (the "Alter Ego Judgment"), attached hereto as ***Exhibit 1***.

12. In its aforementioned ruling, the State Court stayed all further proceedings in the State Court Cases as its determination that Serv Trust is the alter ego of the Debtor necessarily rendered the automatic stay of 11 U.S.C. § 362(a) effective as to all remaining causes of action therein. *Id*. The State Court reasoned that, in light of its Alter Ego Judgment, all claims against Serv Trust must be construed as claims against the Estate.[11] *Id*. Thus, the King Parties' remaining claim against Serv Trust, which seeks a declaration regarding the alleged redemption of Serv Trust's interest in Goldsboro ("the Redemption Claim"), is stayed by operation of 11 U.S.C. § 362(a) (as are Goldsboro's claims against Serv Trust along with its previously stayed claim against the Debtor).

13. The Alter Ego Judgment has not been stayed and remains in full force and effect. Thus, the Trustee is now the sole person empowered to act with respect to the remaining claims against Serv Trust in the State Court Cases, which are now construed as claims against the Estate.

14. As this Court observed in its *Order Requiring Status Report*, [Dkt. #1021], the Trustee thereafter filed in this Court a *Motion for Sanctions for Violation of the Automatic Stay*, [Dkt. #1004], against purported counsel for Serv Trust in the State Court Cases for actions taken by them in violation of the stay subsequent to the entry of the Alter Ego Judgment. The Trustee also filed a *Motion for Approval of Proposed Compromise and Settlement with Brian King, Cristina King, and the Cristina and Brian King Children's Trust*, [Dkt. #1005], regarding the

---

[11] Immediately upon entry of the Alter Ego Judgment, Serv Trust and all of its assets became property of the Debtor's bankruptcy estate herein ("the Estate"), pursuant to 11 U.S.C. § 541(a), subject to administration by the Trustee as the sole legal representative of the Estate pursuant to 11 U.S.C. § 323.

litigation of the Redemption Claim and the facilitation of a potential resolution thereof. Both of the foregoing motions have been fully briefed and are pending disposition by this Court.

15. While the aforementioned motions were being briefed in this Court, Serv Trust filed in the State Court Cases a *Motion for a New Trial or to Vacate, Alter, or Amend Judgment* ("the *Motion to Vacate*") with respect to the Alter Ego Judgment, as well as a motion to stay the Alter Ego Judgment pending the determination of its *Motion to Vacate*. Following the submission of written briefs, the State Court heard oral argument regarding the foregoing motions on February 27, 2023 and thereafter rendered an oral ruling on April 18, 2023, which it later memorialized in a written order. For the reasons set forth on the record at the April 18, 2023 hearing, the State Court denied Serv Trust's *Motion to Vacate* and denied the motion to stay as moot. A copy of the State Court's written *Order* is attached hereto as ***Exhibit 2***.

16. The Debtor, meanwhile, prior to the entry of the Alter Ego Judgment, noticed an appeal of the Alter Ego Judgment to the Appellate Court of Maryland (formerly known as the Court of Special Appeals) and thereafter filed in the Appellate Court an "emergency" motion for a stay of the Alter Ego Judgment pending the resolution of his appeal. The Appellate Court, however, *sua sponte* ordered the Debtor to show cause why his appeal should not be dismissed for lack of appellate jurisdiction. In response to the Appellate Court's order to show cause, the Debtor voluntarily dismissed his appeal on May 25, 2023.

17. No further proceedings have occurred in the State Court (or in the Appellate Court) with respect to the Alter Ego Judgment or with respect to the remaining claims against Serv Trust. The parties are awaiting this Court's resolution of the pending Rule 9019 motion and the motion for sanctions.

**B. The Debtor's Chapter 13 Case in Florida**

18. On January 28, 2021, the Debtor commenced a Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Middle District of Florida. *See In re Gregory B. Myers*, Case No. 21-BK-00123 (Bankr. M.D. Fla.). The Trustee monitored, but did not actively participate in, the Debtor's Florida bankruptcy case.

19. On January 20, 2023, the Florida bankruptcy court dismissed Myers' Chapter 13 case with prejudice and took the further extraordinary step of imposing a bar against Myers prohibiting him from filing any additional bankruptcy proceedings in any court for a period of two (2) years based on its finding that Myers did not file his latest Chapter 13 case, or his proposed plan of reorganization, in good faith.[12] *See In re Myers*, 2023 WL 350183, *5 (Bankr. M.D. Fla. Jan. 20, 2023) (concluding that "Debtor did not file the case with the motivation of paying creditors—in fact, he objected to every filed claim in the case; he has demonstrated that he is not sincere in seeking relief under Chapter 13; and he has not shown good faith in dealing with his creditors. Rather, Debtor's actions evidence that his motivation in this case is to delay and frustrate the many parties with whom he is engaged in contentious litigation, some of whom over the course of the last decade.").

