Entered: December 11th, 2023
Signed: December 10th, 2023

**SO ORDERED**

MARIA ELLENA CHAVEZ-RUARK
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

| | |
|---|---|
| In re:<br><br>GREGORY B. MYERS,<br><br>Debtor. | Case Number: 15-26033-MCR<br>(Chapter 7) |

**ORDER DENYING TRUSTEE'S MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY**

Before the Court is the Motion for Sanctions for Violation of Automatic Stay [Dkt. No. 1004] (the "Motion for Sanctions") filed on February 3, 2023 by Roger Schlossberg, the Chapter 7 trustee (the "Trustee") appointed to administer the Chapter 7 bankruptcy estate of Gregory B. Myers (the "Debtor"). The Motion for Sanctions seeks sanctions against Laurin H. Mills and Samek Werther & Mills, LLC (collectively, the "Firm") for their alleged violation of the automatic stay imposed by Section 362(a) of the United States Bankruptcy Code (the "Bankruptcy Code")[1] through actions undertaken in connection with a state court case.

On April 24, 2023, the Firm filed an opposition to the Motion for Sanctions [Dkt. No. 1015] (the "Opposition"), and on May 18, 2023, the Firm filed a supplement to its Opposition [Dkt. No.

[1] All statutory references shall be to the Bankruptcy Code unless otherwise stated.

1016] (the "Supplemental Opposition"). On June 14, 2023, the Trustee filed a reply in support of the Motion for Sanctions [Dkt. No. 1017], on June 20, 2023, the Firm filed a surreply [Dkt. No. 1018], and on June 21, 2023, the Trustee filed an additional reply in support of the Motion for Sanctions [Dkt. No. 1019]. The Court has reviewed all of the pleadings and related exhibits and finds that a hearing would not aid the decisional process.

For the following reasons, the Motion for Sanctions is denied.

## I. UNDISPUTED FACTS

The material facts are undisputed. Some of the facts are set forth in the Memorandum Opinion issued by this Court on September 28, 2018 [Adv. No. 17-00193, Dkt. No. 94], which was entered in conjunction with an Order Entering Judgment [Adv. No. 17-00193, Dkt. No. 95] through which the Debtor was denied a discharge under Sections 727(a)(3), 727(a)(4)(A), 727(a)(4)(B), and 727(a)(5). The remainder of the facts are established by the record in this bankruptcy case, a related adversary proceeding, and two state court cases, as set forth in more detail below.[2]

On November 18, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 in this Court. The Debtor's initial Schedule D filed on December 16, 2015 [Dkt. No. 19] listed an

---

[2] The Court may take judicial notice of docket entries, pleadings, and papers filed in other cases. *In re Marriott Intl., Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 96, 133 (D. Md. 2021), *aff'd sub nom. In re Marriott Intl., Inc.*, 31 F.4th 898 (4th Cir. 2022); *Brown v. Ocwen Loan Servicing, LLC*, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 Fed. App'x 200 (4th Cir. 2016). The Court may also take judicial notice of "prior litigation between the same parties where the two cases represent related litigation." *White v. Harris*, 23 F. Supp. 2d 611, 614 (D. Md. 1998) (citing *United States Fidelity & Guar. Co. v. Lawrenson,* 334 F.2d 464, 467 (4th Cir.), cert. denied, 379 U.S. 869 (1964)); *see also Cason v. Holder*, 815 F. Supp. 2d 918, 922 (D. Md. 2011), *aff'd,* 464 Fed. App'x 131 (4th Cir. 2012) (unpublished) ("This Court can take judicial notice of its own records in another case … where the two cases represent related litigation.") (citations omitted) and *In re Modanlo*, 342 B.R. 238, 241 (D. Md. 2006) ("Moreover, the Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records.") (quoting *Anderson v. Fed. Deposit Ins. Corp.,* 918 F.2d 1139, 1141 (4th Cir. 1990)).

entity named Serv Trust as having a claim in the amount of $151,500.00 secured by property known as Lot 6 Seaside 14 Subdivision, Santa Rosa Beach, FL 32459. Serv Trust is a trust that was created by the Debtor's mother for the benefit of the Debtor's children. The Debtor is or was a co-trustee of Serv Trust. The Debtor testified at his continued meeting of creditors on February 1, 2016 that Serv Trust has a 50% interest in a Maryland limited liability company named 6789 Goldsboro LLC ("Goldsboro LLC"), the sole asset of which is a parcel of residential real property located in Montgomery County, Maryland (the "Goldsboro Property"). The Debtor did not disclose the other 50% owner of Goldsboro LLC at his continued 341 meeting of creditors.

