**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| In re: | ) | |
| GREGORY B. MYERS, | ) | Case No. 15-26033-MCR |
| Debtor, | ) | |
| BRIAN KING, CRISTINA KING, AND THE CRISTINA AND BRIAN KING CHILDREN'S TRUST, | ) | |
| Plaintiffs, | ) | Adversary Case No. _________ |
| v. | ) | |
| ROGER SCHLOSSBERG, in His Official Capacity as Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers, | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY RELIEF**

Come now Brian King ("Mr. King"), Cristina King ("Mrs. King"), and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (the "Trustee of the Children's Trust," with the trust itself being known as the "Children's Trust")) (Mr. King, Mrs. King, and the Trustee of the Children's Trust being collectively known as the "Plaintiffs" and each sometimes being known as a "Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7003 and Federal Rule of Civil Procedure 3, and as and for their complaint for declaratory relief (the "Complaint") against Roger Schlossberg, in his official capacity as Chapter 7 Trustee of Mr. Myers' bankruptcy estate (the "Trustee" or "Defendant"), state as follows:

## Introduction

1. This action concerns the affairs of 6789 Goldsboro LLC ("6789 Goldsboro"), an entity formed to develop an eponymous parcel of real estate in Bethesda, Maryland.

2. Gregory B. Myers ("Mr. Myers" or the "Debtor") prevailed upon the Plaintiffs to invest their money into developing the project, with 6789 Goldsboro being funded by the Plaintiffs and having its senior equity interests owned by the Plaintiffs.

3. In exchange for his efforts locating the project and working to develop the project, Mr. Myers was granted a subordinate, junior equity interest in the company; knowing he would soon be filing bankruptcy, and wishing to conceal that interest from his creditors, Mr. Myers took the interest in the name of Serv Trust, an entity that has now been declared – by the Circuit Court for Montgomery County, Maryland – to be Mr. Myers' alter ego.

4. At core, the deal with the Plaintiffs and Mr. Myers was simple: Mr. Myers had three years to develop 6789 Goldsboro Road, Bethesda, Maryland 20817 (the "Property") into an asset worth more than the monies invested by the Plaintiffs. If Mr. Myers succeeded in doing so, the junior equity interest would realize value; if Mr. Myers failed to do so, the junior equity interest could be redeemed for previous consideration.

5. By reason of Mr. Myers taking repeated loans from 6789 Goldsboro, and in light of certain development issues encountered, the Property ultimately was not worth as much as the Plaintiffs had invested; after Mr. Myers performed an attempted act of grift on the Plaintiffs, they accordingly invoked the mechanism to redeem the junior equity interest titularly held by Serv Trust as Mr. Myers' alter ego.

6. The Plaintiffs now seek a judicial declaration that the junior equity interest has been redeemed; since Mr. Myers is a debtor in bankruptcy, and insofar as the interest was held in the

name of an entity that has been adjudicated his alter ego, the Trustee is the proper defendant hereto and, accordingly, is the party against whom suit is instantly brought.

**Parties**

7. Mr. King is a natural person who is a citizen of the State of Florida by virtue of his ongoing domicile therein.

8. Mrs. King is a natural person who is a citizen of the State of Florida by virtue of her ongoing domicile therein.

9. Mr. King also brings this suit in his capacity as the Trustee of the Children's Trust, which is a Maryland trust.

10. The Trustee is the duly-appointed trustee of the Chapter 7 bankruptcy estate of Mr. Myers, an estate that includes the assets of Serv Trust, a Maryland statutory trust that has been adjudicated to be the alter ego of Mr. Myers.

**Jurisdiction and Venue**

11. This Honorable Court enjoys jurisdiction over the instant proceeding, pursuant to the allowances of Section 157(b)(2)(A, B, O) of Title 28 of the United States Code, as this case concerns the administration of the Debtor's estate, an equitable claim against the Debtor's estate, and the liquidation of a putative asset of the Debtor's estate.

12. Venue is properly laid in this Honorable Court pursuant to the allowances of Section 1334 of Title 28 of the United States Code, as this matter relates to a proceeding under Title 11 of the United States Code.

**General Allegations: 6789 Goldsboro LLC – Property and Operating Agreement**

13. The Plaintiffs collectively comprise the full Class A members of a 6789 Goldsboro and have done so at all times relevant.

14. Mr. Myers, through his alter ego, Serv Trust, was the sole Class B member of 6789 Goldsboro prior to the time at which the subject interest was redeemed.

15. Pursuant to the First Amended and Restated Operating Agreement of July 18, 2013 (the "Operating Agreement," inclusive of the subsequent amendment thereto), for 6789 Goldsboro, the entity exists to "purchase, acquire, buy, own, trade in, hold, develop, lease, manage, entitle, subdivide, sell, and otherwise deal in and with" the Property. *See* Operating Agreement at § 2.2.

16. 6789 Goldsboro acquired the Property on July 18, 2013 and has owned the Property continuously and without interruption at all times since.

17. Pursuant to Section 7.7 of the Operating Agreement, as subsequently amended, if the governmental approvals requisite to subdivide the Property into at least nineteen (19) townhouse dwellings are not obtained by July 18, 2016, and the Class A members of 6789 Goldsboro do not elect to sell the Property, the Class A members have the right to have the Property appraised in accordance with the terms of the Operating Agreement.

18. Pursuant to Section 7.5 of the Operating Agreement, an appraisal of the Property occurs, *inter alia*, when the Class A members notify the Class B member of a demand for appraisal of the Property, and each class of members then has fifteen (15) days to appoint an MAI appraiser.

19. Under the regime of Section 7.5 of the Operating Agreement, an appraisal is then made by examining the appraisals of the individuals appointed by each class of membership and, if need be, having a third appraiser – mutually selected – undertake an additional appraisal.

