USBC-MD G FILED
6 MAY '25 PM4:12

# Exhibit A

11

USBC-MD B FILED DB
21 JAN '25 PM11:25

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:

GREGORY B. MYERS,

Debtor.

Case No. 15-26033-MCR
(Chapter 7)

_______________________________/

BRIAN KING, *et al.*,

Plaintiffs,

v.

Adv. No. 24-00007

ROGER SCHLOSSBERG, TRUSTEE,

Defendant.

_______________________________/

**GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING PLAINTIFFS**

Gregory B. Myers ("Mr. Myers" or "Movant"), *pro se*, files his preliminary objection (the "Objection") to the *Trustee's Motion For Approval Of Proposed Compromise And Settlement With King Plaintiffs* (Doc. 17) (the "Motion"), and states:

**BACKGROUND**

On December 16, 2022, the Montgomery County Circuit Court (Lease, J) held a hearing in *King, et al. v. Serv Trust, et al.*, Case No. 436977-V (the "King Case") and *6789 Goldsboro LLC v. Serv Trust, et al.*, Case No. 436977-V (the "Goldsboro Case") (the "King Case" and "Goldsboro Case" having been consolidated for administrative purposes, and referred to herein collectively as the "State Court Litigation"). The following statements were placed on the record during the



10 AS

December 16, 2022, hearing in the State Court Litigation:

> THE COURT: *** So Mr. Myers is here in court. The matters against Mr. Myers have been stayed. *** Mr. Myers is a party to the case, but his matters have been stayed at this point in time.
> THE COURT: What's the status of this matter? I'll start with counsel for the King Parties.
> MR. VERSTANDIG: Your Honor, we are prepared to proceed to trial on January 3rd [2023]. Pre-trial statements were filed a couple of years ago prior to a bankruptcy stay and are inclusive of all the exhibits and all the witnesses we plan to rely upon during our trial in January [2023]. It will be a more abbreviated list of witnesses and exhibits because the claims against Mr. Myers are stayed. ***
> MR. MYERS: *** If King Parties prevail in either of their two counts, I have potential liability.
> THE COURT: They would have to prove those counts against you in a separate trial. The matter would not be -- there would not be any collateral estoppel or res judicata because you did not participate in this case as a party. You were stayed and out of the case.
> MR. MYERS: There would still be a ruling that would impose liability upon me.
> THE COURT: There would not be a ruling that would impose liability on you. There would be a ruling that would potentially impose liability on Serv Trust. However, these Plaintiffs would have to, if they wanted to proceed against you, would be required to try that matter again separately and there would not be any res judicata or collateral estoppel issues because you were not a party to th[is] case. You were stayed, so you are not considered a party.

(Alterations and emphasis supplied supplied). See also King Plaintiff's motion to stay proceedings, a copy of which is attached hereto as **Exhibit A** and made a part hereof.

On January 3, 2023, the Montgomery County Circuit Court (Lease, J) made the following statement on the record in the State Court Litigation:

> THE COURT: And under the Frow doctrine you can, either one of two things: you sort of abstain from going forward because you don't want to try it twice, or two, you can enter the judgment, but then it's a non-final judgment because anything that I do today in essence necessarily would be nonfinal because we don't have, we're not putting all of the claims against all the parties are not getting to an adjudication. **So we don't have a final judgment today under any circumstance**.

(Emphasis supplied).[1] A copy of the partial hearing transcript is attached hereto as **Exhibit B** and made a part hereof.

On January 3, 2023, Mr. Myers noticed an appeal to the Appellate Court of Maryland ("ACM") stemming from the conduct in the State Court Litigation. The ACM docketed the case as No. 1876, September Term 2022, ACM-REG-1876-2022 (the "ACM Appeal").

On January 12, 2023, the Montgomery County Circuit Court (Lease, J.)—in violation of the ACM's jurisdiction—entered an ORDER ENTERING PARTIAL JUDGMENT AND STAY in the State Court Litigation, ordering "that all remaining matters in this case are accordingly stayed... ."

