USBC-MD G FILED
6 MAY '25 PM4:04

# Exhibit C

8

IN THE APPELLATE COURT OF MARYLAND

| | | |
|---|---|---|
| GREGORY BRIAN MYERS<br><br>Appellant,<br><br>v.<br><br>BRIAN KING, et al.<br><br>Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ACM-REG-1876-2022<br><br>September Term 2022 |

**OPPOSITION TO EMERGENCY MOTION FOR STAY PENDING APPEAL**

Come now Brian King, Cristina King, and Brian King in his capacity as trustee of the Cristina and Brian King Children's Trust (collectively, the "King Parties"), appellees herein, by and through undersigned counsel, in opposition to Emergency Motion for Stay Pending Appeal (the "Motion") filed by Gregory B. Myers ("Mr. Myers" or the "Appellant"), and in support thereof state as follows:

## I. Introduction

After years of delay tactics, the Appellant endeavored to remove the case below, to a Florida bankruptcy court, on the last business day before trial. When that tactic failed, courtesy of a prompt remand, the Appellant failed to appear at trial but filed a *carte blanche* appeal prior to the Circuit Court for Montgomery County, Maryland giving an oral ruling at the close of the trial (and well before a written order would file several days later). He now seeks an emergency stay pending disposition of that appeal but, in so doing, misses at least three critical issues: (i) a motion for a stay pending appeal must first be brought in the trial court; (ii) this appeal is procedurally improper inasmuch as it stems from a non-final order; and (iii) the Appellant is unlikely to succeed

Case 24-00007 Doc 19-4 Filed 01/21/25 Page 3 of 8

on this appeal by virtue of the simple reason that he did not appear at trial and, as such, did not preserve any issues for appeal.[1]

For these reasons, and as extrapolated upon *infra*, the Motion merits denial.

## II. Background: Gregory Myers and Barbara Ann Kelly

The ruling below concerns Mr. Myers and his wife, Barbara Ann Kelly ("Ms. Kelly"), using a trust (putatively established for the benefit of their children) to conceal assets from creditors, including a bankruptcy trustee. This case, however, falls within a broader context, where the litigation tactics of Mr. Myers and Ms. Kelly – including those focused on appellate filings – have, time and again, been held to be exemplars of bad faith.

As noted by one court more than two years ago, in assessing Mr. Myers' bad faith litigation tactics:

> [O]ver the past three years, Myers has filed approximately twenty actions, to include fifteen bankruptcy appeals and five civil cases, seemingly for the purpose of delaying the liquidation of his assets in his bankruptcy case. The overwhelming majority of these cases have been dismissed either by the Court or by Myers voluntarily after Myers failed to designate the record, file a brief, or pay his filing fees…

*Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, 2020 WL 758154, at *1 (D. Md. 2020).

The United States District Court for the District of Maryland proceeded to further analyze how Mr. Myers' litigious efforts are vexatious in the worst way:

> This behavior has become a longstanding pattern for Myers. In his twenty cases, Myers initiates the action, then exhibits a dereliction in prosecution that reflects no real interest in resolution on the merits. The Court cannot help but conclude that

[1] The Appellants first learned of the Motion yesterday. As noted in a separate filing, it appears Mr. Myers – in what has now become a pattern of his – signed a certificate of service but never actually deposited a copy of the Motion in the mails. Save for the happenstance of counsel for a related party checking the docket, the pendency of the Motion would not have been timely discovered. The King Parties hope to supplement this with a more extensive brief in the coming days but, in the interim, file this opposition out of an abundance of caution.

> Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit. Taking all of this into account, the Court finds that Myers' behavior has reached the point where the Court could hold Myers in contempt of valid court orders and dismiss the action irrespective of the automatic stay.

*Myers*, 2020 WL 758154, at *4 (citing *In re Walters*, 868 F.2d 665, 669 & n.2 (4th Cir. 1989); *CapitalSource Fin., LLC v. Delco Oil, Inc.*, 2010 WL 3733934, at *7 (D. Md. 2010); *S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 15 (D. D.C. 2001), aff'd, 75 Fed. Appx. 3 (D.C. Cir. 2003)).

Other courts have, too, found bad faith to be afoot, when confronted with Mr. Myers' various tactics (including his flurry of emergency motions). *See, e.g., Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, 2022 WL 861395, at *3 (D. Md. 2022) ("…the Court finds that Appellants Barbara Ann Kelly and Gregory B. Myers are acting in bad faith."); *Myers v. Schlossberg*, 2019 WL 414875, at *1 (D. Md. 2019) ("Appellants have persisted in questionable litigation strategy that can only be viewed as dilatory and irresponsible."); *In re Myers*, 2023 WL 350183, at *5 (Bankr. M.D. Fla. 2023) ("Debtor's actions throughout the course of this bankruptcy case demonstrate that he did not file his Chapter 13 case or the Plan in good faith").

### III. Argument: Mr. Myers Did Not First Seek a Stay in the Trial Court

Stays pending appeal are governed by Maryland Rule 8-422, and appellate injunctions are governed by Maryland Rule 8-425. Both require the movant to first seek relief in the trial court, though one my bypass that step in the prism of an injunction if seeking the lower court's review "is not practicable." Md. Rule 2-425(b).

