IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re:<br>GREGORY B. MYERS,<br><br>Debtor. | ) | Case No. 15-26033-MCR<br>(Chapter 7) |
| BRIAN KING, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROGER SCHLOSSBERG, TRUSTEE<br><br>Defendant. | ) | Adv. No.: 24-00007 |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, pursuant to Fed. R. Civ. P. 12(a), which is incorporated herein by Fed. R. Bank. P. 7012, hereby submits his *Answer* to the *Complaint for Declaratory Relief* ("the *Complaint*") filed herein by Plaintiffs, Brian King, Cristina King, and the Cristina and Brian King Children's Trust (collectively, the "King Parties" or "Plaintiffs"), and states as follows in response to the correspondingly numbered paragraphs of the *Complaint*:

Introduction

1. The allegations in Paragraph 1 state a characterization regarding the nature of the instant action to which no response is required.

2. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 2, and therefore denies same.

3. The Trustee admits that the Circuit Court for Montgomery County, Maryland has declared Serv Trust to be the alter ego of Gregory Myers. The Trustee is without knowledge as to the truth of the balance of the allegations set forth in Paragraph 3, and therefore denies same.

4. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 4, and therefore denies same.

5. The Trustee admits that Serv Trust is the alter ego of Gregory Myers. The Trustee is without knowledge as to the truth of the balance of the allegations set forth in Paragraph 5, and therefore denies same.

6. The allegations in Paragraph 6 state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 6 may be deemed to require a response, the Trustee admits that Serv Trust has been adjudicated to be the alter ego of Greogry Myers and that the Truste is a proper defendant, but denies the balance of the allegations in Paragraph 6.

Parties

7. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 7, and therefore denies same.

8. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 8, and therefore denies same.

9. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 9, and therefore denies same.

10. The Trustee admits the allegations in Paragraph 10.

Jurisdiction and Venue

11. The Trustee admits that this Court has subject matter jurisdiction over the instant matter and that the instant matter is a core bankruptcy proceeding.

12. The Trustee admits that venue in this Court is proper.

General Allegations: 6789 Goldsboro LLC – Property and Operating Agreement

13. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 13, and therefore denies same.

14. The Trustee admits that Serv Trust is the alter ego of Gregory Myers. The Trustee is without knowledge as to the truth of the balance of the allegations set forth in Paragraph 14, and therefore denies same.

15. The First Amended and Restated Operating Agreement of July 18, 2013 for 6789 Goldsboro (the "Operating Agreement") is not attached to the *Complaint*. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 15, and therefore denies same.

16. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 16, and therefore denies same.

17. The Operating Agreement is not attached to the *Complaint*. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 17, and therefore denies same.

18. The Operating Agreement is not attached to the *Complaint*. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 18, and therefore denies same.

19. The Operating Agreement is not attached to the *Complaint*. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 19, and therefore denies same.

20. The Operating Agreement is not attached to the *Complaint*. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 20, and therefore denies same.

General Allegations: Appraisal

21. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 21, and therefore denies same.

22. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 22, and therefore denies same.

23. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 23, and therefore denies same.

24. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 24, and therefore denies same.

25. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 25, and therefore denies same.

26. The Operating Agreement is not attached to the *Complaint*. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 26, and therefore denies same.

27. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 27, and therefore denies same.

28. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 28, and therefore denies same.

29. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 29, and therefore denies same.

General Allegations: Bankruptcy

30. The Trustee admits the allegations in Paragraph 30.

31. The Trustee admits the allegations in Paragraph 31.

32. The Trustee admits the allegations in Paragraph 32.

33. The Trustee admits the allegations in Paragraph 33.

34. The Trustee admits the allegations in Paragraph 34.

35. The Trustee admits the allegations in Paragraph 35.

36. The Trustee admits the allegations in Paragraph 36.

37. The Trustee admits that the parties engaged in settlement negotiations in the weeks prior to the filing of the *Complaint* and that no agreement between the parties was reached as a

result of such pre-filing settlement negotiations. The Trustee is advised that Plaintiffs filed the instant *Complaint* in order to protect and preserve their litigation rights and not to stymie or otherwise interfere with the continuation of settlement negotiations between the parties.

Count One
Declaratory Judgment: Redemption of Interests

38. The Trustee incorporates by reference herein his responses to Paragraphs 1-37 of the *Complaint* set forth above.

39. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 39, and therefore denies same.

40. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 40, and therefore denies same.

41. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 41, and therefore denies same.

42. The Trustee is without knowledge as to the truth of the allegations set forth in Paragraph 42, and therefore denies same.

43. The allegations in Paragraph 43 state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 43 may be deemed to require a response, the Trustee is without knowledge as to the truth of said allegations, and therefore denies same.

44. The allegations in Paragraph 44 state a legal conclusion to which no response is required. To the extent that the allegations in Paragraph 44 may be deemed to require a response, the Trustee denies the allegations in Paragraph 44.

Global Denial

Except as expressly admitted, qualified, or explained above, the Trustee denies each and every allegation of the *Complaint*.

## Affirmative Defenses

1. The *Complaint*, in whole or in part, fails to state a claim upon which relief can be granted.

2. The Trustee reserves the right to amend this *Answer* to assert any and all affirmative defenses which may become known to it through discovery.

WHEREFORE, the Trustee prays for relief as follows:

A. Dismiss Plaintiff's *Complaint*; and

B. Award such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SCHLOSSBERG | MASTRO

By: */s/ Frank J. Mastro*
Frank J. Mastro #24679
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Defendant,*
*Roger Schlossberg, Trustee*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ***15th*** day of ***April 2024***, a copy of *Defendant's Answer to Complaint* was served electronically via CM/ECF upon:

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012
mac@mbvesq.com
*Attorneys for Plaintiffs*

*/s/ Frank J. Mastro*
Frank J. Mastro