Case 8:26-cv-02866-TDC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

HD

Rev'd by:

GREGORY B. MYERS,

*Appellant*,

USDC- GREENBELT
'26 SEP 23 PM3:19

v.

ROGER SCHLOSSBERG, ET AL.,

*Appellees*.

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

# APPELLANT'S EMERGENCY MOTION FOR ENLARGEMENT OF TIME TO FILE OPENING BRIEF

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

September 23, 2026

Appellant Gregory B. Myers, pro se, respectfully moves for an enlargement of time to file his opening brief in this bankruptcy appeal. This motion is filed pursuant to Fed. R. Bankr. P. 8018(a), Fed. R. Bankr. P. 9006(b)(1), D. Md. Local Rule 105.9, and the Court's Case Management Order. Motions for extension of time are excepted from the Court's pre-motion conference requirement.

Because the current briefing deadline is imminent, Appellant respectfully requests expedited consideration. Appellant requests that the current opening-brief deadline of September 27, 2026 be enlarged to October 27, 2026, or to such other date as the Court deems appropriate.

In support of this motion, Appellant states as follows:

1. This appeal arises from the Bankruptcy Court's July 7, 2026 Order denying Appellant's Rule 60(b)/Rule 9024 motion directed to the July 3, 2025 Settlement Order entered in Adversary Proceeding No. 24-00007.

2. The Designation of Record was docketed in this appeal on August 28, 2026. The Clerk thereafter issued notice that Appellant's brief is due within thirty days from the date the Designation of Record was docketed. Appellant understands the current opening-brief deadline to be September 27, 2026.

3. Good cause exists for a short enlargement. Appellant is proceeding pro se in multiple related federal appeals involving overlapping Goldsboro / Serv Trust / King Parties / Trustee issues, including this Rule 60(b)(4) appeal, the related Rule

60(b)(4) appeal in Civil Action No. 8:26-cv-02865-TDC, the earlier consolidated Goldsboro appeals now before the Fourth Circuit, and the pending motion before this Court concerning the July 8, 2026 Notices of Appeal in Nos. 8:25-cv-02337-TDC and 8:25-cv-02635-TDC.

4. Appellant has a Fourth Circuit brief due on September 25, 2026 in a different matter. That deadline directly conflicts with the time needed to prepare the opening brief in this appeal.

5. Appellant also has an opening brief due in the related bankruptcy appeal pending before this Court, Civil Action No. 8:26-cv-02865-TDC, on September 25, 2026. That related appeal arises from the Bankruptcy Court's July 7, 2026 Order denying Appellant's Rule 60(b)/Rule 9024 motion directed to the July 3, 2025 Order Overruling Claim Objections as Moot in the main bankruptcy case.

6. The two Rule 60(b)(4) appeals are closely related. This appeal concerns the order denying Rule 60(b) relief from the July 3, 2025 Settlement Order; Civil Action No. 8:26-cv-02865-TDC concerns the order denying Rule 60(b) relief from the claim-objection order. The issues overlap substantially, including Rule 60(b)(4), Rule 9024, Rule 9019, Rule 7001, Rule 3006, due process, the December 11, 2023 settlement-procedure orders, the July 3, 2025 Settlement Order, the King proofs of claim, and the relationship between the adversary proceeding and the main bankruptcy case.

7. Appellant is also awaiting this Court's ruling on Appellant's September 22, 2026 motion filed in the earlier consolidated Goldsboro appeals, captioned under Lead Case No. 8:25-cv-02103-TDC and member cases Nos. 8:25-cv-02337-TDC and 8:25-cv-02635-TDC. That motion asks the Court to direct the Clerk to docket and transmit the July 8, 2026 Notices of Appeal in Nos. 8:25-cv-02337-TDC and 8:25-cv-02635-TDC and to perform the ministerial duties required by Federal Rule of Appellate Procedure 3(d). The motion remains pending and may affect the procedural posture of the related Goldsboro appeals now pending in the Fourth Circuit.

8. The requested enlargement is not sought for delay. It is requested so that Appellant can comply with his Fourth Circuit filing deadline, prepare opening briefs in these two related bankruptcy appeals in an orderly and nonduplicative manner, and address the substantial jurisdictional and voidness issues presented.

9. The requested extension will not prejudice Appellees. Appellees' response deadlines will run from the filing of Appellant's opening brief under the applicable rules and any order entered by this Court.

10.Pursuant to D. Md. Local Rule 105.9, Appellant states that because of the imminent deadline, his pro se status, and the need to file this motion promptly, Appellant has not been able to obtain Appellees' positions before filing. Appellant will promptly notify the Court if Appellees consent or oppose.

11. To the extent the Court is unable to rule before the current deadline, Appellant respectfully requests that the Court treat this motion as preserving Appellant's request for relief from the current deadline pending disposition of this motion.

WHEREFORE, Appellant Gregory B. Myers respectfully requests that the Court:

A. grant this Emergency Motion for Enlargement of Time;

B. enlarge Appellant's deadline to file his opening brief from September 27, 2026 to October 27, 2026;

C. coordinate this deadline, to the extent appropriate, with the related appeal in Civil Action No. 8:26-cv-02865-TDC;

D. to the extent the Court is unable to rule before the current deadline, treat this motion as preserving Appellant's request for relief from the current deadline pending disposition of this motion; and

E. grant such other and further relief as is just and proper.

Respectfully submitted,

Motion: Granted – deadline extended to 10/27/26

Theodore D. Chuang
United States District Judge
9/24/26

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*