IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| GREGORY B. MYERS,<br><br>Appellant,<br><br>v.<br><br>ROGER SCHLOSSBERG, TRUSTEE, *et al.*,<br><br>Appellees. | Case No.: 26-CV-2866-TDC |

**MOTION TO STRIKE APPELLANT'S NON-CONFORMING BRIEF AND TO DISMISS APPEAL FOR FAILURE TO FILE APPENDIX**

Appellee, Roger Schlossberg, Chapter 7 Trustee of the Bankruptcy Estate of Gregory B. Myers (the "Trustee"), by his undersigned counsel, hereby moves to strike the non-conforming Opening Brief, [Dkt. #12], filed by Appellant, Gregory B. Myers, the debtor below (hereafter "Appellant" or "Debtor"), on grounds that the brief is single-spaced and uses a typeface smaller than 14-point in clear violation of Fed. R. Bankr. P. 8015(a)(4)-(5) and, further, to dismiss the instant appeal for Appellant's failure to file an appendix, as required by Fed. R. Bankr. P. 8018(b)(1). In support of this motion, the Trustee respectfully states:

1. Bankruptcy Rules 8015(a)(4)-(5) establish line spacing and typeface standards for appellate briefs in bankruptcy appeals, as follows:

> **(4)** ***Paper Size, Line Spacing, and Margins.*** The brief must be on 8½"-by-11" paper. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-spaced. Margins must be at least one inch on all four sides. Page numbers may be placed in the margins, but no text may appear there.
>
> **(5)** ***Typeface.*** Either a proportionally spaced or monospaced face may be used.
>
> > (A) *Proportional Spacing*. A proportionally spaced font must include serifs, but sans-serif type may be used in headings and captions. A proportionally spaced face must be 14-point or larger.
> >
> > (B) *Monospacing.* A monospaced face may not contain more than 10½ characters per inch.

*See* Fed. R. Bankr. P. 8015(a)(4)-(5) (emphasis added).

2. On October, 2026, Appellant filed his Opening Brief herein. [Dkt. #12]. The text of the brief is single-spaced throughout and uses a proportional typeface that clearly is not larger than 12-point (and, in fact, appears to be 11.5-point). Thus, Appellant's Opening Brief clearly runs afoul of the line spacing and typeface standards of Rules 8015(a). *See* Fed. R. Bankr. P. 8015(a)(4)-(5).

3. Additionally, Appellant did not file an appendix with his Opening Brief, as required by Bankruptcy Rules 8018(b)(1), which provides:

> **(b) Duty to Serve and File an Appendix**.
>
> **(1)** ***Appellant's Duty***. Subject to (e) and Rule 8009(d), the appellant must serve and file with its principal brief an appendix containing excerpts from the record. It must contain:

(A) the relevant docket entries;
(B) the complaint and answer, or equivalent filings;
(C) the judgment, order, or decree from which the appeal is taken;
(D) any other orders, pleadings, jury instructions, findings, conclusions, or opinions relevant to the appeal;
(E) the notice of appeal; and
(F) any relevant transcript or portion of it.

*See* Fed. R. Bankr. P. 8018(b)(1) (emphasis added).[1]

4. Although he is appearing *pro se* in this appeal, the Appellant is not excused from abiding by Rules 8015 and 8018. It is well established that *pro se* litigants "must follow the same rules of procedure that govern other litigants." *Tollefson v. U.S. Bank, N.A. (In re Tollefson)*, 315 Fed. Appx. 683, 685 (10th Cir. 2009) (Gorsuch, J.); *accord Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants"); *McDaniel v. Fed. Nat'l Mortg. Ass'n*, 2015 WL 1522942, *3 (D. Md. Mar. 31, 2015) (Titus, J.) (rejecting notion that appellant's *pro se* status affords him extraordinary leniency in adhering to rules of procedure); *see also McDuffie v. Thomas*, 2018 WL 1535037, *4 (N.D. Ill. Mar. 29, 2018) (observing that "[appellant] is no stranger to litigation. He has proceeded *pro se* in this district more than once before. He cannot now reasonably claim ignorance to the most basic of court procedures.").

