Case 8:26-cv-02866-TDC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

GREGORY B. MYERS,

HD

*Appellant*,

Rcv'd by: BM

v.

ROGER SCHLOSSBERG, ET AL.,

USDC- GREENBELT
'26 NOV 4 PM12:07

*Appellees*.

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

# APPELLANT'S OPPOSITION TO TRUSTEE'S MOTION TO STRIKE AND DISMISS, AND INCORPORATED MOTION FOR LEAVE TO SUBSTITUTE CORRECTED OPENING BRIEF AND FILE APPENDIX

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

November 4, 2026

Appellant Gregory B. Myers ("Appellant"), proceeding pro se, opposes the Trustee's Motion to Strike Appellant's Non-Conforming Brief and to Dismiss Appeal for Failure to File Appendix (ECF 13), and respectfully requests leave to substitute a corrected Opening Brief and file the accompanying Rule 8018 Appendix. In support thereof, Appellant states:

1. On October 27, 2026, Appellant filed his Opening Brief (ECF 12) challenging the Bankruptcy Court's July 7, 2026 Order denying relief under Federal Rule of Civil Procedure 60(b) (Adv. Dkt. No. 146).

2. The Trustee seeks to strike the Opening Brief because its typeface and line spacing do not conform to Federal Rule of Bankruptcy Procedure 8015(a)(4)–(5), and to dismiss the appeal because the Appendix required by Rule 8018(b)(1) was not filed concurrently with the Opening Brief.

3. Appellant has prepared a corrected Opening Brief conforming to Rule 8015, including the required typeface, font size, double spacing, and margins. The corrections are formatting-related and do not alter the substantive arguments or relief requested in the original Opening Brief.

4. Appellant has also assembled a comprehensive Rule 8018 Appendix containing the documents designated in his August 3, 2026 Designation of Record on Appeal (Adv. Dkt. No. 158), including the relevant pleadings, orders, exhibits, docket reports, and complete hearing transcripts. The Appendix comprises 2,260

consecutively numbered record pages, organized into twenty electronic-filing volumes with a comprehensive index.

5. The formatting deficiencies were correctable, and the Appendix omission arose during the preparation and organization of the substantial designated appellate record. Appellant has acted to cure these deficiencies promptly.

6. Dismissal is not the automatic consequence of a nonjurisdictional procedural deficiency. Bankruptcy Rule 8003(a)(2) expressly provides that an appellant's failure to take a step other than timely filing the notice of appeal does not affect the validity of the appeal, but permits the district court to take such action as it considers appropriate.

7. The Fourth Circuit has directed that, before dismissing a bankruptcy appeal for procedural noncompliance, a district court must consider the relevant circumstances, including bad faith or negligence, the appellant's explanation, prejudice to opposing parties, and available alternatives to dismissal. *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992); *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995). Dismissal is a harsh sanction that should not be imposed lightly. *Serra Builders*, 970 F.2d at 1311.

8. Those considerations favor allowing correction here. Appellant timely filed an Opening Brief setting forth his substantive grounds for appeal. The Trustee

identifies defects in formatting and the absence of the Appendix, both of which can now be cured. Acceptance of the corrected submissions will permit review on the merits without requiring the Court to reconstruct the appellate record. Any potential prejudice to Appellees can be addressed by allowing their response period to run from acceptance of the corrected Opening Brief and Appendix.

9. The present procedural deficiencies were not willful and their correction would not prejudice Appellees. Thus, these identified and remediable deficiencies do not warrant dismissal of this appeal.

10. To the extent an enlargement of time is required under Bankruptcy Rule 9006(b)(1), Appellant respectfully requests that the Court find excusable neglect based on the limited delay, the preparation of the substantial designated record, the prompt corrective effort, the absence of an intent to delay proceedings, and the availability of relief that does not prejudice Appellees.

11. Appellant respectfully requests leave to substitute his corrected Opening Brief for ECF 12 and to file the comprehensive Rule 8018 Appendix contemporaneously with that substitution. Appellant requests that the Court accept the corrected submissions as operative. Alternatively, should the Court prefer that these documents be filed following entry of an order granting leave, Appellant requests seven days from entry of that order to complete their filing.

12.

**WHEREFORE**, Appellant respectfully requests that this Court:

A. **DENY** the Trustee's Motion to Strike and Dismiss (ECF 13);

B. **GRANT LEAVE** to substitute Appellant's corrected Opening Brief for ECF 12;

C. **GRANT LEAVE** to file Appellant's comprehensive Rule 8018 Appendix, including its master index and twenty consecutively paginated electronic-filing volumes;

D. **ACCEPT** the corrected Opening Brief and Appendix as the operative submissions for this appeal, and establish any corresponding adjustment to Appellees' response deadline; and

E. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted,

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with the applicable type-volume limitation of Federal Rule of Bankruptcy Procedure 8013(f)(3) and the applicable formatting requirements. This response contains 787 words, excluding material exempted by the Rule.

Gregory B. Myers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2026, I served a true and correct copy of the foregoing Opposition and Incorporated Motion upon counsel of record for the Appellees by first-class U.S. Mail, postage prepaid, and/or through the Court's electronic filing system where applicable, upon the following:

Roger Schlossberg
Frank J. Mastro
Schlossberg & Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

____________________________
Gregory B. Myers