Case 8:26-cv-02866-TDC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

GREGORY B. MYERS,

*Appellant*,

HD
Rcv'd by: BM

v.

ROGER SCHLOSSBERG, ET AL.,

USDC- GREENBELT
'26 NOV 4 PM12:07

*Appellees*.

Appeal from the United States Bankruptcy Court
for the District of Maryland
Adv. Case No. 24-00007
Bk. Case No.: 15-26033

# APPELLANT GREGORY B. MYERS'S OPENING BRIEF

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

November 4, 2026

# TABLE OF CONTENTS


| Section | Page |
| --- | --- |
| **JURISDICTIONAL STATEMENT** | 1 |
| **ISSUES PRESENTED** | 1 |
| **STANDARD OF REVIEW** | 3 |
| **STATEMENT OF THE CASE** | 4 |
| A. Serv Trust and its Goldsboro interest | 4 |
| B. The Maryland litigation remained pending following the January 2023 proceedings. | 5 |
| C. The King Parties, Goldsboro, and Schlossberg acknowledged nonfinality before the Appellate Court of Maryland. | 6 |
| D. The Bankruptcy Court subsequently authorized settlement procedures and the King Parties filed an adversary proceeding. | 6 |
| E. The Bankruptcy Court approved the settlement without adjudicating estate ownership. | 7 |
| F. The June 3, 2026 Opinion and subsequent Rule 60 proceedings | 8 |
| G. Related appellate proceedings | 9 |
| H. Myers has a direct appellate stake in the Rule 60 Order. | 10 |
| **SUMMARY OF ARGUMENT** | 11 |
| **ARGUMENT** | 13 |
| **I. JUDGE LEASE EXCLUDED MYERS FROM THE JANUARY 2023 TRIAL AND RECOGNIZED THAT NO FINAL JUDGMENT COULD RESULT; THE KING PARTIES, GOLDSBORO, AND SCHLOSSBERG ACKNOWLEDGED NONFINALITY.** | 13 |
| A. On December 16, 2022, Judge Lease expressly ruled that the upcoming proceedings would not adjudicate Myers's rights and would have no res judicata or collateral-estoppel effect against him. | 13 |
| B. On January 3, 2023, Judge Lease expressly stated that no final judgment could result. | 14 |
| C. The King Parties expressly represented to the Appellate Court of Maryland that the January 12 order was nonfinal. | 15 |
| D. Goldsboro and Schlossberg expressly adopted the King Parties' representations. | 16 |
| E. Maryland Rule 2-602 and controlling Maryland authority establish the January 12 order's interlocutory character. | 18 |

**II. NEITHER MARYLAND LAW NOR 11 U.S.C. § 541 MADE SERV TRUST PROPERTY PROPERTY OF MYERS'S BANKRUPTCY ESTATE.** 20

A. Maryland law distinguishes property held in trust from the personal property of a trustee. 20

B. Section 541 brings into the estate only property interests belonging to the debtor. 21

C. Schlossberg admitted he never commenced an action against Serv Trust to recover its property. 22

**III. THE BANKRUPTCY COURT APPROVED THE SETTLEMENT WITHOUT DETERMINING ESTATE OWNERSHIP OR ADJUDICATING NONPARTY PROPERTY RIGHTS.** 23

A. Ruark expressly declined to determine whether Serv Trust's property belonged to the estate. 23

B. Rule 9019 did not adjudicate estate ownership. 24

C. The King adversary proceeding did not place Serv Trust's independent property rights before the Bankruptcy Court. 25

D. The Bankruptcy Court's July 3 oral ruling went beyond approving an unidentified estate interest. 26

**IV. CHUANG'S JUNE 3 OPINION CANNOT TRANSFORM THE INTERLOCUTORY MARYLAND ORDER INTO A FINAL ESTATE-PROPERTY JUDGMENT.** 27

A. Maryland Rule 2-601 did not make the January 12 order final. 27

B. The June 3 Opinion could not supply an estate-ownership determination never entered by the Bankruptcy Court. 28

C. The alternative "whatever interest" rationale does not establish title to Serv Trust's property. 29

D. The Fourth Circuit's procedural dismissal did not decide estate ownership. 30

**V. THE JULY 7 RULE 60 DENIAL FAILED TO RESOLVE THE INDEPENDENT JURISDICTIONAL AND DUE-PROCESS GROUNDS.** 31

A. The Bankruptcy Court's stated reasons did not resolve the motion. 31

B. Prior appellate review did not eliminate the Bankruptcy Court's authority to consider Rule 60 relief. 31

C. Rule 60(b)(1) encompasses judicial mistakes of law. 32

D. Rule 60(b)(4) supplies an independent jurisdictional and due-process basis for relief. 33

**VI. THE ADDITIONAL PRESERVED RULE 60 GROUNDS REQUIRED CONSIDERATION.** 34

A. The Florida automatic stay separately prohibited adjudication of claims against Myers individually. 34

B. The January 2023 removal and remand sequence presented an additional jurisdictional issue. 35

C. Rules 60(b)(2), (3), (5), and (6) were separately invoked. 36

D. The King proofs of claim did not supply missing ownership or jurisdiction. 37

E. Bankruptcy Rule 8008 preserved the procedure for considering Rule 60 relief during an appeal. 38

**CONCLUSION** 39

**CERTIFICATE OF COMPLIANCE** 41

**CERTIFICATE OF SERVICE** 42

# TABLE OF AUTHORITIES

**Cases**


| Authority | Page |
|---|---|
| Aikens v. Ingram, 652 F.3d 496 (4th Cir. 2011) (en banc) | 37 |
| Albany Partners, Ltd. v. Westbrook, 749 F.2d 670 (11th Cir. 1984) | 35 |
| Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306 (11th Cir. 1982) | 35 |
| Butner v. United States, 440 U.S. 48 (1979) | 21 |
| Carver v. RBS Citizens, N.A., 462 Md. 626 (2019) | 11, 18, 27 |
| Cen-Pen Corp. v. Hanson, 58 F.3d 89 (4th Cir. 1995) | 26 |
| City of Martinsville v. Express Scripts, Inc., 128 F.4th 265 (4th Cir. 2025) | 36 |
| Colandrea v. Wilde Lake Community Ass'n, 361 Md. 371 (2000) | 19 |
| Duvall v. McGee, 375 Md. 476 (2003) | 21 |
| Fobian v. Storage Technology Corp., 164 F.3d 887 (4th Cir. 1999) | 32 |
| Gertz v. Anne Arundel County, 339 Md. 261 (1995) | 19 |
| Horne v. Flores, 557 U.S. 433 (2009) | 37 |
| In re Dameron, 155 F.3d 718 (4th Cir. 1998) | 21 |
| Kemp v. United States, 596 U.S. 528 (2022) | 32 |
| Kreisler v. Goldberg, 478 F.3d 209 (4th Cir. 2007) | 4, 22, 29 |
| Law v. Siegel, 571 U.S. 415 (2014) | 24 |
| Mid-Atlantic Supply, Inc. v. Three Rivers Aluminum Co., 790 F.2d 1121 (4th Cir. 1986) | 21 |
| MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269 (4th Cir. 2008) | 3 |
| National Union Fire Insurance Co. v. Fund for Animals, Inc., 451 Md. 431 (2017) | 19 |
| Norwest Bank Worthington v. Ahlers, 485 U.S. 197 (1988) | 24 |
| Rohrbeck v. Rohrbeck, 318 Md. 28 (1989) | 19 |
| Rutherford Hospital, Inc. v. RNH Partnership, 168 F.3d 693 (4th Cir. 1999) | 21, 29 |