20. Predictably, Myers noted an appeal of the Florida bankruptcy court's order dismissing his Chapter 13 case with prejudice and imposing a two-year bar on refiling. However, on August 25, 2023, the United States District Court for the Middle District Court of Florida entered an order dismissing Myers' appeal for his failure to prosecute the appeal. Myers thereupon filed a motion seeking reconsideration, which is pending as of the filing of this *Status Report*.

[12] Given that seven (7) months of the 24-month bar have now elapsed, the Trustee is anxiously awaiting a ruling by this Court on the pending *Motion for Approval of Proposed Compromise and Settlement* so that he can then move forward with the litigation of the Redemption Claim as dictated by this Court's ruling.

**C. Kelly's Chapter 11 and Chapter 13 cases in Maryland**

21. On March 8, 2023, Kelly commenced a Chapter 11 bankruptcy case in this Court. *See In re Barbara Ann Kelly*, Case No. 23-11566 (Bankr. D. Md.). On March 10, 2023, this Court (per Judge Simpson) *sua sponte* dismissed Kelly's Chapter 11 case for her failure to file a list of her 20 largest creditors in compliance with Local Rule 1002-1. After this Court denied Kelly's motion for reconsideration, she noticed an appeal to the District Court. *See In re Barbara Ann Kelly*, Case No. 23-CV-00958 (D. Md.).

22. On June 21, 2023, the District Court dismissed Kelly's appeal for her failure to file a statement of issues on appeal and to designate the record on appeal in compliance with Fed. R. Bankr. P. 8009. In a written memorandum order, the District Court concluded that Kelly failed to show cause sufficient to excuse her failure to comply with Rule 8009 and further found that Kelly acted in bad faith, thus warranting the sanction of dismissal. *See In re Barbara Ann Kelly*, Case No. 23-CV-00958 (D. Md.), slip op. at Dkt. #9.

23. On July 5, 2023, Kelly filed a motion for reconsideration of the District Court's dismissal of her appeal. That motion is presently pending before the District Court.

24. Shortly after her Chapter 11 case was dismissed and while her appeal of the dismissal was pending, Kelly commenced a Chapter 13 case in this Court on April 19, 2023. *See In re Barbara Ann Kelly*, Case No. 23-12700 (Bankr. D. Md.).

25. The Trustee is an unsecured creditor in Kelly's Chapter 13 case because Kelly scheduled a debt owed to Serv Trust, which became property of her Myers' bankruptcy estate upon entry of the Alter Ego Judgment described above.

26. On May 15, 2023, creditor Naples Property Holding Company, along with three related entities, filed a motion to dismiss Kelly's bankruptcy case for cause under 11 U.S.C. §

1307(c), and asked that a two-year bar against refiling be imposed against her due to her bad faith. *Id.* at Dkt. #15. Several other creditors, including the Chapter 13 trustee in Kelly's case and the Trustee herein, joined the motion to dismiss. *Id*. at Dkt. #18, 45, 68, 75.

27. On July 7, 2023, on the eve of a scheduled hearing on the creditors' pending motions to dismiss, Kelly moved to voluntarily dismiss her case pursuant to 11 U.S.C. § 1307(b). *Id*. at Dkt. #76. On July 10, 2023, this Court conducted a full evidentiary hearing to determine whether Kelly's Chapter 13 case should be dismissed voluntarily (under § 1307(b)) or "for cause" (under § 1307(c)), and, additionally, whether a two-year (or longer) bar against refiling should be imposed on Kelly for her bad faith (or, alternatively, whether Kelly is subject only to a 180-day bar against refiling under 11 U.S.C. § 109(g)(2) because several motions for relief from stay were pending when Kelly filed her motion to dismiss). At the conclusion of the hearing on July 10, 2023, this Court took matters under advisement and has yet to render a ruling.