On February 22, 2017, after an evidentiary hearing, the Court entered an order granting the motion of the United States Trustee to convert the Debtor's case from Chapter 11 to Chapter 7 [Dkt. No. 316]. The Trustee was appointed immediately upon conversion.

On September 14, 2017, Brian King, Cristina King, and the Cristina and Brian King Children's Trust (the "King Parties") filed a Complaint for Declaratory Judgment (the "King Declaratory Judgment Complaint") against Serv Trust in the Circuit Court for Montgomery County, Maryland (the "State Court") in the case styled *King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Declaratory Judgment Case"). The King Declaratory Judgment Complaint sought, among other things, (i) a judgment declaring that the King Parties could direct Goldsboro LLC to redeem the interest of Serv Trust in Goldsboro LLC in exchange for previous consideration paid based on an appraisal conducted of the Goldsboro Property pursuant to the Operating Agreement governing Goldsboro LLC, and (ii) a judgment declaring that Serv Trust's interest in Goldsboro LLC has been redeemed.[3]

[3] A copy of the King Declaratory Judgment Complaint appears at Adv. No. 18-00407, Dkt. No. 4, Exhibit A.

On January 24, 2018, Goldsboro LLC filed a Complaint (the "Goldsboro Breach of Contract Complaint") against Serv Trust in the Circuit Court for Garrett County, Maryland in the case styled *6789 Goldsboro LLC v. Serv Trust, et al*., Case No. C-11-CV-18-000018. The Goldsboro Breach of Contract Complaint asserted claims for breach of a promissory note and promissory estoppel.[4] The Circuit Court for Garrett County, Maryland transferred the case to the State Court on July 24, 2018, and the State Court assigned Case No. 451611-V to the case and consolidated it with the King Declaratory Judgment Case (collectively, the "State Court Case").

On October 29, 2018, Goldsboro LLC filed a Complaint for Declaratory Judgment against the Debtor, Serv Trust, and the Trustee (the "Goldsboro Declaratory Judgment Complaint") thereby commencing an adversary proceeding in this Court [Adv. No. 18-00407] (the "Goldsboro Adversary Proceeding"). The Goldsboro Declaratory Judgment Complaint alleged that the King Parties collectively are the other owner of Goldsboro LLC, exercised their right to redeem Serv Trust's interest in Goldsboro LLC, and filed a declaratory judgment action in the State Court in connection therewith (this being the King Declaratory Judgment Complaint filed in the State Court). The Goldsboro Declaratory Judgment Complaint sought a judgment from this Court declaring that Serv Trust is the alter ego of the Debtor and that the assets and liabilities of Serv Trust are assets and liabilities of the Debtor subject to administration by the Trustee. Goldsboro LLC also requested an order from this Court staying the State Court Case based on Goldsboro LLC's assertion that Serv Trust is the alter ego of the Debtor.

On January 30, 2019, the Court entered an order abstaining from exercising jurisdiction over the claims asserted in the Goldsboro Adversary Proceeding [Adv. No. 18-00407, Dkt. No.

[4] A copy of the Goldsboro Breach of Contract Complaint appears at Adv. No. 18-00407, Dkt. No. 4, Exhibit B.