20. Following an appraisal triggered by Section 7.7 of the Operating Agreement, if the appraised value of the Property is found to be less than the monies thus far invested by the Class A members, the Class A members may cause 6789 Goldsboro to redeem the Class B member's interests in exchange for previous consideration.

**General Allegations: Appraisal**

21. The governmental approvals requisite to subdivide the Property into at least nineteen (19) townhouse dwellings were not obtained by July 18, 2016 and, further, have not been obtained as of the date of filing of this Complaint.

22. On August 23, 2017, the Class A members notified Serv Trust of their election to have the Property appraised for purposes of determining if the entity may redeem the interest of Serv Trust.

23. Specifically, notice was sent by undersigned counsel, on behalf of the Class A members (the Plaintiffs herein), to Serv Trust, via certified mail, return receipt requested, at the address indicated in the Operating Agreement (the "Appraisal Election").

24. The Appraisal Election was delivered on August 24, 2017.

25. By electronic mailing dated September 13, 2017, Serv Trust acknowledged its receipt of the Appraisal Election but did not appoint an appraiser pursuant to the Operating Agreement.

26. Pursuant to the Operating Agreement, the last day for Serv Trust to appoint an appraiser was September 11, 2017.

27. The Plaintiffs did not receive the appointment of an appraiser from Serv Trust through any of the means specified in the Operating Agreement (nor through any other medium) in a timely (or even untimely) manner.

28. The Plaintiffs have had the Property appraised by their designated appraiser, and are in receipt of a report indicating its market value – at the time of the subject appraisal – to be between One Million Dollars and No Cents ($1,000,000.00) and One Million Three Hundred Twenty Five Thousand Dollars and No Cents ($1,325,000.00) (the "Class A Appraisal").

29. The Class A members' investment in 6789 Goldsboro, as of the time of the Class A Appraisal, exceeds Three Million Five Hundred Thousand Dollars and No Cents ($3,500,000.00) (the "Class A Investment").

**General Allegations: Bankruptcy**

30. The relief sought herein was originally pursued in the Circuit Court for Montgomery County, Maryland (the "State Court").

31. As part of the litigation in the State Court, the Plaintiffs also sought a declaration that Serv Trust is the alter ego of Mr. Myers.

32. Notwithstanding myriad delays occasioned by Mr. Myers' gamesmanship (including an effort to remove the State Court suit to a bankruptcy court in Florida on the last business day before trial), the State Court claim to declare Serv Trust to be the alter ego of Mr. Myers was finally tried to the bench in January 2023.

33. Following trial, the State Court ruled in favor of the Plaintiffs, adjudicating, *inter alia*, "Serv Trust is a disregarded entity, being the alter ego of Mr. Myers" and "Serv Trust is, and as of November 18, 2015 was, the alter ego of Gregory B. Myers."

34. The Trustee was a nominal defendant in the State Court litigation and was represented at trial.

35. With Serv Trust being declared the alter ego of Mr. Myers, and the claim concerning the redemption of Serv Trust's interests in 6789 Goldsboro accordingly being a claim against Mr. Myers' bankruptcy estate, the State Court ordered, *inter alia*, "all further proceedings in this case are stayed pursuant to the provisions of Section 362 of Title 11 of the United States Code, with all such proceedings constituting proceedings within the scope of those set forth in Section 157(b) of Title 28 of the United States Code."

36. By agreement of the Plaintiffs and the Trustee, and consistent with an order of this Honorable Court approving the subject agreement, the litigation is thusly now brought in this Honorable Court, so the case may appropriately proceed.

37. Pursuant to the aforementioned order of this Honorable Court, the parties hereto have entered into settlement negotiations over the past several weeks, albeit to no avail as of present; for the avoidance of doubt, the filing of this Complaint is not intended to stymie or otherwise interfere with those negotiations but, rather, is undertaken solely to protect and preserve the litigation rights of the Plaintiffs.

**Count One**
**Declaratory Judgment: Redemption of Interests**

38. The Plaintiffs repeat and re-allege each and every foregoing paragraph of this Complaint, as though fully set forth herein.

39. There does now exist an actual controversy between the parties hereto, concerning their respective rights under the Operating Agreement and the extent, *vel non*, of their legal relations.

40. The Plaintiffs maintain that the interests of Serv Trust, in 6789 Goldsboro, have been redeemed pursuant to the allowances of the Operating Agreement.

41. Specifically, Serv Trust failed to timely designate an alternative appraiser for purposes of appraising the Property, let alone procure an appraisal that values the Property at a sum in excess of the Class A Investment.

42. Specifically, the Class A Appraisal reveals the Property to have a value well below that of the Class A Investment.

43. Specifically, under the Operating Agreement, the Plaintiffs are entitled to have 6789 Goldsboro redeem the interest of Serv Trust, without any further consideration, where the

value of the Property in its present state is less than the sum of the Class A Investment.

44. The Plaintiffs thusly maintain the interests of Serv Trust, in 6789 Goldsboro, have been fully redeemed, and the Trustee has no right, title, or interest in the affairs, equity, or assets of 6789 Goldsboro.

WHEREFORE, the Plaintiffs respectfully pray this Honorable Court (i) declare Serv Trust to have waived its right to appoint an alternative appraiser under the Operating Agreement by not doing so on or before September 11, 2017; (ii) declare the interest of Serv Trust, in 6789 Goldsboro, to have been fully redeemed; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

THE VERSTANDIG LAW FIRM, LLC,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
1452 W. Horizon Ridge Pkwy., #665
Henderson, Nevada 89012
Phone: 301-444-4600
E-mail: mac@mbvesq.com
*Counsel for the Plaintiffs*