On April 17, 2023, the Montgomery County Circuit Court (Lease, J) held a hearing in the State Court Litigation and ruled the "triggering mechanism" for bankruptcy jurisdiction would necessarily require entry of a **final order** in the State Court Litigation (i.e., *not* entry of a *non*-final order). A copy of the hearing transcript is attached hereto as **Exhibit C** and made a part hereof

On April 18, 2023, in the ACM Appeal, Mr. Myers filed a motion for stay pending appeal. On April 28, 2023, the King Parties filed a response to Mr. Myers's motion (the "King Parties ACM Response")—which Goldsboro and the Trustee adopted and incorporated in their respective responses filed in the ACM Appeal—arguing:

> "[T]he order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled 'Order Entering Partial Judgment and Stay,' and the order most certainly does not dispose of the totality of the triable issues below."
>
> "**The order from which appellants appealed did not adjudicate or complete the adjudication of any claim in this matter**. It therefore was not a final order[.]"

[1] The King Parties have **never** answered the Second Amended Counterclaim filed by Serv Trust in Case 436977-V and are now in default.

> "Here, the order below is, by its own titular designation, 'partial' in nature. There are no less than three causes of action that have not yet been tried judgment and, accordingly, upon which no judgment has been entered."
>
> "[T]here remain unresolved causes of action in both cases that were consolidated below and, as such, there does not exist a final order in either case, even if they were to be considered separately."

(Alterations supplied). A copy of the King Parties ACM Response is attached hereto as **Exhibit D**. The King Parties, Goldsboro, and the Trustee are judicially estopped from taking a different position in this Court.

On May 7, 2024, the King Parties and the Trustee executed and filed a fraudulent "STIPULATION OF DISMISSAL" (the Stipulation") in the State Court Litigation, which states:

> COMES NOW, Plaintiffs, Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), and Defendant, Serv Trust, through Roger Schlossberg, the Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers, who is, by operation of law, now the sole legal representative of Serv Trust following this Court's judicial determination herein that Serv Trust is the alter ego of Gregory B. Myers, by and through their respective undersigned counsel, pursuant to Md. Rule 2-506(a), hereby stipulate and agree that Count I of Plaintiffs' First Amended Complaint (Declaratory Judgment: Redemption of Interests) in Case No.: 436977-V shall be, and is hereby, DISMISSED.

A copy of the fraudulent Stipulation is attached hereto as **Exhibit E**.

## ARGUMENT

Serv Trust's property is unaffected unless and until there is a final judgment in the State Court Litigation, and it is **undisputed** that there is no final judgment in the State Court Litigation that adjudicates all claims against all parties in the State Court Litigation. In fact, the King Plaintiffs (VerStandig) represented to the Appellate Court of Maryland that "The order from which appellants appealed did not adjudicate or complete the adjudication of ***any claim*** in this matter." (Emphasis supplied). The Trustee adopted and incorporated that very argument as his own.