Here, Mr. Myers did not seek a stay or an injunction in the Circuit Court for Montgomery County, Maryland. And, while he now feigns the instant Motion to be an "emergency," he also elected to file the same more than three months after noticing this appeal. There was ample time for Mr. Myers to seek a stay below; he has just elected to not do so.

To be sure, this is not a mere formality. If Mr. Myers is seeking injunctive relief, his filing a motion below would have allowed for full briefing of the matter – and introduction of any pertinent evidence – before this Honorable Court was confronted with the same requested. Yet Mr. Myers did not do so: instead he waited three months and then filed an "emergency" motion without offering any explanation as to how matters are more critical today than they were the day the partial judgment was entered in the trial court.

### IV. Argument: There is No Appellate Jurisdiction

More macroscopically, there is no reason to grant a stay pending appeal because Mr. Myers, as a matter of law, cannot prevail on this appeal. Even putting aside the oddity of his having noted the appeal *before* an oral ruling was had at the close of trial (let alone before a written order was entered), the order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final. Indeed, the document is titled "Order Entering Partial Judgment and Stay," and the order most certainly does not dispose of the totality of the triable issues below.

Familiarly, "The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law." Md. Code Ann., Cts. & Jud. Proc. § 12-301. And while certain interlocutory orders are rendered appealable by Section 12-303 of the Courts and Judicial Proceedings Article, the order below does not nearly fall into one of those specifically-delineated interlocutory categories.

The non-appealability of non-final judgments, in turn, is well established in this Honorable Court. *See, e.g., Paul v. Clarke*, 2015 WL 9394120, at *1 (Md. App. 2015) ("To constitute a final judgment, the judgment must have several attributes. One of which is that it must "adjudicate or complete the adjudication of all claims against all parties [.]" The order from which appellants

appealed did not adjudicate or complete the adjudication of any claim in this matter. It therefore was not a final order and, as a consequence, this Court has no jurisdiction to entertain this appeal.") (quoting *Board of Liquor License Commissioners for Baltimore City v. Fells Point Cafe, Inc.*, 344 Md. 120, 129 (1996) (quoting *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41 (1989))).

Here, the order below is, by its own titular designation, "partial" in nature. There are no less than three causes of action that have not yet been tried judgment and, accordingly, upon which no judgment has been entered.[2] Thusly, it cannot be said that appellate jurisdiction is instantly manifest and, by extension, it cannot be postured that Mr. Myers has any likelihood of success on this appeal.

## V. Argument: Mr. Myers Did Not Appear at Trial

This brief is being largely written from a restaurant in rural New England since, as previously noted, Mr. Myers appears to have an affinity for signing certificates of service saying he has placed items in the mail when, in reality, he never did so. It is hoped that the pending motion for an extension of time to reply to the Motion will be granted, and a more substantive argument may be offered forth. In the interim, however, and in the interests of quickly filing something after learning of the Motion on very short notice (courtesy of a fellow lawyer randomly checking the docket), it bears notation that Mr. Myers did not appear at trial in this matter and, as such, did not raise any of these issues at trial.

To be sure, it is not a coincidence that Mr. Myers failed to appeal at trial. During the pre-trial conference, he informed the trial court judge that there would be no trial. And then, seemingly

[2] One of Mr. Myers' favored arguments is that despite two cases being consolidated, they cannot be regarded as a singular case. While he alludes to this in his Motion, the argument is of no moment *sub judice*; there remain unresolved causes of action in *both* cases that were consolidated below and, as such, there does not exist a final order in either case, even if they were to be considered separately.

eager to prove that prophecy to be sage, on the last business day before trial, Mr. Myers removed this case to the United States Bankruptcy Court for the Middle District of Florida. But undersigned counsel, content to spend part of a holiday weekend away from the party scene, filed an emergency remand motion which, in turn, was granted on the first day of trial – before the open of business. And, thusly, after Mr. Myers endeavored to sabotage the trial herein (not for the first time – procedural delay is one of his well-established hallmarks), he never appeared at trial. In fact, it is not even clear if he was in the same state at the time of trial.

All of this matters because Mr. Myers, of course, did not raise any issues at trial since he did not appear at trial. And, as a matter of hornbook law, "A contention not raised below either in the pleadings or in the evidence and not directly passed upon by the trial court is not preserved for appellate review." *Baltimore Cnty., Maryland v. Aecom Services, Inc.*, 28 A.3d 11, 35 (Md. App. 2011) (quoting *Zellinger v. CRC Dev. Corp.*, 281 Md. 614, 620 (1977)).

Mr. Myers has failed to preserve any issues below and, as such, cannot succeed on any appellate arguments (saving, perhaps, one of subject matter jurisdiction) with the case in its current posture. But such is actually not fatal to Mr. Myers' cause: as noted *supra*, there is not yet a final order in this case and, as such, not yet a completed record below. Mr. Myers is free to raise certain issues with the trial court (provided they relate to matters still pending below), and to create a record to be utilized at such a time as this case becomes properly appealable. But, as of present, he has not done so, and this case is most certainly not appealable.

**VI. Conclusion**

WHEREFORE, the King Parties respectfully pray this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 28, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 76723
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the King Parties*

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2023, I electronically filed the foregoing with the MDEC system, and I further caused the same to be served by U.S. Mail to Gregory Myers, 700 Gulf Shore Blvd. North, Ft. Myers, Florida 34102.

/s/ Maurice B. VerStandig
Maurice B. VerStandig