[1] The exceptions in Rule 8009(d), concerning agreed statements of the record on appeal, and in Rule 8018(e), concerning court orders dispensing with the appendix, are not applicable to this appeal.

5. Here, the Appellant is an experienced litigant who is undoubtedly familiar with the rules of this Court, and appellate practice in general, as he and his spouse, Barbara Ann Kelly, have taken *more than thirty (30)* appeals to this Court from various bankruptcy court rulings, plus nine (9) further appeals to the Fourth Circuit,[2] with nearly all of the appeals having no purpose other than to frustrate and

[2] *See Myers v. United States Trustee*, No. 17-CV-01218; *Kelly v. United States Trustee*, No. 17-CV-01239; *Myers v. Schlossberg, et al.*, No. 17-CV-02537; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 17-CV-02781; *Kelly v. Schlossberg*, No. 17-CV-03846; *Myers v. Schlossberg*, No. 17-CV-03847; *Myers, et al. v. Schlossberg, et al.*, No. 18-CV-00336; *Myers v. Fitzgerald*, No. 18-CV-01417; *Myers v. Fitzgerald*, No. 18-CV-01630; *Myers, et al. v. Offit Kurman, P.A., et al.*, No. 18-CV-02536; *Myers, et al. v. Schlossberg*, No. 18-CV-03783; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 19-CV-00245; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. 19-CV-00636; *Myers v. United States Trustee*, No. 19-CV-00637; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 19-CV-03677; *Myers v. Schlossberg*, No. 21-CV-01184; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 21-CV-01185; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, No. 21-CV-01186; *Myers v. Specialized Loan Servicing, LLC, et al.*, Nos. 22-CV-00778; *Myers v. King, et al.*, No. 23-CV-03511; *Myers v. Schlossberg, et al.*, No. 25-CV-02042; *Myers v. Schlossberg, et al.*, No. 25-CV-02103; *Myers v. Schlossberg, et al.*, No. 25-CV-02337; *Myers v. Schlossberg, et al.*, No. 25-CV-02338; *Myers v. Schlossberg, et al.*, No. 25-CV-02635; *Myers v. Schlossberg, et al.*, No. 26-CV-02175; *Myers v. U.S. Bank, N.A., et al.*, No. 26-CV-02204; *Myers, et al. v. Schlossberg, et al.*, No. 26-CV-02541; *Myers v. Schlossberg, et al.*, No. 26-CV-02865; *Myers v. Schlossberg, et al.*, No. 26-CV-02866 (instant case); *Myers v. Horseshoe Motors Developers, LLC, et al.*, No. 26-CV-03641.

Further, Myers, either individually or with Ms. Kelly, also has been a party to the following appeals in the Fourth Circuit: *Myers, et al. v. Offit Kurman, P.A., et al.*, Appeal No. 18-2144; *Myers v. United States Trustee*, Appeal No. 20-1261; *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, Appeal No. 20-2007; *Myers, et al. v. Offit Kurman, P.A., et al.*, Appeal No. 20-2309; *Kelly, et al. v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., et al.*, Nos. 22-1378 and 22-1379 (consolidated); and *Myers v. Schlossberg, et al.*, Nos. 26-1894, 26-1899, and 26-1901 (consolidated).

Notably, the foregoing compilation of cases does not include the myriad of appeals that have emanated from the multiple Chapter 13 bankruptcy cases filed by the Debtor and Ms. Kelly in this and other jurisdictions (Florida, Delaware, Maryland, and the District of Columbia) subsequent to the commencement of the Debtor's Chapter 7 case below.

forestall the judicial process. *See, e.g., In re Kelly*, 646 B.R. 541, 549 (Bankr. D. Md. 2023) ("For eight years, Ms. Kelly and Mr. Myers have exploited, manipulated, and abused the bankruptcy process to hinder and delay creditors from enforcing their security interests or otherwise pursuing their claims all while forcing those same creditors to incur substantial legal fees to protect their interests in various state and federal courts."); *Myers v. McNamee, Hosea, Jernigan, Kim & Greenan, P.A.*, 2020 WL 758151, *3 (D. Md. Feb. 14, 2020) ("Myers has undoubtedly used (and abused) the judicial process to prolong proceedings in the bankruptcy matter and thus delay liquidation and distribution of Myers' assets. Specifically, Myers has filed no fewer than *fifteen appeals* and several other collateral actions related to [a] singular 2015 bankruptcy, the lion's share of which have been dismissed or denied on procedural grounds.").