Standard Oil Co. of California v. United States, 429 U.S. 17 (1976) 31
Taylor v. Sturgell, 553 U.S. 880 (2008) 26, 34
Trantham v. Tate, 112 F.4th 223 (4th Cir. 2024) 10
United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) 33
Vito v. Grueff, 453 Md. 88 (2017) 21
Waterkeeper Alliance, Inc. v. Maryland Department of Agriculture, 439 Md. 262 (2014) 19
Wendt v. Leonard, 431 F.3d 410 (4th Cir. 2005) 3, 33

**Statutes**

**Authority** **Page**
11 U.S.C. § 362 35
11 U.S.C. § 541 2, 3, 12, 20–22, 24, 30, 32, 38, 39
28 U.S.C. § 1334 1
28 U.S.C. § 157 1
28 U.S.C. § 158 1
28 U.S.C. § 2075 24
Md. Code Ann., Est. & Trusts § 14.5-509 12, 20

**Rules**

**Authority** **Page**
Fed. R. Bankr. P. 7001 25, 32, 38
Fed. R. Bankr. P. 8002 1
Fed. R. Bankr. P. 8008 1, 31, 38, 40
Fed. R. Bankr. P. 8015 41
Fed. R. Bankr. P. 9019 7, 12, 22–24, 31–33, 38, 39
Fed. R. Bankr. P. 9024 31, 40
Fed. R. Civ. P. 60 1–4, 8–10, 12, 13, 27, 30–34, 36–40
Md. Rule 2-601 19, 27

Md. Rule 2-602 6, 11, 15, 18, 27, 39

## JURISDICTIONAL STATEMENT

The underlying proceeding arises under Title 11 of the United States Code. The United States Bankruptcy Court for the District of Maryland exercised jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157 and entered its July 3, 2025 Order Approving Trustee's Compromise and Settlement with King Parties, Adversary Docket No. 61 (the "Settlement Order").

On July 2, 2026, Appellant Gregory B. Myers ("Myers") filed a motion under Federal Rule of Civil Procedure 60(b)(1)–(6), made applicable by Federal Rule of Bankruptcy Procedure 9024, seeking relief from the Settlement Order, preserving relief under Rule 60(d), and requesting alternative relief under Bankruptcy Rule 8008. Adv. Dkt. No. 144 ("Rule 60 Motion").

On July 7, 2026, the Bankruptcy Court entered Adv. Dkt. No. 146 denying the motion ("Rule 60 Order").

Myers filed his Notice of Appeal on July 20, 2026, Adv. Dkt. No. 150, within fourteen days after entry of the Rule 60 Order. Fed. R. Bankr. P. 8002(a)(1).

This Court possesses appellate jurisdiction under 28 U.S.C. § 158(a)(1) to review the Bankruptcy Court's final disposition of the Rule 60 Motion.

## ISSUES PRESENTED

1. Whether the Bankruptcy Court erred in denying Rule 60 relief from the Settlement Order where the Trustee never obtained a determination

establishing that Serv Trust's Class B membership interest in 6789 Goldsboro LLC constituted property of Myers's bankruptcy estate under 11 U.S.C. § 541. **Standard of review:** De novo as to legal questions; abuse of discretion under Rule 60(b)(1).

2. Whether the Bankruptcy Court erred by relying upon the January 12, 2023 interlocutory Maryland Order Entering Partial Judgment and Stay, notwithstanding Judge Lease's express rulings that Myers was stayed and excluded from trial, that neither res judicata nor collateral estoppel would apply against him, and that no final judgment could result from the January 3 proceeding. **Standard of review:** De novo as to Maryland law and the legal effect of the order.

3. Whether Rule 60(b)(4) requires relief where the Settlement Order was approved without an estate-ownership adjudication and was given effect against the property rights of Serv Trust, its current trustee, its beneficiaries, or 6789 Goldsboro LLC, none of whom was made a defendant in a proceeding adjudicating those rights. **Standard of review:** De novo.

4. Whether the Bankruptcy Court failed to apply the governing Rule 60 standards by denying relief principally because the King Parties' proofs of claim had been withdrawn and the Settlement Order had previously been affirmed, without resolving the independent jurisdictional, estate-property,

and due-process grounds asserted in Adv. Dkt. No. 144. **Standard of review:** De novo for Rule 60(b)(4); otherwise abuse of discretion, including errors of law.

5. Whether the additional grounds preserved under Rule 60(b)(1)–(6), including the Florida automatic stay, the January 2023 removal and remand sequence, newly discovered or confirmed evidence, material misrepresentation, predicate failure, and extraordinary circumstances, warranted relief or remand for consideration under the applicable standards. **Standard of review:** Abuse of discretion, with legal questions reviewed de novo.

## STANDARD OF REVIEW

A district court reviews a bankruptcy court's legal conclusions de novo and its factual findings for clear error. Questions concerning property of the estate under § 541, subject-matter jurisdiction, statutory authority, due process, and the legal effect of the Maryland interlocutory order are questions of law.

Denial of Rule 60(b)(4) relief is reviewed de novo. *Wendt v. Leonard*, 431 F.3d 410, 412–13 (4th Cir. 2005).

Denial of relief under Rule 60(b)(1), (2), (3), (5), or (6) ordinarily is reviewed for abuse of discretion. *MLC Automotive, LLC v. Town of Southern*

*Pines*, 532 F.3d 269, 277 (4th Cir. 2008). A ruling based upon an erroneous legal premise constitutes an abuse of discretion.

This appeal concerns the Bankruptcy Court's denial of Rule 60 relief, not unrestricted direct review of the Settlement Order.

## STATEMENT OF THE CASE

### A. Serv Trust and its Goldsboro interest

Serv Trust was established in 2010 by Joan Conlen Myers for the benefit of Myers's five children. Its governing agreement identifies Joan Myers as settlor, identifies the beneficiaries, expressly provides that the trust is irrevocable, and contains spendthrift provisions. Main Bankruptcy Case Dkt. No. 1006-3.

Myers was neither the settlor nor a beneficiary. He formerly served as a trustee and resigned from that capacity in 2022. Daniel Ring became the sole trustee.

Serv Trust holds the Class B membership interest, representing 50% of the membership interests, in 6789 Goldsboro LLC ("Goldsboro").