**D. Pending Appeals in the U.S. Court of Appeals for the Fourth Circuit**

28. The Debtor has two matters involving the Trustee presently on appeal in the United States Court of Appeals for the Fourth Circuit. The first concerns the Debtor's appeal of this Court's *Memorandum to Parties*. [Dkt. #944]. The District Court dismissed the Debtor's initial appeal for his failure to designate the record on appeal and failure to file an appellate brief. On August 28, 2023, the Fourth Circuit, in an unpublished *per curiam* opinion, affirmed the District Court's judgment. The Fourth Circuit held that "[b]ecause the informal briefs filed by Kelly and Myers do not challenge the basis for the district court's disposition, they have forfeited appellate review of

the district court's order."[13] *See Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, 2023 WL 5524036, *1 (4th Cir. Aug. 28, 2023) (*per curiam*).

29. The other appeal pending in the Fourth Circuit emanates from the adversary case of *Offit Kurman, P.A. v. Serv Trust*, Adv. No. 16-541 (Bankr. D. Md.). In the adversary case, Serv Trust, which was the sole defendant therein, ultimately withdrew its defenses and consented to entry of the relief requested against it by the plaintiff. Accordingly, on February 6, 2017, this Court entered an *Order of Judgment* which, *inter alia*, avoided Serv Trust's recorded lien on a parcel of real property owned by the Debtor and Kelly in Walton County, Florida known as Lot 6, Seaside 14.

30. Shortly after the entry of the *Order of Judgment*, the Debtor's case was converted to Chapter 7. Upon his appointment, the Trustee asserted that the avoided lien was preserved for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 551. The Trustee further asserted an entitlement to administer the proceeds from the intervening sale of Lot 6 for the benefit of the joint creditors of the Myers and Kelly. This Court agreed with the Trustee and ordered the Debtor's former counsel to transfer the Lot 6 proceeds from his escrow account to the Trustee.

31. After several failed attempts to obtain possession of the Lot 6 proceeds, *see Memorandum to Parties*, [Dkt. #944], at 4-5, Myers and Kelly, on February 6, 2018, jointly moved to reopen the aforementioned adversary case and vacate the consent judgment entered therein. On August 3, 2018, this Court denied the motions filed by Myers and Kelly, who thereupon noticed an appeal to the District Court.

---

[13] The Fourth Circuit *sua sponte* consolidated the Debtor's appeal of this Court's *Memorandum to Parties* with Myers and Kelly's appeal of the dismissal of an unrelated adversary proceeding to which the Trustee is not a party. *See Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, *et al*., Adv. No. 20-00284 (Bankr. D. Md.). The Fourth Circuit likewise affirmed the judgment below in the unrelated appeal.

32. The District Court ultimately dismissed that appeal on November 12, 2020 for appellants' failure to "request an official transcript from the official court reporter" and for failing to "file a corrected opening brief using the official transcript." *See Myers v. Offit Kurman, P.A.*, 2020 WL 7220662, *1 (D. Md. Nov. 12, 2020). Myers and Kelly then noticed an appeal to the Fourth Circuit on December 1, 2020.

33. The appeal in the Fourth Circuit has been pending for 995 days as of August 30, 2023. Myers and Kelly have been given multiple extensions of the briefing deadline, plus they have received the benefit of a stay of proceedings that lasted for nearly two years while Myers pursued his bad-faith Chapter 13 case in Florida. Most recently, the Fourth Circuit denied a motion by Kelly to stay the appeal based on the filing of her Chapter 13 case in Maryland earlier this year, and reinstated the informal briefing schedule.

**E. Recent Bad Faith Findings Against the Debtor and his Wife**

34. In its *Memorandum to Parties*, [Dkt. #944], this Court observed that "[Mr. Myers] has shown a pattern of abusive litigation tactics, and whether willfully or innocently, Ms. Kelly has been a participant in the same pattern and scheme… The Trustee has an obligation to expeditiously administer this estate, and his efforts have been repeatedly hampered by [Mr. Myers] and Ms. Kelly's vexatious filings." *Id*. Unfortunately, this pattern of vexatious filings has continued unabated and has continued to impede the Trustee's ability to bring the instant Chapter 7 case to a resolution.

35. Indeed, since the Trustee's *First Status Report*, no fewer than four (4) tribunals have found that the Debtor and/or Kelly have acted in bad faith in the proceedings before them. *See Kelly v. Offit Kurman, P.A.*, 2021 WL 3725379, *12 (D. Md. Aug. 23, 2021) (Blake, J.) ("The court views the amended complaint as one of a number of filings by Kelly or Myers in this matter,