28] (the "Abstention Order"). The Abstention Order determined that the State Court could determine whether Serv Trust is the alter ego of the Debtor in connection with the State Court Case, and if such a determination was made, then the parties to the State Court Case could come back to this Court to determine a course of action. On the other hand, if the State Court determined that Serv Trust is not the alter ego of the Debtor, then the State Court Case would have little impact on the Debtor's bankruptcy case and there would be no basis for the Court to exercise jurisdiction over the Goldsboro Adversary Proceeding. The Abstention Order also stated that the State Court could determine whether the automatic stay of Section 362(a) applies to the State Court Case.

After entry of the Abstention Order, the King Parties filed an amended complaint in the King Declaratory Judgment Case to include a request for declaratory judgment that Serv Trust is the alter ego of the Debtor.

The State Court Case proceeded to trial on January 3, 2023, at which the State Court determined that Serv Trust is the alter ego of the Debtor. The State Court reduced its oral ruling from the January 3, 2023 trial to a written order entered on January 12, 2023 (the "Alter Ego Order").[5] The Alter Ego Order determined that "Serv Trust is, and as of November 18, 2015 was, the alter ego of [the Debtor], pursuant to Maryland law" and further determined that "Serv Trust is a disregarded entity, being the alter ego of [the Debtor]" and therefore, "all further proceedings in this case are stayed pursuant to the provisions of Section 362 of Title 11 of the United States Code" pending the removal of the State Court Case to this Court, the granting of relief from stay, or the occurrence of other events terminating the automatic stay. Alter Ego Order at p. 2.

On January 23, 2023, shortly after entry of the Alter Ego Order, the Firm entered its appearance in the State Court Case on behalf of Serv Trust and filed a Motion for a New Trial or

[5] A copy of the State Court's Alter Ego Order is attached to the Motion for Sanctions as Exhibit 1.

to Vacate, Alter, or Amend Judgment (the "Post-Trial Motion") on behalf of Serv Trust.[6] The Post-Trial Motion states that the Firm was retained on January 20, 2023. The Trustee filed a line in the State Court Case purporting to withdraw the Post-Trial Motion, to which the Firm filed a motion to strike on behalf of Serv Trust. On February 27, 2023, the State Court held a hearing to consider the Post-Trial Motion, the Trustee's line, and Serv Trust's motion to strike the Trustee's line.

On April 17, 2023, the State Court issued an oral ruling at which it denied the Post-Trial Motion and granted Serv Trust's motion to strike the Trustee's line.[7] In its oral ruling, the State Court explained that it has jurisdiction to consider the Post-Trial Motion because it has "authority under the Maryland Rules to control its judgments that are non-final." Transcript at p. 6. On April 18, 2023, the State Court reduced its oral ruling to a written order denying the Post-Trial Motion and granting Serv Trust's motion to strike.[8]

The Debtor noted an appeal of the order denying the Post-Trial Motion and filed an emergency motion for a stay pending the outcome of the appeal. On May 5, 2023, the Appellate Court of Maryland entered an order denying the Debtor's motion for stay pending appeal.[9] The order gave the Debtor 20 days to show cause why the appeal should not be dismissed because it is an appeal of a nonfinal order. On May 25, 2023, the Debtor voluntarily dismissed his appeal of the order denying the Post-Trial Motion.

---

[6] Copies of the Firm's Notice of Appearance and Post-Trial Motion are attached to the Motion for Sanctions as Exhibits 2 and 3, respectively.

[7] A copy of the transcript of the State Court's oral ruling is attached to the Opposition as Exhibit B.

[8] A copy of the State Court's order denying the Post-Trial Motion is attached to the Opposition as Exhibit C.

[9] A copy of the Appellate Court's order denying the Debtor's motion for stay pending appeal is attached to the Supplemental Opposition as Exhibit B.

## II. THE MOTION FOR SANCTIONS AND RELATED FILINGS

The Motion for Sanctions argues that, upon entry of the Alter Ego Order by the State Court, Serv Trust and all of its assets became property of the Debtor's bankruptcy estate pursuant to Section 541(a), subject to administration by the Trustee as the sole legal representative of the bankruptcy estate pursuant to Section 323(a), and the automatic stay described in Section 362(a) immediately took effect. The Trustee asserts that the Firm willfully violated the automatic stay by undertaking actions on behalf of Serv Trust after entry of the Alter Ego Order – filing the Post-Trial Motion and other related pleadings in the State Court – without authorization by the Trustee. The Trustee further asserts that the Firm violated the automatic stay by collecting a retainer fee paid from Serv Trust's assets, which assets are now property of the Debtor's bankruptcy estate, without obtaining prior authorization from the Trustee or this Court.