It is obvious the Settlement Motion—together with Adversary Proceeding No. 24-00007—is a sham; a fraud. See *In re Anderson*, 377 B.R. 865 (2007), holding "the Chapter 7 Trustee's settlement with the owners of the other undivided one-half interest in the property cannot be approved, for, as already discussed, that settlement contemplates the Chapter 7 Trustee conveying to those owners an interest in the property that the bankruptcy estate in all likelihood no longer owns. **The bankruptcy estate's receipt of consideration from the Defendants under such circumstances would be tantamount to fraud and, therefore, would be in violation of the Chapter 7 Trustee's fiduciary duty to administer the bankruptcy estate in a lawful manner**." (Emphasis supplied). See also email chain attached hereto as **Exhibit F**, evidencing a conspiracy by and among Brian King, Timothy Lynch, Maurice VerStandig and others to commit tax fraud in violation of 26 U.S. Code § 7206, as well and numerous other bad acts.[2] *See Etgen v. Washington County Bldg. Loan Ass'n.*, 184 Md. 412, 41 A.2d 290 (1945) ("where two or more persons conspire to carry out a fraud to cheat another, each of them is liable to the defrauded party irrespective of the degree of his activity in the fraudulent transaction or whether he shared in the profits of the scheme. In order to establish liability of a participant in a fraud, it is not necessary to show that he was a party to its contrivance at its inception. If it is shown that he knew of the fraudulent scheme and willfully aided in its execution, he is chargeable with the consequences. All persons who participate in such a transaction are jointly liable for the ensuing injury regardless of the degree of culpability. *Lomita Land Water* Co. v. Robinson, 154 Cal. 36, 97 P. 10, 14."). Id. at 418. The Trustee's "fingerprints" are now on this scheme as well.[3]

---

[2] Notably, on December 18, 2018, **The Honorable Anne K. Albright** (now sitting on the Appellate Court of Maryland), found, *inter alia*, that Brian King as the Managing Member of 6789 Goldsboro LLC breached his fiduciary duty to Serv Trust "in order to benefit himself and the other class A members" (his family), and concluding "**that would amount to constructive fraud**.".

[3] Given the criminal and fraudulent nature of the Settlement Motion, it is apparent that counsel's

On December 5, 2019, the Maryland bankruptcy court (Simpson, J) entered an Order remanding Adv. No. 19-00427 (i.e., the State Court Litigation) "to the Circuit Court for Montgomery County, Maryland pursuant to 28 U.S.C. ' 1452(b)." (Adv. No. 19-00427; Dkt. No. 5) the "Remand Order"). A copy of the Remand Order is attached hereto as **Exhibit G** and made a part hereof.

This Court (Chavez-Ruark, J) has previously acknowledged that the Montgomery County Circuit Court (Lease, J) has jurisdiction and authority under the Maryland Rules to **control its judgments** that are non-final. And the Trustee concedes that he is **barred** under Bankruptcy Rule 9027(a)(3) from removing the State Court Litigation to this Court, citing Bankruptcy Rule 9027 and *Roberts v. Creighton*, 2009 WL 7083320 (D. Md. Feb. 27, 2009). Yet, on December 11, 2023, this Court (Chavez-Ruark, J) entered an Order (Doc 1029) in Case 15-26033, which states:

> "The Settlement Procedure Motion is the **mechanism** by which the Trustee is seeking authority to resolve a stayed cause of action in the State Court."

The Bankruptcy Court (Chavez-Ruark, J) has no jurisdiction or authority to approve a "**mechanism**" which amounts to an **improper collateral attack** on the Remand Order entered on December 5, 2019 (Adv. No. 19-00427; Dkt. No. 5). An order remanding a claim or cause of action to the State Court is not reviewable by appeal "or otherwise" (which includes this Court). Only a

---

conduct implicates several cannons of the Model Rules of Professional Conduct. For instance, Rule 1.2(d), which proscribes a lawyer from "counsel[ing] a client to engage, or assist[ing] a client, in conduct that the lawyer knows is criminal or fraudulent"; Rule 3.1, which requires that a lawyer only bring or defend a proceeding when "there is a basis in law and fact for doing so that is not frivolous"; Rule 3.3(4) regarding candor toward the tribunal, which proscribes a lawyer from presenting a "[l]egal argument based on a knowingly false representation of law"; and Rule 3.3(12) which provides that "[l]awyers have a special obligation to protect a tribunal against criminal or fraudulent conduct that undermines the integrity of the adjudicative process[.]" Mr. Myers will be filing a complaint with the Attorney Grievance Commission to determine what, if any, Rules of Professional Conduct counsel might have violated.

district court or bankruptcy appellate panel may review a bankruptcy court's remand order under 28 U.S.C. § § 1334(d). 1447(d) and 1452(b). See *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Accordingly, this Court's (Chavez-Ruark, J) "mechanism" is unlawful and is an affront to the proper jurisdiction of the State Court.