6. This Court should strike Appellant's Opening Brief for its failure to comply with Rules 8015(a)(4)-(5). *See Slack v. St. Louis County Gov't*, 919 F.2d 98, 99 (8th Cir. 1990) ("Appellate rules governing the form of briefs do not exist merely to serve the whimsy of appellate judges. Some of the requirements… are essential for the proper disposition of an appeal.") (quoting *Hamblen v. County of Los Angeles*, 803 F.2d 462, 464 (9th Cir. 1986)).

7. Further, this Court should dismiss the instant appeal for Appellant's failure to file an appendix. *See, e.g., Urso v. United States*, 72 F.2d 59, 61-62 (7th

Cir. 1995) ("For more than 35 years, this court has declined to entertain appeals when the appellant does not file a required appendix"); *United States v. Kush*, 579 F.2d 394, 394-95 (6th Cir. 1978); *Harrelson v. Lewis*, 418 F.2d 246, 247 (4th Cir. 1969) (per curiam); *see also Kushner*, *supra*, 620 F.2d at 408 (dismissing appeal where appellant filed incomplete and nonconforming appendix); *In re Cupit*, 541 B.R. 739, 750 (D. Colo. 2015) (dismissing appeal where appellant's appendix was "plainly deficient" and "therefore deprives him of the right to challenge the judgment of the bankruptcy court").

8. Indeed, an appendix to a brief is not a niggling compendium that is optional but, rather, a vital and necessary instrument that serves, *inter alia*, the public's interest in expeditious resolution of appeals and the judiciary's interest in effectively managing its already sizeable and growing docket. *See Kushner v. Winterhur Swiss Ins. Co*., 620 F.2d 404, 407 (3d Cir. 1980) ("If the court is not supplied with the proper tools to decide cases, then extremely valuable time, already severely rationed, must be diverted from substantive work into correspondence and communications with the Clerk and counsel to obtain the vital information negligently or deliberately omitted from the appendix."). Further, a court is not obligated to "sift through the record" in search of an appellant's contentions of error, *see SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992), or otherwise remedy an appellant's failure to file a conforming appendix, *see Cupit*, 541 B.R. at 750.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that the Court strike Appellant's Opening Brief as non-conforming and dismiss this appeal for Appellant's failure to file an appendix.

Respectfully submitted,

SCHLOSSBERG | MASTRO

*/s/ Frank J. Mastro*

Frank J. Mastro #24679
P.O. Box 2067
Hagerstown, MD 21742
(301) 739-8610
fmastro@schlosslaw.com
*Attorneys for Appellee,*
*Roger Schlossberg, Trustee*

CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. Bankr. P. 8015(h), I hereby certify that the foregoing motion complies with the type-volume limitations of Fed. R. Bankr. P. 8013(f)(3) because this motion contains 1,633 words as measured by Microsoft Word. I further certify that this motion complies with the typeface and type style requirements of Fed. R. Bankr. P. 8013(f)(2) because this document has been prepared in Microsoft Word using a proportionally spaced typeface (14-point Times New Roman font).

*/s/ Frank J. Mastro*

Frank J. Mastro

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ***2nd*** day of ***November 2026***, I served a copy of the foregoing *Motion to Strike Appellant's Non-Conforming Brief and to Dismiss Appeal for Failure to File Appendix* upon all parties as follows: (a) electronically via ECF to:

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, MD 20854
mac@mvbesq.com
*Attorney for Appellees,*
*Brian King, Cristina King and the*
*Cristina and Brian King Children's Trust*

and (b) via first-class mail, postage prepaid, to:

Gregory B. Myers
4505 Wetherill Road
Bethesda, MD 20816
*Appellant / Debtor*

*/s/ Frank J. Mastro*
Frank J. Mastro