In September 2018, Bankruptcy Judge Wendelin Lipp recognized that Serv Trust had been established by Myers's mother for his children and that Serv Trust held the 50% Goldsboro interest. See Adv. No. 17-00193, Dkt. Nos. 93–94.

Serv Trust's membership interest is distinct from property owned by Goldsboro itself. *Kreisler v. Goldberg*, 478 F.3d 209, 214–15 (4th Cir. 2007).

Neither Serv Trust nor Goldsboro is a debtor in Myers's bankruptcy case.

**B. The Maryland litigation remained pending following the January 2023 proceedings.**

The King Parties brought an action in the Circuit Court for Montgomery County, Maryland, Case No. 436977-V, concerning alleged redemption rights associated with Serv Trust's Goldsboro membership interest.

A related action brought by Goldsboro, Case No. 451611-V, was consolidated with the King litigation.

In 2019, the King Parties amended their complaint to assert an alter-ego declaratory claim involving Serv Trust and Myers.

By December 2022, Myers was protected by the automatic stay arising from his Florida Chapter 13 bankruptcy case. The Florida Bankruptcy Court's June 28, 2022 stay-relief order expressly preserved the stay as to claims against Myers individually.

At the December 16, 2022 pretrial hearing, Judge David Lease expressly distinguished the claims proceeding against Serv Trust from the stayed claims against Myers. Lease stated that Myers would not participate in the trial, that no resulting adjudication would impose liability upon Myers, and that neither res judicata nor collateral estoppel would apply against him.

At the January 3, 2023 trial, Lease further recognized that unresolved claims and parties prevented entry of a final judgment.

On January 12, 2023, Judge Lease entered an instrument titled "Order Entering Partial Judgment and Stay," which stayed the remaining proceedings. No certification of final judgment was entered under Maryland Rule 2-602(b).

**C. The King Parties, Goldsboro, and Schlossberg acknowledged nonfinality before the Appellate Court of Maryland.**

On April 28, 2023, the King Parties, through Maurice B. VerStandig, filed an Opposition to Emergency Motion for Stay Pending Appeal in the Appellate Court of Maryland, No. ACM-REG-1876-2022.

The King Parties expressly represented that the January 12 order was nonfinal and that multiple claims remained unresolved.

On May 1, 2023, Goldsboro expressly adopted the King Parties' opposition.

On May 3, 2023, Schlossberg expressly adopted both oppositions and independently characterized Myers's appeal as interlocutory.

Those representations concerned the same January 12 order later invoked as the basis for administering Serv Trust's assets in Myers's bankruptcy.

**D. The Bankruptcy Court subsequently authorized settlement procedures and the King Parties filed an adversary proceeding.**

On December 11, 2023, the Bankruptcy Court entered Main Case Dkt. No. 1029 authorizing procedures for resolving the King dispute.

The order contemplated settlement negotiations and, if necessary, a separate adversary proceeding. It described those procedures as proceeding "in lieu of removal" of the remaining state-court dispute.

The King Parties subsequently filed Adversary Proceeding No. 24-00007 against Schlossberg. The complaint concerned alleged redemption rights associated with Serv Trust's Goldsboro membership interest.

The King Parties also filed three proofs of claim, Claims 21-1, 22-1, and 23-1, each asserting $0. Myers timely objected.

Schlossberg thereafter sought approval of a proposed Rule 9019 settlement for $150,000.

Schlossberg did not commence an adversary proceeding against Serv Trust, its current trustee, its beneficiaries, or Goldsboro to determine estate ownership of Serv Trust's membership interest.

**E. The Bankruptcy Court approved the settlement without adjudicating estate ownership.**

The Bankruptcy Court conducted an evidentiary hearing on June 30 and July 1, 2025.

Schlossberg admitted that he had never commenced an action against Serv Trust to bring its property into Myers's bankruptcy estate. He also acknowledged that he could not enter an agreement binding non-estate property.

Judge Maria Ellena Chavez-Ruark expressly declined to determine whether Serv Trust's assets constituted property of the bankruptcy estate.

On July 3, 2025, the Bankruptcy Court approved the settlement. Adv. Dkt. No. 61.

The order authorized a transfer of whatever right, title, and interest the Trustee, Myers, and Myers's estate possessed in membership interests in or property of Goldsboro.

On August 5, 2025, the King Parties and Schlossberg filed a stipulation dismissing the adversary proceeding with prejudice. Adv. Dkt. No. 100.

**F. The June 3, 2026 Opinion and subsequent Rule 60 proceedings**

On June 3, 2026, this Court issued a Memorandum Opinion and Order affirming the Settlement Order and related bankruptcy rulings in consolidated appeals. D. Md. No. 8:25-cv-02103-TDC, ECF Nos. 41–42.

The Opinion treated the January 12 Maryland order as a final judgment and concluded that Serv Trust's assets had become property of Myers's bankruptcy estate.

It alternatively reasoned that the Settlement Order transferred only whatever interest the Trustee, Myers, or estate actually possessed.

On July 2, 2026, Myers filed the Rule 60 Motion, Adv. Dkt. No. 144.

On July 7, 2026, Ruark denied the motion, citing the withdrawal of the King proofs of claim, the July 3 claim-objection ruling, and the District Court's June 3 Opinion. Adv. Dkt. No. 146.

This appeal followed.

**G. Related appellate proceedings**

Civil Action No. 8:26-cv-02865-TDC separately concerns the denial of Rule 60 relief from the July 3, 2025 Claim-Objection Order.

Civil Action No. 8:26-cv-02175-TDC concerns the May 26, 2026 denial of protective relief directed to six April 15, 2026 orders entered in the same adversary proceeding.

On September 24, 2026, the Fourth Circuit procedurally dismissed consolidated Appeals Nos. 26-1894, 26-1899, and 26-1901 after striking Myers's informal opening brief. The mandate was recalled October 9 for consideration of a timely rehearing petition, which was denied October 20. The Fourth Circuit issued no merits opinion concerning the Settlement Order or ownership of Serv Trust's assets.

Myers separately maintains that the notices of appeal timely delivered on July 8, 2026 for District Court Nos. 25-2337 and 25-2635 remain undocketed and untransmitted. His September 22 motion seeking performance of the clerk's ministerial filing and transmission duties was docketed in No. 25-2103 as ECF No.

62. Myers preserves the position that those separate appeals remain pending and have not been adjudicated.

The present appeal independently concerns the Bankruptcy Court's July 7, 2026 Rule 60 Order.

**H. Myers has a direct appellate stake in the Rule 60 Order.**

Myers personally filed and prosecuted the Rule 60 Motion and participated in the underlying settlement proceedings.

The Settlement Order expressly identifies "the Debtor" among the transferors of the interests approved for transfer. Adv. Dkt. No. 61 at 1.

The underlying rulings also attribute ownership of Serv Trust's property to Myers's bankruptcy estate and directly concern Myers's rights and obligations in that bankruptcy proceeding.