including the suggestion of bankruptcy, the motion to intervene, the motion to disqualify, and the motion for stay, that appear designed to prevent or delay a ruling on Offit Kurman's pending motion to dismiss. The amended complaint's injection of unrelated and/or previously known issues into the case is evidence that the amended complaint was filed in bad faith and for the purpose of delay."); *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, 2022 WL 861395, *3 (D. Md. Mar. 23, 2022) (Hazel, J.) ("First, the Court finds that Appellants Barbara Ann Kelly and Greogry B. Myers are acting in bad faith... It is apparent that this Court has previously warned Appellants that their questionable litigation tactics are both 'dilatory and irresponsible.' [T]his, coupled with the fact that Appellants have not, in any way, attempted to meet procedural deadlines in this case… leads the Court to believe that that these three appeals are, likewise, efforts to further delay Appellants' underlying bankruptcy proceeding."); *In re Myers*, 2023 WL 350183, *5 (Bankr. M.D. Fla. Jan. 20, 2023) (Delano, J.) ("Having carefully considered the record, the Court will deny the Motion for Reconsideration and concludes that Debtor's case should be dismissed as a bad-faith filing. And in light of the Debtor's multiple bankruptcy filings, the Court finds it appropriate to dismiss the case with prejudice and with a two-year bar against refiling."); *Kelly v. United States Trustee*, Case No. 23-CV-00958 at Dkt. #9 (slip op.) (D. Md. June 21, 2023) (Boardman, J.) ("Having considered the specific conduct of Kelly in this case and the knowledge imputed to her by virtue of her other bankruptcy appeals in the District of Maryland, the Court finds that Kelly acted in bad faith by failing to timely file her designation of the record and statement of issues. Dismissal of her appeal is warranted.").

**FINAL OBSERVATIONS**

36. Not only is the Debtor extraordinarily litigious (as demonstrated above), but he has repeatedly harassed and attempted to intimidate the Trustee (and his counsel) throughout the

administration of this case. The Debtor has filed administrative complaints against the Trustee with the office of the United States Trustee and the Attorney Grievance Commission of Maryland. The Debtor's wife filed a complaint against the Trustee and his undersigned counsel in the District Court seeking in excess of $3 million in compensatory and punitive damages. *See Kelly v. Schlossberg, et al*., Case No. 20-CV-00268 (D. Md. 2020), Dkt. #1.[14] Most recently, the Debtor has taken to publicly accusing the Trustee of engaging in criminal conduct. *See, e.g., Motion for Clarification and Motion for Enlargement of Time for Appellants to File Their Initial Brief*, filed by the Debtor in *Myers, et al. v. Offit Kurman, et al*., Appeal No, 20-2309 (4th Cir. Apr. 12, 2023), Dkt. #59-1, at p.7 & n.2 (asserting that "Roger Schlossberg is a financial predator whose criminal conduct has gone completely 'unchecked' by the United States Trustee for Region 4 (like a Colombian drug lord)… Roger Schlossberg and the King Parties should be sanctioned, and Frank Mastro and Maurice VerStandig should be disbarred…").[15]

37. The Trustee, however, remains unbowed in the face of the Debtor's perpetual harassment and obstreperous conduct, and is committed to faithfully carrying out his duties in accordance with the Bankruptcy Code. Nevertheless, the extraordinary circumstances attendant to

[14] Kelly voluntarily dismissed her complaint after the Trustee served her with a proposed motion for Rule 11 sanctions. *See Kelly v. Schlossberg, et al.*, No. 20-CV-00268.

[15] The Debtor's lack of civility and disrespect for authority also extends to judges who have ruled against him. For example, in an apparent attempt to intimidate the presiding judge in his Chapter 13 case in the Middle District of Florida, the Debtor recently advised that presiding judge that "[t]he Debtor is actively researching a *Bivens* action against Judge Caryl E. Delano and others for intentional violations of Debtor's constitutionally protected rights." *See Debtor's Rule 59(e) Motion to Reconsider Order (1) Approving Undine C. George Esquire's Application for Final Compensation & Administrative Claim, and (2) Denying Debtor's Motion for Disgorgement of Fees*, filed in *In re Gregory B. Myers*, Bankr. No. 21-00123 (Bankr. M.D. Fla. Aug. 3, 2023), Dkt. #430, at p.3, n.1.

this case compel the Trustee to acknowledge that he does not realistically foresee being able to bring this matter to a conclusion at any time in the immediate future.

Respectfully submitted,

SCHLOSSBERG | MASTRO

Date: Sept. 1, 2023

By: */s/ Frank J. Mastro*

Frank J. Mastro #24679
Roger Schlossberg
P.O. Box 2017
Hagerstown, MD 21742-2017
Telephone: (301) 739-8610
fmastro@schlosslaw.com
rschlossberg@schlosslaw.com
*Attorneys for Trustee*