The Firm maintains that it was retained by Serv Trust two days prior to the deadline to file post-trial motions in response to the Alter Ego Order and that the State Court has already determined that the Firm did not violate the automatic stay when it considered the merits of the Post-Trial Motion. The Firm also requests guidance from this Court on how to proceed with an appeal of the Alter Ego Order.

The Trustee disagrees with the Firm that the State Court's ruling at the April 17, 2023 hearing precludes this Court from finding that the Firm violated the automatic stay and reiterates that the Motion for Sanctions is based not only on the filing of the Post-Trial Motion but also on the Firm's collection of a retainer allegedly paid from Serv Trust's assets. The Trustee states that discovery is needed to uncover the extent to which Serv Trust's assets have been obtained by the Firm in violation of the automatic stay because it is unclear whether any retainer paid to the Firm

in connection with its representation of Serv Trust was paid from Serv Trust's assets or from another source.

## III. ANALYSIS

The automatic stay of Section 362(a) prohibits: "[A]ny act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). "The automatic stay is … 'among the most basic protections afforded a debtor under bankruptcy law [and] [c]ourts must display a certain rigor in reacting to violations of the automatic stay.'" *Colon v. Rivera (In re Colon),* 265 B.R. 639, 644 (B.A.P. 1st Cir. 2001) (quoting *Soares v. Brockton Credit Union (In re Soares),* 107 F.3d 969, 975–976 (1st Cir. 1997)). The filing of a bankruptcy case stays any act against property of the bankruptcy estate "until such property is no longer property of the estate." 11 U.S.C. § 362(c).

Section 362(k) sets forth the consequences of a willful violation of the automatic stay. That section provides in pertinent part, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). "A violation of the stay is willful if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay." *Ford Motor Credit Co. v. Hemsley (In re Bennett),* 317 B.R. 313, 316 (Bankr. D. Md. 2004) *(quoting Barnett v. Edwards (In re Edwards),* 214 B.R. 613, 620 (B.A.P. 9th Cir. 1997)). The party seeking damages under Section 362(k) has the burden of proving by a preponderance of the evidence that a willful stay violation occurred, that damages were suffered, and that the amount of relief requested is appropriate. *Torres v. Chang (In re Torres)*, No. 11-10862-WIL, 2014 WL 4929062, at *3 (Bankr. D. Md. Sept. 30, 2014) (citing *Green Tree Servicing, LLC v. Taylor (In re Taylor),* 369 B.R. 282, 286 (S.D. W. Va. 2007)).

A state court has concurrent jurisdiction with bankruptcy courts to determine the applicability of the automatic stay:

> The State court may not grant relief from the stay – that is a matter committed exclusively to the Bankruptcy Court – but it may, when presented with the issue, determine whether, factually or legally, a stay is in effect and whether a particular action it is about to take or has already taken is subject to such a stay. Those determinations are, of course, reviewable on appeal.

*Klass v. Klass*, 377 Md. 13, 21 (2003). "[W]hen faced with a collateral challenge to a state court determination that the stay does not apply, the bankruptcy court having jurisdiction over a bankruptcy case in which the stay arises must adjudicate the question anew." *In re Angelo*, 480 B.R. 70, 83 (Bankr. D. Mass. 2012).

Here, the Court agrees with the State Court that it had authority to examine its own ruling – the Alter Ego Order – when presented with the Post-Trial Motion and that the exercise of its revisory power did not violate the automatic stay. The posture of the State Court Case is unique. The Alter Ego Order, upon its entry, had the effect of converting Serv Trust's assets into property of the Debtor's bankruptcy estate well after the Debtor commenced his bankruptcy case. Consequently, any action undertaken by or on behalf of Serv Trust after entry of the Alter Ego Order without the Trustee's authorization would arguably be a technical violation of the automatic stay. Even the filing of a motion for relief from automatic stay in this Court to pursue any post-trial actions in the State Court would arguably have violated the automatic stay. However, the Alter Ego Order benefitted the Debtor's bankruptcy estate by potentially bringing new assets into the estate so the Trustee would be unlikely to authorize any action to challenge the Alter Ego Order.