Maryland adheres to the *Frow Doctrine*. *See Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 428-33 (1995) discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)( "But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). "If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law." *Id.*

It has long been established that courts "'can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights.'" *Greeley v. Lowe*, 155 U.S. 58, 70 (1894) (quoting *Shields v. Barrow*, 58 U.S. 130, 141-42 (1854)). This rule is just as strong today as when it was first set forth. *See, e.g., Republic of Philippines v. Pimentel*, 553 U.S. 851, 871 (2008) (recognizing that the non-joined parties "would not be bound by the judgment in an action where they were not parties").

Case 24-00007 Doc 19 Filed 01/21/25 Page 8 of 10

The U.S. Supreme Court has clearly stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliot v. Lessee of Piersol*, 26 U.S. 328 (1828). Thus, according to *Elliot*, by filing the instant Motion, the Trustee is "considered in law [a] trespasser." *Id.*

The State Court has made no final determination in the State Court Litigation. Accordingly, the Settlement Motion must be denied because there is no justiciable controversy or cause of action "affecting the estate" and therefore there is nothing for the Trustee "to compromise or settle." See *E.F. Hutton & Co., Inc. v. Hadley*, 901 F .2d 979 (11th Cir.1990) (When standing has been contested, it is the burden of the party claiming standing "'to plead and prove injury in fact, causation, and redressability."'). The Trustee and the King Plaintiffs cannot meet that burden and "the court is not required to accept as true unwarranted legal conclusions or unwarranted factual inferences." *Id.* at 753. The Trustee and the King Plaintiffs must assert more than a conclusory statement that they have "suffered damages." It is the burden of the party claiming standing "to plead and prove injury in fact, causation, and redressability." Id. At 984. But here, they cannot.

Until the State Court Litigation concludes (i.e., with a final order , the Trustee lacks standing to file this Motion or any other motion affecting Serv Trust or Mr. Myers. This is not a core proceeding (it's a sham) and Mr. Myers does not consent to the entry of any final orders or judgments by the bankruptcy court. To the extent the Settlement Motion is not dismissed for lack of subject matter jurisdiction or some other reason, the bankruptcy court must submit proposed findings of fact and conclusions of law to the Maryland District Court for an Article III Judge to make a final determination. The U.S. Supreme Court has clearly stated that if a court is "without

authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a remedy sought in opposition to them, even prior to a reversal. They constitute no justification, and all persons concerned in executing such judgments or sentences are considered in law as trespassers." *Elliot v. Lessee of Piersol*, 26 U.S. 328 (1828). Thus, according to Elliot, by filing the Settlement Motion, the Trustee is "considered in law [a] trespasser." *Id.*

The Trustee has the burden of proof on the Settlement Motion, and Mr. Myers intends to show at an evidentiary hearing on the Settlement Motion that the Trustee cannot meet that burden. Accordingly, the Trustee's Settlement Motion should be denied

**REQUEST FOR EVIDENTIARY HEARING**

Mr. Myers demands that the Court schedule a full evidentiary hearing on the Trustee's Settlement Motion and demands **strict proof** on the substance and merits of the Trustee's Settlement Motion.

RESPECTFULLY SUBMITTED on this 21st day of January, 2025.

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

Case 24-00007 Doc 19 Filed 01/21/25 Page 10 of 10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of January, 2025, a copy of the foregoing GREGORY B. MYERS'S PRELIMINARY OBJECTION TO THE TRUSTEE'S MOTION FOR APPROVAL OF PROPOSED COMPROMISE AND SETTLEMENT WITH KING PLAINTIFFS was furnished via first class U.S. Mail, postage prepaid to the following parties:

Roger Schlossberg
Frank J. Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Gregory B. Myers, *pro se*