Relief from the Settlement Order would redress the asserted impairment of Myers's rights by eliminating or limiting the order's effect upon property and interests attributed to him and his estate.

In *Trantham v. Tate*, 112 F.4th 223 (4th Cir. 2024), the Fourth Circuit recognized that a debtor directly affected by a bankruptcy order may establish appellate standing through the concrete impairment of personal rights or interests. Although *Trantham* arose in a Chapter 13 proceeding, its analysis confirms that the inquiry focuses upon the actual effect of the challenged order upon the appellant.

Myers's injury is direct and distinct from the independent rights held by Serv Trust's trustee and beneficiaries.

## SUMMARY OF ARGUMENT

The Bankruptcy Court approved a settlement concerning alleged rights in property owned by Serv Trust, a nondebtor Maryland trust, without obtaining an adjudication establishing that those rights belonged to Myers's bankruptcy estate.

The asserted jurisdictional foundation was an interlocutory order entered by Judge Lease in the still-pending Montgomery County litigation.

The limitation of that order is established by the issuing judge. On December 16, 2022, Lease expressly stated that Myers was stayed and excluded from trial, that any claims pursued against Myers would require separate adjudication, and that neither res judicata nor collateral estoppel would apply against him.

On January 3, 2023, Lease stated that no final judgment could result from the proceedings.

The King Parties subsequently represented to the Appellate Court of Maryland that the January 12 order was nonfinal and that unresolved claims remained in both consolidated cases. Goldsboro and Schlossberg expressly adopted those representations.

Maryland Rule 2-602 and *Carver v. RBS Citizens, N.A.*, 462 Md. 626 (2019), establish the governing consequence: the January 12 order is interlocutory

and does not constitute a final adjudication of Myers's rights or ownership of Serv Trust's assets by the bankruptcy estate.

The Bankruptcy Court never independently determined that Serv Trust's Goldsboro interest belonged to Myers's estate. Schlossberg admitted that he commenced no action against Serv Trust to recover its property. Ruark expressly declined to decide ownership, while recognizing that the estate's interest could be zero.

Neither § 541 nor Rule 9019 authorizes a bankruptcy trustee to administer property belonging to a nondebtor. Maryland trust law separately protects trust property from the personal obligations and bankruptcy of a person serving as trustee. Md. Code Ann., Est. & Trusts § 14.5-509.

The District Court's June 3 Opinion cannot transform Maryland's interlocutory order into a final judgment or create an estate-property interest. Its alternative "whatever interest" rationale likewise cannot authorize a transfer or extinguishment of rights the estate never possessed.

The July 7 Rule 60 Order did not resolve these independent jurisdictional and due-process grounds. Its reliance upon withdrawal of the King claims and prior appellate affirmance did not determine the limits of the Bankruptcy Court's authority over non-estate property.

The order should be reversed, and the Settlement Order vacated to the extent it purports to affect Serv Trust's non-estate property or bind absent nonparties. Alternatively, remand is required for consideration under the governing Rule 60 standards.

## ARGUMENT

### I. JUDGE LEASE EXCLUDED MYERS FROM THE JANUARY 2023 TRIAL AND RECOGNIZED THAT NO FINAL JUDGMENT COULD RESULT; THE KING PARTIES, GOLDSBORO, AND SCHLOSSBERG ACKNOWLEDGED NONFINALITY.

#### A. On December 16, 2022, Judge Lease expressly ruled that the upcoming proceedings would not adjudicate Myers's rights and would have no res judicata or collateral-estoppel effect against him.

At the December 16, 2022 pretrial hearing, Judge Lease expressly recognized that the claims against Myers were stayed and that the January trial would proceed against Serv Trust.

When Myers objected that the proceedings might affect his individual rights, Lease explained:

"they would have to prove those counts against you in a separate trial"

and:

"there would not be any collateral estoppel or res judicata"

because Myers had been excluded from participation. Tr. Dec. 16, 2022, at 7:11–15; Adv. Dkt. No. 22-1.

Lease further stated:

"There would not be a ruling that would impose liability on you."

*Id.* at 7:18–20.

He explained that any subsequent proceeding against Myers would require the plaintiffs to retry their claims without relying upon the prior Serv Trust proceeding. *Id.* at 7:18–24, 10:15–21.

Lease reiterated the rule at transcript page 11:

"collateral estoppel, res judicata would not apply to you"

because Myers had not enjoyed:

"a meaningful opportunity to participate in the trial"

*Id.* at 11:4–15.

These statements established the express procedural limits under which the January 3 proceedings were conducted.

Myers was excluded from trial because of the Florida automatic stay. His rights were not submitted for adjudication. Judge Lease expressly ruled that the proceedings would have no claim-preclusive or issue-preclusive effect against him.

The subsequent proceedings against Serv Trust did not adjudicate Myers's personal rights.

**B. On January 3, 2023, Judge Lease expressly stated that no final judgment could result.**

At the outset of the January 3 trial, Judge Lease considered the effect of unresolved claims and parties, including the *Frow* doctrine.

He stated:

"anything that I do today in essence necessarily would be nonfinal"

because the court was not adjudicating all claims against all parties. Tr. Jan. 3, 2023, at 8:6–10; Adv. Dkt. No. 50.

Lease then stated:

"So we don't have a final judgment today under any circumstance."

*Id.* at 8:10–11.

The court's January 12 order reflected that limitation on its face. It was titled "Order Entering Partial Judgment and Stay" and expressly stayed the remaining proceedings.

No written Rule 2-602(b) certification of final judgment was entered.

The claims against Myers remained unresolved.

**C. The King Parties expressly represented to the Appellate Court of Maryland that the January 12 order was nonfinal.**

On April 28, 2023, the King Parties filed their Opposition to Emergency Motion for Stay Pending Appeal in the Appellate Court of Maryland, No. ACM-REG-1876-2022.

Under the heading "Argument: There is No Appellate Jurisdiction," counsel Maurice B. VerStandig expressly represented:

> "the order from which Mr. Myers instantly seeks a stay is, by its own express terms, non-final."

King Parties' Opposition at 4 (Apr. 28, 2023); Adv. Dkt. No. 19-4.

VerStandig further acknowledged that the order did not resolve the remaining triable issues and that at least three causes of action had not been adjudicated. *Id.* at 4–5.

Footnote 2 is particularly significant:

"there remain unresolved causes of action in both cases that were consolidated below"

and:

"there does not exist a final order in either case"

even if the actions were considered separately. *Id.* at 5 n.2.

VerStandig subsequently reiterated:

"there is not yet a final order in this case"

and that the record remained incomplete. *Id.* at 6.

The King Parties therefore expressly acknowledged that further adjudication in Montgomery County remained necessary before a final judgment existed.

**D. Goldsboro and Schlossberg expressly adopted the King Parties' representations.**

On May 1, 2023, Goldsboro filed its own opposition before the Appellate Court of Maryland, expressly adopting the King Parties' April 28 opposition. Goldsboro Opposition at 1, ¶ 1 (May 1, 2023).