This Court is faced with the dilemma of having to decide between two competing policies – one in favor of the State Court's power to examine and revise its prior ruling and one in favor of

the automatic stay. Both serve an important role, but it cannot reasonably be said that the automatic stay in this particular situation precluded the State Court from considering whether to revise its own order. If that were the case, entry of the Alter Ego Order would have deprived Serv Trust of its right to challenge any adverse decision by the State Court through post-judgment motions or otherwise.

Thus, this Court agrees with the finding of the State Court that it had the authority to consider the Post-Trial Motion to potentially exercise its revisory power over the Alter Ego Order. It simply defies logic that a court can be prevented from exercising its broad revisory powers over a prior ruling based on incidental, unintended effects of the prior ruling (here, the potential springing of the automatic stay into place upon entry of the Alter Ego Order). This Court must respect that the State Court "has broad discretion in modifying a judgment pursuant to Maryland Rule 2-535(a)." *Brower v. Ward*, 256 Md. App. 61, 68 (2022), *cert. denied,* 482 Md. 735 (2023). Under the unique facts of this case, the Court determines that the automatic stay did not prevent the Firm from filing the Post-Trial Motion and the Motion to Strike the Trustee's Line, nor did it prevent the State Court from considering the post-trial filings. To hold otherwise would deprive Serv Trust of taking any steps to challenge an adverse, nonfinal ruling.

Notwithstanding the foregoing, to the extent that the automatic stay did in fact prevent the Firm from taking action on behalf of Serv Trust and/or prevent the State Court from considering the Post-Trial Motion, the Court finds that the circumstances presented herein warrant modification of the automatic stay for cause under Section 362(d)(1), *nunc pro tunc* to January 23, 2023, when the Firm entered its appearance in the State Court Case and filed the Post-Trial Motion. Such relief is for the limited purpose of permitting the State Court to decide the Post-Trial Motion

and related filings addressed by the State Court at the February 27, 2023 and April 17, 2023 hearings, and in its related order entered on April 18, 2023.

For these reasons, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the Motion for Sanctions is denied; and it is further

ORDERED, that to the extent the automatic stay of Section 362(a) prevented the filing and consideration of the Post-Trial Motion and related pleadings, the automatic stay is modified, *nunc pro tunc* to January 23, 2023, for the limited purpose of permitting the State Court to decide the Post-Trial Motion and related filings addressed by the State Court at the February 27, 2023 and April 17, 2023 hearings, and in its related order entered on April 18, 2023; and it is further

ORDERED, that the Firm's request for guidance on how to appeal the Alter Ego Order is denied because the Court does not provide legal advice; and it is further

ORDERED, that the denial of the Motion for Sanctions does not preclude the Trustee from pursuing an action under Section 549 to recover any property of the Debtor's bankruptcy estate that was paid to the Firm without the Trustee's or the Court's authorization.

cc: Debtor – Gregory B. Myers, 750 Gulf Shore Boulevard North, Naples, FL 34102
Debtor – Gregory B. Myers, 4505 Wetherill Road, Bethesda, MD 20816
Movant – Roger Schlossberg, Chapter 7 Trustee
Movant's Counsel – Frank J. Mastro, counsel for Chapter 7 Trustee
United States Trustee – Lynn A. Kohen
Respondent – Samek Werther & Mills, LLC
Respondent's Counsel – Laurin H. Mills
Other – Barbara Ann Kelly, 750 Gulf Shore Boulevard North, Naples, FL 34102
Other – Barbara Ann Kelly, 4505 Wetherill Road, Bethesda, MD 20816
All creditors and other parties in interest

**END OF ORDER**