On May 3, 2023, Schlossberg, through Frank Mastro, filed the Trustee's Opposition to Appellant's Emergency Motion for Stay Pending Appeal.

Paragraph 1 expressly adopted and incorporated the King Parties' April 28 opposition.

Paragraph 2 separately adopted and incorporated Goldsboro's May 1 opposition.

Schlossberg additionally described Myers's appeal as a:

"premature interlocutory appeal."

Trustee's Opposition at 2, ¶ 3 (May 3, 2023).

Accordingly, **the King Parties, Goldsboro, and Schlossberg each formally adopted the position that the January 12 order was interlocutory.**

Their representations corroborate Judge Lease's statements concerning nonfinality and the absence of a completed adjudication in the Maryland litigation.

At the July 1, 2025 settlement hearing, VerStandig additionally acknowledged:

"There is no dispute that that case, meaning the Goldsboro case against Mr. Myers, is not concluded."

Tr. July 1, 2025, at 160:15–21.

Thus, the unresolved status of the Goldsboro litigation against Myers was expressly acknowledged more than two years after the January 12 order.

The King Parties' opposition is reproduced in Adv. Dkt. No. 19-4. The Goldsboro and Trustee oppositions are filings in the same publicly docketed ACM proceeding. Myers requests judicial notice of their existence and the positions formally asserted therein, not the truth of disputed factual allegations contained in those filings.

**E. Maryland Rule 2-602 and controlling Maryland authority establish the January 12 order's interlocutory character.**

Maryland Rule 2-602(a) governs orders adjudicating fewer than all claims or parties.

It expressly provides that, absent the certification authorized by subsection (b), such an order:

1. "is not a final judgment";
2. "does not terminate the action as to any of the claims or any of the parties"; and
3. "is subject to revision at any time" before entry of a judgment adjudicating all claims by and against all parties.

The January 12 order did not adjudicate all claims or parties and contained no certification satisfying Rule 2-602(b).

In *Carver v. RBS Citizens, N.A.*, 462 Md. 626 (2019), Maryland's highest court reaffirmed that finality requires adjudication of all claims and parties absent

proper certification. Entry under Rule 2-601 is a separate requirement; docket entry does not supply missing finality.

See also *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41–44 (1989); *Gertz v. Anne Arundel County*, 339 Md. 261, 272–74 (1995).

Maryland law likewise recognizes the significance of consolidated actions when assessing whether unresolved claims prevent finality. See *Waterkeeper Alliance, Inc. v. Maryland Department of Agriculture*, 439 Md. 262, 281–94 (2014).

Claim and issue preclusion separately require satisfaction of the applicable Maryland requirements, including the rights of the person against whom preclusion is sought. See *Colandrea v. Wilde Lake Community Ass'n*, 361 Md. 371, 387–92 (2000); *National Union Fire Insurance Co. v. Fund for Animals, Inc.*, 451 Md. 431, 463–64 (2017).

Here the defect is direct: Judge Lease expressly stated that the proceeding would not bind Myers, that the claims against him would have to be tried separately, and that no final judgment could result.

**The January 12 order is interlocutory. It adjudicated none of Myers's rights. It did not establish ownership of Serv Trust's assets by Myers's bankruptcy estate.**

The pending Montgomery County litigation cannot be replaced with a bankruptcy estate-property adjudication through subsequent characterization of that interlocutory order.

## II. NEITHER MARYLAND LAW NOR 11 U.S.C. § 541 MADE SERV TRUST PROPERTY PROPERTY OF MYERS'S BANKRUPTCY ESTATE.

### A. Maryland law distinguishes property held in trust from the personal property of a trustee.

Serv Trust was created by Joan Conlen Myers for the benefit of her descendants. Myers was not its settlor or a beneficiary. He formerly acted solely in a fiduciary capacity.

Maryland law expressly provides:

> "Trust property is not subject to personal obligations of the trustee of the trust, even if the trustee becomes insolvent or bankrupt."

Md. Code Ann., Est. & Trusts § 14.5-509.

That statutory protection directly distinguishes Myers's personal bankruptcy estate from property belonging to Serv Trust.

The governing trust instrument identifies the settlor, beneficiaries, fiduciary powers, irrevocability, and spendthrift restrictions. Main Case Dkt. No. 1006-3.

Maryland trust law recognizes the rights and interests established by the settlor and does not convert trust corpus into a trustee's personal property merely

because the trustee encounters financial difficulties. See *Vito v. Grueff*, 453 Md. 88 (2017); *Duvall v. McGee*, 375 Md. 476 (2003).

**B. Section 541 brings into the estate only property interests belonging to the debtor.**

Section 541(a)(1) includes legal or equitable interests of the debtor in property as of commencement of the bankruptcy case.

State law defines the underlying property interests. *Butner v. United States*, 440 U.S. 48, 54–55 (1979).

Section 541(b)(1) excludes specified powers exercisable solely for another's benefit. Section 541(d) limits the estate's interest where the debtor possesses legal title without the corresponding equitable interest.

The Fourth Circuit has recognized the distinction between property held by a debtor for another and property available for administration as the debtor's own estate property. See *Mid-Atlantic Supply, Inc. v. Three Rivers Aluminum Co.*, 790 F.2d 1121, 1124–26 (4th Cir. 1986); *In re Dameron*, 155 F.3d 718, 721–23 (4th Cir. 1998).

In *Rutherford Hospital, Inc. v. RNH Partnership*, 168 F.3d 693, 699 (4th Cir. 1999), the Court stated:

> "The estate under § 541(a) succeeds only to those interests that the debtor had in property prior to commencement of the bankruptcy case."

The Court further recognized that a bankruptcy court's jurisdiction over estate property does not extend to property belonging outside the estate. *Id.*

**Serv Trust and its property are not property of Myers's bankruptcy estate merely because Myers formerly served as a fiduciary trustee.**

Serv Trust holds the Class B membership interest in Goldsboro. Goldsboro separately owns its assets. *Kreisler*, 478 F.3d at 214–15.

Neither § 541 nor Rule 9019 transfers those nondebtor rights to Schlossberg.

**C. Schlossberg admitted he never commenced an action against Serv Trust to recover its property.**

At the June 30, 2025 evidentiary hearing, Schlossberg testified that he had never filed an adversary proceeding against Serv Trust.

Asked whether he had ever filed an action against Serv Trust, he answered:

"I've never filed any action against Serv Trust."

Tr. June 30, 2025, at 84:13–25.

Schlossberg further admitted:

"I cannot enter into an agreement binding nonestate property."

*Id.* at 88:8–14.

No Trustee-filed action sought recovery of Serv Trust's membership interest. No ownership judgment entered against Serv Trust, its current trustee, or its beneficiaries. No judgment established a transfer of Serv Trust's Goldsboro interest into Myers's bankruptcy estate.

The Trustee therefore possessed no adjudicated ownership of Serv Trust's property to administer, sell, redeem, or compromise.

Rule 9019 did not supply the missing estate-ownership adjudication.

## III. THE BANKRUPTCY COURT APPROVED THE SETTLEMENT WITHOUT DETERMINING ESTATE OWNERSHIP OR ADJUDICATING NONPARTY PROPERTY RIGHTS.

### A. Ruark expressly declined to determine whether Serv Trust's property belonged to the estate.

The Bankruptcy Court's own statements establish the scope of the proceedings.

At the July 1, 2025 hearing, Ruark stated:

"I have not been asked to determine whether the bankruptcy estate has rights."

Tr. July 1, 2025, at 116:9–15.

She further acknowledged that the estate might possess no rights at all.

When Myers asked whether the estate's interest could be zero, Ruark answered:

"it could be a zero."

*Id.* at 118:3–17.

Ruark then expressly stated:

"I'm not saying whether Serv Trust's assets are or are not property of the estate"

and that she did not have to determine that question. *Id.* at 119:5–9.

The July 3 oral ruling confirmed the same limitation. Ruark stated that the Trustee and King Parties were not asking her to determine whether Serv Trust's assets were estate property or whether Schlossberg possessed authority to administer them. Tr. July 3, 2025, at 15:1–8.

**The Bankruptcy Court therefore never adjudicated that Serv Trust's property was property of Myers's estate.**

Nevertheless, it approved a settlement concerning rights associated with Serv Trust's Goldsboro membership interest.

**B. Rule 9019 did not adjudicate estate ownership.**

Federal Rule of Bankruptcy Procedure 9019 permits a bankruptcy court to approve a compromise within the Trustee's lawful authority.

It does not expand § 541, vest nondebtor property in the estate, or create substantive rights that neither the debtor nor estate possessed.

Congress expressly provides that the Bankruptcy Rules may not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075.

See *Law v. Siegel*, 571 U.S. 415, 421 (2014); *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

A trustee may settle a disputed estate claim without first obtaining a merits judgment resolving every underlying question. But approval of such a settlement

does not adjudicate title to independent nondebtor property or authorize transfer of rights outside the trustee's authority.

Here, the disputed membership interest belongs to Serv Trust. The Trustee had not recovered it. Ruark had not determined that the estate owned it. Judge Lease's interlocutory state order adjudicated no estate ownership and none of Myers's rights.

The settlement approval could not create the missing estate interest.

**C. The King adversary proceeding did not place Serv Trust's independent property rights before the Bankruptcy Court.**

Adversary Proceeding No. 24-00007 was filed by the King Parties against Schlossberg.

Serv Trust was not a plaintiff or defendant.

Daniel Ring, the current trustee of Serv Trust, was not made a defendant in a proceeding seeking adjudication of the trust's property rights.

Serv Trust's beneficiaries were not made parties.

Goldsboro was not made a defendant in a proceeding adjudicating ownership of its property.

Myers was not named as a defendant.

Bankruptcy Rule 7001(a), (b), and (i) identifies adversary proceedings involving recovery of property, determination of interests in property, and related declaratory relief.

Those procedures provide the complaint, service, joinder, discovery, and opportunity to litigate required before the property rights of absent persons may be adjudicated.

The Fourth Circuit has emphasized the safeguards applicable when bankruptcy proceedings affect independently held property rights. *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92–93 (4th Cir. 1995).

The Supreme Court has likewise reaffirmed the general due-process rule against binding persons through litigation in which they were neither made parties nor adequately represented under a recognized exception. *Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008).

The Trustee's participation in the King adversary did not make him the representative of Serv Trust or its beneficiaries.

**D. The Bankruptcy Court's July 3 oral ruling went beyond approving an unidentified estate interest.**

The distinction between an estate-interest compromise and a determination of nonparty rights is demonstrated by the record.

Despite expressly declining to determine estate ownership, Ruark stated in her July 3 oral ruling that Serv Trust's beneficiaries were:

"no longer beneficiaries of Serv Trust"

because of the alter-ego order. Tr. July 3, 2025, at 35:1–16.

That pronouncement concerned substantive rights of persons who were not parties to the adversary proceeding and were not represented by Schlossberg.

Ruark relied upon that supposed extinguishment of beneficiary status when rejecting objections based upon the absence of necessary parties.

The Bankruptcy Court thus assumed a change in substantive ownership and beneficial interests to excuse the absence of the persons whose rights were implicated.

That is the fundamental due-process defect presented under Rule 60(b)(4).

## IV. CHUANG'S JUNE 3 OPINION CANNOT TRANSFORM THE INTERLOCUTORY MARYLAND ORDER INTO A FINAL ESTATE-PROPERTY JUDGMENT.

### A. Maryland Rule 2-601 did not make the January 12 order final.

The June 3 Memorandum Opinion treated Judge Lease's January 12 order as final. Mem. Op. June 3, 2026, at 13–14.

It relied upon entry of the order under Maryland Rule 2-601, the absence of a stay pending appeal, and subsequent Maryland appellate proceedings.

Maryland Rule 2-602 governs finality. Rule 2-601 governs entry.

As *Carver* establishes, entry does not eliminate unresolved claims or parties that prevent finality under Rule 2-602.

Judge Lease expressly recognized that no final judgment could result from the January 3 proceeding. The King Parties, Goldsboro, and Schlossberg subsequently acknowledged that the January 12 order was nonfinal.

Moreover, the record establishes that claims against Myers and the consolidated Goldsboro litigation remained unresolved.

The January 12 order remained interlocutory under Maryland law.

Its characterization in the June 3 Opinion cannot change the status of the Montgomery County proceedings, adjudicate Myers's rights, or vest Serv Trust's property in Myers's estate.

**B. The June 3 Opinion could not supply an estate-ownership determination never entered by the Bankruptcy Court.**

The June 3 Opinion concluded that Serv Trust's assets were property of Myers's bankruptcy estate by virtue of the January 12 order. Mem. Op. at 13–14.

But Judge Lease expressly excluded Myers from trial and ruled that neither res judicata nor collateral estoppel would apply against him.

No final Maryland judgment adjudicated Myers's rights or ownership of Serv Trust's assets by his bankruptcy estate.

Ruark likewise expressly declined to decide estate ownership.

The District Court's June 3 Opinion cannot serve as a substitute for an adjudication of affected property rights in a proceeding possessing the necessary jurisdiction over those rights and parties.

**C. The alternative "whatever interest" rationale does not establish title to Serv Trust's property.**

The June 3 Opinion alternatively reasoned that the Settlement Order was permissible because it conveyed only whatever interest the Trustee, Myers, or bankruptcy estate possessed. Mem. Op. at 14–15.

The operative Settlement Order describes:

> "the transfer by the Trustee to the King Parties of all of the right, title and interest of the Trustee, the Debtor and the bankruptcy estate"

in membership interests in or property of Goldsboro. Adv. Dkt. No. 61 at 1.

Serv Trust—the holder of the Class B membership interest—is absent from the identified transferors.

The Trustee, debtor, and bankruptcy estate cannot convey property owned by Serv Trust unless those rights first became property of the estate under applicable law.

Under *Rutherford*, the transfer conveys only property interests the transferors possessed.

**An estate holding no interest in Serv Trust's Goldsboro membership transfers no interest in that membership through the Settlement Order.**

Nor does ownership of an LLC membership interest confer ownership of the LLC's underlying assets. *Kreisler*, 478 F.3d at 214–15.

The alternative rationale therefore supplies no basis to extinguish Serv Trust's membership rights, eliminate its beneficiaries' interests, determine Goldsboro's governance, or transfer Goldsboro's own property.

The Settlement Order cannot be used to bind non-estate rights or supply an estate-ownership adjudication that never occurred.

**D. The Fourth Circuit's procedural dismissal did not decide estate ownership.**

The Fourth Circuit's September 24, 2026 dismissal, followed by its October 20 denial of rehearing, contained no merits ruling concerning the January 12 Maryland order, § 541, Serv Trust's ownership, or the Settlement Order.

That procedural disposition supplied no independent determination that Serv Trust's property belonged to Myers's bankruptcy estate.

Myers additionally preserves the unresolved docketing and transmission dispute concerning the July 8 notices delivered for District Court Nos. 25-2337 and 25-2635.

The Rule 60 Motion was filed July 2, 2026 and denied July 7, before the Fourth Circuit's procedural dismissal.

The present appeal independently challenges that denial under the standards governing Rule 60.

## V. THE JULY 7 RULE 60 DENIAL FAILED TO RESOLVE THE INDEPENDENT JURISDICTIONAL AND DUE-PROCESS GROUNDS.

### A. The Bankruptcy Court's stated reasons did not resolve the motion.

Adv. Dkt. No. 144 challenged the Settlement Order under Rule 60(b)(1)–(6), Bankruptcy Rule 9024, and the alternative indicative-ruling procedure under Bankruptcy Rule 8008.

The motion raised defects concerning estate-property jurisdiction, Maryland nonfinality, the Florida automatic stay, federal removal, absence of necessary parties, nonparty due process, standing, and the Rule 9019 settlement structure.

The July 7 Rule 60 Order denied relief principally because the timing of withdrawal of the King Parties' proofs of claim did not change the result and the Settlement Order previously had been affirmed. Adv. Dkt. No. 146.

Neither ground adjudicated whether the Settlement Order exceeded the Bankruptcy Court's authority over estate property or purported to bind absent nonparties without constitutionally sufficient process.

The denial therefore rested upon grounds that did not resolve the independent Rule 60(b)(4) challenge.

### B. Prior appellate review did not eliminate the Bankruptcy Court's authority to consider Rule 60 relief.

In *Standard Oil Co. of California v. United States*, 429 U.S. 17, 17–19 (1976), the Supreme Court held that a trial court may entertain a Rule 60(b) motion following appellate review without first obtaining leave from the appellate court.

The appellate mandate does not adjudicate every independently cognizable basis for later Rule 60 relief. *Id.*

The Fourth Circuit recognizes appropriate consideration of Rule 60 motions while an appeal is pending. *Fobian v. Storage Technology Corp.*, 164 F.3d 887, 890–91 (4th Cir. 1999).

Rule 60 supplies an independent procedure for relief from judgments affected by the defects enumerated in the Rule.

The July 7 Order did not determine the Rule 60 grounds under their governing standards merely by observing that a prior appeal had resulted in affirmance.

**C. Rule 60(b)(1) encompasses judicial mistakes of law.**

In *Kemp v. United States*, 596 U.S. 528, 533–39 (2022), the Supreme Court held that a judge's error of law is a "mistake" within Rule 60(b)(1).

The Settlement Order was entered July 3, 2025. Myers filed Adv. Dkt. No. 144 on July 2, 2026, within the one-year period specified by Rule 60(c)(1).

The Rule 60 Motion challenged the legal premise that Rule 9019 approval could accomplish a disposition of rights belonging to a nondebtor trust without establishing estate ownership or jurisdiction over the actual rights holders.

That premise implicates § 541, Maryland trust law, Rule 7001, and the Bankruptcy Court's authority over property beyond the estate.

The Bankruptcy Court was required to evaluate the asserted mistake under the applicable Rule 60(b)(1) standard.

**D. Rule 60(b)(4) supplies an independent jurisdictional and due-process basis for relief.**

Rule 60(b)(4) authorizes relief from a void judgment.

In *Wendt v. Leonard*, 431 F.3d 410, 412–13 (4th Cir. 2005), the Fourth Circuit recognized that Rule 60(b)(4) addresses fundamental jurisdictional defects, rather than ordinary legal error.

The Supreme Court likewise recognized that a judgment is void when the issuing court acts without the necessary jurisdiction or deprives affected persons of constitutionally required notice and opportunity to be heard. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–72 (2010).

The defect here concerns the Bankruptcy Court's purported exercise of authority over identified non-estate property and the independent rights of nondebtor persons who were not parties to an ownership adjudication.

Ruark expressly declined to determine estate ownership, yet declared that Serv Trust's beneficiaries were no longer beneficiaries. Tr. July 3, 2025, at 35:1–16.

Neither the Trustee's participation in the King adversary nor Rule 9019 supplied authority to extinguish those independent property rights.

The Bankruptcy Court was not adjudicating a dispute in which Serv Trust, its current trustee, its beneficiaries, and Goldsboro had been brought before the court for determination of their rights.

The missing adversary process matters because of the substantive rights purportedly affected, not merely because a procedural rule was omitted.

Under *Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008), persons whose rights were not litigated through constitutionally sufficient process ordinarily cannot be bound by the resulting judgment.

The Settlement Order is void under Rule 60(b)(4) to the extent it purports to adjudicate, transfer, extinguish, or bind actual non-estate property or rights of persons beyond the Bankruptcy Court's jurisdiction.

At minimum, the July 7 denial must be vacated because its stated grounds did not resolve the fundamental jurisdictional and due-process challenge presented.

## VI. THE ADDITIONAL PRESERVED RULE 60 GROUNDS REQUIRED CONSIDERATION.

### A. The Florida automatic stay separately prohibited adjudication of claims against Myers individually.

The Florida Bankruptcy Court's June 28, 2022 stay-relief order expressly preserved the automatic stay as to claims against Myers individually.

The Maryland January 3 proceeding occurred under Judge Lease's express understanding that Myers was stayed and excluded from trial.

That limitation cannot be disregarded when evaluating the effect subsequently attributed to the January 12 order.

The King Parties had previously argued in the Maryland litigation that Myers was the "one real defendant" and that an alter-ego determination affecting Myers during an applicable bankruptcy stay would violate § 362(a)(1).

See King Parties' March 2019 Motion to Stay, Adv. Dkt. No. 19-1.

Judge Lease permitted the January 3 proceeding to go forward on the express basis that Myers would not be bound.

Subsequent use of that proceeding to establish ownership of Serv Trust's property by Myers's bankruptcy estate was inconsistent with that limitation.

Acts taken in violation of an applicable automatic stay are subject to the consequences established by controlling bankruptcy law. See *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982); *Albany Partners, Ltd. v. Westbrook*, 749 F.2d 670, 675 (11th Cir. 1984).

Adv. Dkt. No. 144 preserved this ground for relief.

**B. The January 2023 removal and remand sequence presented an additional jurisdictional issue.**

On December 30, 2022, the consolidated Maryland litigation was removed to the United States Bankruptcy Court for the Middle District of Florida.

On January 3, 2023, Judge Delano entered an emergency remand order. Myers filed a notice of appeal before Judge Lease commenced the Maryland trial.

The federal proceedings continued thereafter. Judge Delano acknowledged the appeal and established a Rule 8009 record-designation deadline. In a January 31 order, she stated that she then exercised discretion to relinquish jurisdiction over the removed action.

The Fourth Circuit has distinguished entry of a remand order from completion of the jurisdictional transfer back to state court where the governing statute requires transmission and appellate review intervenes. *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 268–72 (4th Cir. 2025).

The Rule 60 Motion preserved the resulting question concerning the January 3 trial and January 12 order.

The January 2023 Maryland proceeding cannot be treated as an unquestioned federal estate-property predicate without accounting for that removal and appeal sequence.

**C. Rules 60(b)(2), (3), (5), and (6) were separately invoked.**

Adv. Dkt. No. 144 invoked Rule 60(b)(2) based upon newly discovered or newly confirmed evidence concerning conflicts of interest and the integrity of the King/Goldsboro settlement proceedings.

The motion invoked Rule 60(b)(3) based upon alleged misrepresentation, misconduct, and material omissions concerning the state-court predicate, the

claimed estate-property status of Serv Trust, the adversary proceeding, and the settlement structure.

The motion further invoked Rule 60(b)(5), preserving challenges concerning its alleged predicate failure and continued prospective operation, and Rule 60(b)(6), preserving extraordinary circumstances independent of the grounds enumerated in Rule 60(b)(1)–(5).

Rule 60(b)(6) requires extraordinary circumstances. *Aikens v. Ingram*, 652 F.3d 496, 500–01 (4th Cir. 2011) (en banc).

Rule 60(b)(5) requires satisfaction of one of its specified grounds, including a qualifying reversal or vacatur of an earlier judgment or a significant change justifying relief from genuine prospective application. *Horne v. Flores*, 557 U.S. 433, 447–50 (2009).

The Rule 60 Motion raised these issues as separate grounds. The July 7 denial did not determine whether the evidence and circumstances satisfied their respective standards.

They remain preserved for consideration under the governing requirements.

**D. The King proofs of claim did not supply missing ownership or jurisdiction.**

The King Parties filed three proofs of claim for $0, tethered to the adversary proceeding.

Myers filed objections.

The Bankruptcy Court thereafter relied upon the settlement's contemplated withdrawal of the claims to overrule the objections as moot.

The separate claim-objection appeal, No. 8:26-cv-02865-TDC, presents the validity and treatment of those claims directly.

For purposes of this appeal, neither filing a proof of claim nor withdrawing it created estate ownership of Serv Trust's property.

Rule 9019 could not use those claims as a substitute for § 541, Rule 7001, or jurisdiction over affected nondebtors.

The July 7 reliance upon withdrawal of the King claims therefore did not resolve the Rule 60 attack on the Settlement Order.

**E. Bankruptcy Rule 8008 preserved the procedure for considering Rule 60 relief during an appeal.**

Adv. Dkt. No. 144 alternatively invoked Bankruptcy Rule 8008.

Rule 8008 expressly permitted the Bankruptcy Court to consider and deny the Rule 60 Motion notwithstanding the pendency of an appeal. If it concluded that relief should be granted or that the motion raised a substantial issue, the Rule also supplied the procedure for an indicative ruling.

The pending appeal therefore did not automatically deprive the Bankruptcy Court of authority to address the Rule 60 grounds.

Its decision to deny the motion remained subject to review under the applicable Rule 60 standards.

## CONCLUSION

For the foregoing reasons, Appellant Gregory B. Myers respectfully requests that this Court:

1. **REVERSE or VACATE** the Bankruptcy Court's July 7, 2026 Order, Adv. Dkt. No. 146, denying relief under Rule 60;
2. **HOLD** that the January 12, 2023 Maryland Order Entering Partial Judgment and Stay is interlocutory under Maryland Rule 2-602, adjudicated none of Myers's rights, and did not establish ownership of Serv Trust's property by Myers's bankruptcy estate;
3. **HOLD** that neither Rule 9019 nor 11 U.S.C. § 541 authorized the Trustee to administer, compromise, redeem, or transfer property belonging to Serv Trust absent a legally sufficient basis establishing the estate's ownership and authority over that property;
4. **HOLD** that the Settlement Order does not itself establish ownership of Serv Trust's Goldsboro membership interest by Myers, Schlossberg, or the bankruptcy estate;
5. **HOLD** that the Settlement Order cannot bind, extinguish, redeem, or transfer independent rights of Serv Trust, its current trustee, its beneficiaries, Goldsboro, or other nonparties without jurisdiction and the process required to adjudicate those rights;

6. **VACATE** the Settlement Order under Rule 60(b)(4) to the extent it purports to affect non-estate property or bind nonparties in violation of jurisdictional or constitutional limitations;

7. Alternatively, **REMAND** for the Bankruptcy Court to apply the governing standards to the separate grounds presented under Rule 60(b)(1), (2), (3), (4), (5), and (6), Bankruptcy Rule 9024, and the request under Bankruptcy Rule 8008;

8. Preserve the distinct issues presented in Civil Action Nos. 8:26-cv-02865-TDC and 8:26-cv-02175-TDC and the separate appellate-docketing and transmission issues concerning District Court Nos. 25-2337 and 25-2635; and

9. **GRANT** such other and further relief as is just and proper.

Respectfully submitted,

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with the applicable type-volume requirements of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B) and 8015(h), and the applicable typeface and formatting requirements, and contains 7,280 words, excluding material exempted by the Rule. This Brief has been prepared in 14-point Times New Roman, a proportionally spaced typeface, double-spaced, with one-inch margins.

______________________________
Gregory B. Myers

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2026, I served a true and correct copy of the foregoing Appellant Gregory B. Myers's Opening Brief upon counsel of record for the Appellees by first-class U.S. Mail, postage prepaid, and/or through the Court's electronic filing system where applicable, including:

Roger Schlossberg
Frank J. Mastro
Schlossberg & Mastro
P.O. Box 2017
Hagerstown, MD 21742-2017

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy., Suite 665
Henderson, NV 89012

________________________
Gregory B. Myers